RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JONATHAN M. MORRIS (CA SBN 356152)
jonathanmorris@mofo.com
HOLLY M. PETERSEN (CA SBN 351588)
hollypetersen@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone:    (213) 892-5200
Facsimile:    (213) 892-5454

*Attorneys for Plaintiff*
FIGMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD.,<br><br>　　　　　Defendants. | Case No. 3:24-cv-06507-JD<br><br>**FIGMA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Courtroom:  11<br>Judge:  Hon. James Donato |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Figma, Inc. ("Figma") moves to seal an exhibit that it is filing in support of its Preliminary Injunction Motion. Specifically, Figma seeks to seal Exhibit 1 to the Declaration of Megg Meneguzzi ("Meneguzzi Declaration") and related references to that exhibit in the Declaration of Todd Schoettelkotte ("Schoettelkotte Declaration"). This Motion is supported by Declarations of Megg Meneguzzi in Support of Figma's Administrative Motion to File Under Seal ("Meneguzzi Sealing Declaration") and Jonathan M. Morris in Support of Figma's Administrative Motion to File Under Seal ("Morris Declaration").

Figma submits that the information contained in these materials reflects Figma's highly confidential and proprietary information relating to its research and development expenditures. Disclosure of this non-public information would cause competitive harm by allowing competitors to glean insights into Figma's financial investments.

## I.  LEGAL STANDARD

The "compelling reasons" standard applies to this sealing request. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("compelling reasons must be shown to seal judicial records attached to a dispositive motion") (internal quotations omitted). Courts have found that there are compelling reasons to seal "sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal quotations omitted).

## II.  COMPELLING REASONS EXIST TO SEAL FIGMA'S R&D INFORMATION

Compelling reasons exist to seal portions of Exhibit 1 to the Meneguzzi Declaration and related portions in paragraph 8 of the Schoettelkotte Declaration. The information details Figma's research and development expenditures, which reflect its financial investments and strategic priorities underlying Figma's platform. (Morris Decl. ¶ 3; Meneguzzi Sealing Decl. ¶ 5.)

Figma treats its financial records, including records of its research and development expenditures, as proprietary and highly confidential. (Meneguzzi Sealing Decl. ¶ 5.) Figma has

not publicly disclosed or described this information.  (*Id.*)  Public disclosure of this highly confidential information would allow others to benchmark their expenditures against Figma's actual investments in developing its platform.  (*Id.*)  The confidentiality interests of Figma therefore outweigh the right of public access to the record, as a substantial probability exists that Figma's confidentiality interests will be prejudiced if the information is made public.  (*Id.*)

Sealing is also justified because courts in this district have previously granted motions to file under seal confidential business and financial information, finding compelling reasons to protect such information from disclosure due to the potential of competitive harm.  *See, e.g., Day v. GEICO Cas. Co.,* No. 21-CV-02103-BLF, 2023 WL 6558404, at *2 (N.D. Cal. Sept. 21, 2023) (granting sealing request for confidential business and financial information where disclosure would allow competitors to "obtain a unilateral advantage by learning about GEICO's business operations"); s*ee also Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014) (granting motion to seal financial information under the compelling reasons standard); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (same).

The proposed sealing is narrowly tailored, and no less restrictive means exist to protect Figma's overriding confidentiality interests.

### III.   CONCLUSION

Figma's request is "narrowly tailored to seek sealing only of sealable material," in accordance with Civil Local Rule 79-5(b).

Accordingly, Figma requests that the Court grant its Administrative Motion to Seal.

Dated: January 23, 2025                              MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
    Richard S.J. Hung

*Attorneys for Plaintiff*
FIGMA, INC.