RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JONATHAN M. MORRIS (CA SBN 356152)
jonathanmorris@mofo.com
HOLLY M. PETERSEN (CA SBN 351588)
hollypetersen@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone:   (213) 892-5200
Facsimile:   (213) 892-5454

*Attorneys for Plaintiff*
FIGMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD., <br><br> Defendants. | Case No. 3:24-cv-06507-JD <br><br> **FIGMA'S EXPEDITED DISCOVERY MOTION** <br><br> Date:  February 27, 2025 <br> Time:  10:00am <br> Judge:  Hon. James Donato <br> Courtroom:  11 |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that at 10:00am on February 27, 2025, or as soon as the Honorable Judge James Donato may hear the matter in Courtroom 11, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Figma, Inc. ("Figma") shall and hereby does move the Court for an order compelling Defendants Motiff Pte. Ltd. ("Motiff"), Yuanfudao HK Ltd. ("Yuanfudao"), and Kanyun Holdings Group Co. Ltd. ("Kanyun") to provide limited, expedited discovery concerning their: (i) preparing or reproducing unauthorized copies or derivatives of Figma's flagship product, Figma Design, its accompanying "Dev Mode" feature, and its Help Center documentation; (ii) contributing to the preparation or reproduction of unauthorized copies or derivatives of the same; and (iii) reverse engineering or otherwise misusing the same, as set forth in Figma's Preliminary Injunction Motion.

Figma bases its motion on this Notice of Motion, its Memorandum of Points and Authorities, the Declaration of Richard S.J. Hung in Support of Figma's Preliminary Injunction Motion and exhibits, the attached discovery requests, the record in this matter, and the parties' additional written or oral arguments to the Court.

# RELIEF REQUESTED

Under Rule 26(d) of the Federal Rules of Civil Procedure, Figma requests that this Court order Defendants to respond to Figma's First Set of Interrogatories and First Set of Requests for Production (attached as Exs. A-F) within fourteen (14) days of an order granting this Motion. Figma requests that each entity appear for deposition under Rule 30(b)(6) (notices attached as Exs. G-I) and that Defendants make two witnesses available for deposition. Figma seeks this limited, expedited discovery to support its Preliminary Injunction Motion. This discovery focuses on: (1) how Defendants developed a competing platform, replicating Figma's user interface and key features; and (2) the full scope of irreparable harm to Figma, should Defendants continue to offer their cloned product during this Court's proceedings in this matter.

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................. 2
    A.    Figma & Figma Design ....................................................................................... 2
    B.    The Motiff Entities ............................................................................................. 2
    C.    The Master Services Agreement ........................................................................ 2
    D.    The Motiff Entities Access Figma Design to Launch a Cloned Product ................ 3
    E.    Motiff Launches Its Low-Priced Clone .............................................................. 3
    F.    Motiff's Product Is Not the Result of Honest Labor .......................................... 3
III. ARGUMENT .................................................................................................................. 4
    A.    Expedited Discovery is Necessary to Develop a Complete Record for
        Preliminary Relief .............................................................................................. 5
    B.    Expedited Discovery is Critical to Preserve Evidence ...................................... 6
    C.    The Requested Discovery Will Not Unduly Burden Motiff .............................. 6
IV. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*,
    548 F. Supp. 248 (S.D. Fla. 1982) .................................................................................... 6

*Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*,
    No. 8:16-cv-00969, 2016 WL 3545524 (C.D. Cal. June 28, 2016) ...................................... 5

*N. Atl. Operating Co. v. Evergreen Distribs., LLC*,
    293 F.R.D. 363 (E.D.N.Y. 2013) ......................................................................................... 6

*SATA GmbH & Co. Kg v. Wenzhou New Century Int'l, Ltd.*,
    No. 2:15-cv-08157, 2015 WL 6680807 (C.D. Cal. Oct. 19, 2015) ...................................... 5

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
    208 F.R.D. 273 (N.D. Cal. 2002) ................................................................................... 4, 5

*Stanley Black & Decker, Inc. v. D & L Elite Invs., LLC*
    No. 3:12-cv-04516, 2013 WL 3799583 (N.D. Cal. July 19, 2013) ..................................... 6

*SuccessFactors, Inc. v. Softscape, Inc.*,
    No. 4:08-cv-01376, 2008 WL 686105 (N.D. Cal. Mar. 13, 2008) ...................................... 6

**Statutes**

Fed. R. Civ. P. 26(f) .................................................................................................................. 4

## I.   INTRODUCTION

Figma seeks narrowly tailored expedited discovery in connection with its preliminary injunction motion against Motiff and its affiliates.

Figma's flagship product, Figma Design, is among the most widely used design software platforms in the world. Figma Design reflects over a decade of engineering and development efforts by Figma's talented engineering team.

Defendants have brazenly copied Figma's proprietary product and introduced their own competing version. Before Motiff existed, Yuanfudao entered into a Master Services Agreement ("MSA") with Figma to obtain access to Figma's proprietary software. Yuanfudao shared its access to Figma Design with Kanyun, which in turn produced a cloned product. Kanyun then created and incorporated Motiff to market and sell the cloned product. Defendants cannot plausibly deny the wholesale copying of Figma Design, down to its bugs:



Unsatisfied with merely stealing Figma's intellectual property, Defendants also seek to undermine Figma's competitive position, reputation, and goodwill and thereby cause irreparable harm. Not only do Motiff's advertisements directly compare its infringing product to Figma Design, Motiff also offers its competing version at an 80% discount to Figma's.

Figma's request for limited discovery will assist this Court in expeditiously resolving its preliminary injunction motion without prejudice to any party. As Figma's request satisfies the Ninth Circuit's "good cause" standard, Figma asks that the Court grant expedited discovery.

## II.   BACKGROUND

### A.   Figma & Figma Design

Figma is a leader in cloud-based design software. Since its founding in 2012, Figma has devoted hundreds of millions of dollars to developing and improving Figma Design to ensure its customers' satisfaction. (Compl. ¶ 13.) Figma also has created a robust, web-based Help Center to assist users. (*Id.* at ¶ 16.) Figma Design's source code and resulting UI are among Figma's most valuable assets. (*Id*. ¶ 15.) Figma has registered the copyrights for its source code and Help Center documentation with the U.S. Copyright Office. (Hung Decl. Exs. 1-6.)

### B.   The Motiff Entities

Motiff incorporated in Singapore on March 26, 2024. (*Id.* Ex. 7.) It is closely related to its two affiliates: Kanyun and Yuanfudao, Chinese corporations that share a Beijing office. (*Id.* Ex. 8, 9.) Yuanfudao focused on ed-tech software until 2021, when China banned for-profit tutoring. (*Id*. Ex. 10.) It then reorganized with Kanyun as its new parent company. (*Id.*) Per its public statements, Kanyun helped produce the infringing Motiff product. (*Id.* Ex. 11.)

### C.   The Master Services Agreement

Yuanfudao and its affiliates agreed to Figma's MSA (D.I. 1-1 (Compl. Ex. A)) as a condition of accessing Figma Design. Under MSA Section 3.A, they agreed not to:

> reverse engineer, decompile, disassemble or otherwise attempt to discover the source code, object code or underlying structure, ideas, know-how or algorithms relevant to the Figma Platform [or] modify, translate, or create derivative works based on the Figma Platform . . . or Documentation.

Under the MSA, they agreed that "Figma owns the Figma Platform and Documentation" and that they received "[n]o ownership rights" in Figma's intellectual property. (*Id.* § 5A.) They also agreed that they were "responsible and liable" for actions by their "Authorized Users" (*i.e.*, employees, contractors, and affiliates) and activities involving their accounts, "whether authorized . . . or not." (*Id.* §§ 5A, 1A.)

### D.   The Motiff Entities Access Figma Design to Launch a Cloned Product

Yuanfudao agreed to the MSA by executing a service order on May 18, 2020. (Compl. ¶ 21.) Between May 2020 and August 2021, Figma provided Yuanfudao with four separate "Organization" accounts. Yuanfudao facilitated Kanyun's access to these accounts. (*Id.* ¶ 22.) Over this same period, Kanyun employees were developing the Motiff product. (Hung Decl. Exs. 11 (referring to Kanyun's involvement), 13, 14 (alleging that development began in October 2021).)

One Motiff employee, product manager Tim Yang, personally created over two dozen accounts over this timeframe. (*E.g.*, Compl. ¶ 68.) Mr. Yang also appears to be a Kanyun employee. (Hung Decl. Exs. 11, 28.)

### E.   Motiff Launches Its Low-Priced Clone

Two months after incorporating, Motiff launched its eponymous product on June 5, 2024. (*Id.* Exs. 7, 15.) In a blog post announcing the release, Motiff's co-founders Max Zhang and Haoran (Ryan) Zhang credited Figma as a "source of constant learning." (*Id.* Ex. 13 (expressing "gratitude" to Figma and acknowledging that they "benefited immensely" from its "blog shares").)

Within three weeks, Motiff was aggressively pursuing Figma's customers with the "best Figma alternative." (*Id.* Exs. 19, 20). At Figma's annual conference, Motiff brazenly circled Moscone Center with a billboard truck advertising its product. (*Id.* Ex. 21.) It "quickly secured its first batch of users" by setting its "pricing at 20 percent" of Figma's. (*Id.* Ex. 22; *see also id.* Exs. 20 (trumpeting Motiff as a "painless switch from Figma" "at a fair price"), 18.)

### F.   Motiff's Product Is Not the Result of Honest Labor

Motiff and Kanyun did not develop the Motiff product merely by reading "Figma's blog shares" or relying on Figma Design as a "constant source of learning," as Motiff's co-founders claim. The Motiff product's shader code, text strings, inefficiencies, and bugs—all copied from Figma Design—together indicate widespread further copying of Figma Design's proprietary code and materials. It also copied, whole cloth, Figma Design's user interface ("UI").

As Figma explains in its concurrently filed preliminary injunction motion, the inescapable

conclusion is that the Motiff entities copied large swaths of Figma UI, code and documentation, appropriating years of Figma efforts. The table below contains nonlimiting examples of interface elements, organization, and layout copied from both Figma Design and Dev Mode.

| **Exemplary Figma User Interface Elements** | **Motiff's Copies** |
|---|---|
| | |

### III.  ARGUMENT

Courts in the Ninth Circuit apply a "good cause" standard to assess whether expedited discovery is appropriate before the Rule 26(f) conference. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* "[G]ood cause is frequently found in cases involving claims of infringement and unfair competition." *Id.* "Courts may consider the following factors when determining whether good cause exists: (1) whether a preliminary injunction is pending; (2) the

breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *SATA GmbH & Co. Kg v. Wenzhou New Century Int'l, Ltd.*, No. 2:15-cv-08157, 2015 WL 6680807, at *11 (C.D. Cal. Oct. 19, 2015) (quotation marks omitted). All factors strongly support limited expedited discovery here.

### A. Expedited Discovery is Necessary to Develop a Complete Record for Preliminary Relief

Expedited discovery is warranted to support Figma's preliminary injunction motion to enjoin Defendants' copying and misuse of its intellectual property. *See Hand & Nail Harmony, Inc. v. ABC Nail & Spa Prods.*, No. 8:16-cv-00969, 2016 WL 3545524, at *6-*8 (C.D. Cal. June 28, 2016) (ordering expedited discovery "to aid and enable Plaintiffs to present this Court with a full record … of the counterfeiting activity").

Figma's proposed discovery is attached as Exhibits A-I (document requests, interrogatories, and notice of 30(b)(6) depositions). Figma asks that the Court order the Defendants to respond to the discovery requests within fourteen days and make Haoran (Ryan) Zhang and Tim Yang available for half-day depositions, in their individual capacity.

Figma's requested discovery will reveal the full scope of the Defendants' copying and harm to Figma. Figma expects that the production of the Motiff product's source code and working versions of the full product will reveal additional instances of copying. Defendants' distribution of Figma credentials and their use of Figma materials while developing the Motiff product also go directly to the heart of Figma's preliminary injunction motion. Motiff's marketing and pricing documents will further inform how Motiff targets Figma's customers and thus causes ongoing harm to Figma. Finally, deposing key Motiff witnesses (*e.g.*, Mr. Tim Yang, a Motiff product manager, who created dozens of Figma accounts during Motiff's alleged "development" period, and Motiff co-founder Haoran (Ryan) Zhang, who publicly acknowledged Motiff's reliance on Figma and Motiff's intent to copy Figma's UI) will further validate its copying and the resulting harm to Figma. (Hung Decl. Exs. 13, 16.)

1    The requested discovery also will enable the Court to better evaluate Figma's showing on
2    the merits and of irreparable harm.  *See Fimab-Finanziaria Maglificio Biellese Fratelli Fila*
3    *S.p.A. v. Kitchen,* 548 F. Supp. 248 (S.D. Fla. 1982); *see also N. Atl. Operating Co. v. Evergreen*
4    *Distribs., LLC*, 293 F.R.D. 363, 369-70 (E.D.N.Y. 2013) (ordering expedited discovery that
5    would "provide Plaintiffs the information necessary to identify and stop [the] continued unlawful
6    [counterfeiting] activity").

   **B.    Expedited Discovery is Critical to Preserve Evidence**

8    Expedited discovery also is warranted because it will minimize the possibility of
9    spoliation.  *See Stanley Black & Decker, Inc. v. D & L Elite Invs., LLC*, No. 3:12-cv-04516, 2013
10   WL 3799583 (N.D. Cal. July 19, 2013); *SuccessFactors, Inc. v. Softscape, Inc.*, No. 4:08-cv-
11   01376, 2008 WL 686105, at *1-*2 (N.D. Cal. Mar. 13, 2008).

12   Incorporated March 26, 2024, Motiff is a new company with no track-record and
13   presumably little revenues.  Little information is available addressing Yuanfudao's or Kanyun's
14   ability to satisfy a judgment.  Prior attempts to conceal misuse of the Figma Platform (*e.g.*, its
15   employees' creation of dozens of free Figma accounts to conceal scaping of Figma Community
16   content) raise serious concerns about the possibility evidence will be destroyed.  (Compl. ¶ 68.)
17   Absent immediate discovery, key documents could be lost or altered.

   **C.    The Requested Discovery Will Not Unduly Burden Motiff**

19   Figma's narrow discovery requests will not burden the Defendants.  Figma's requests
20   focus on the core issues underlying its preliminary injunction motion—*i.e.*, what Defendants
21   copied, how they did so, and how Figma is being irreparably harmed.  This information (*e.g.*, its
22   source code, access to and use of Figma Design, its marketing materials, its sales records, and its
23   affiliate relations) should all be readily available to Defendants.  Defendants would also not be
24   unduly burdened by providing representatives knowledgeable about Figma's discrete 30(b)(6)
25   topics, nor would Defendants be unduly burdened by making two individuals available for
26   half-day depositions.

27   Regardless, the potential harm to Figma far outweighs the minimal burden on the
28   Defendants from Figma's requests.  Absent expedited discovery, Figma will be unable to assess

the full extent of the Defendants' copying and the resulting harm to support its preliminary injunction motion. Early discovery also is beneficial to the Court, as it will aid its assessment of these same issues.

## IV.     CONCLUSION

As good cause exists for expedited discovery to support its preliminary injunction motion, Figma asks that this Court order Defendants to respond to Figma's written discovery (attached as Exs. A-F), and 30(b)(6) notices (attached as Exs. G-I), within fourteen (14) days of an order granting this discovery. Figma also asks that the Court order Haoran (Ryan) Zhang and Tim Yang to sit for half-day depositions.

Dated: January 23, 2025                                    MORRISON & FOERSTER LLP

                                                           By: */s/ Richard S.J. Hung*
                                                               Richard S.J. Hung

                                                           *Attorneys for Plaintiff*
                                                           FIGMA, INC.