1  Michael J. Bettinger (CA SBN 122196)
   mbettinger@sidley.com
2  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
3  San Francisco, CA 94104
   Telephone: (415) 772-1200
4  Facsimile: (415) 772-7400

5  Samuel N. Tiu (CA SBN 216291)
   stiu@sidley.com
6  Brooke S. Böll (CA SBN 318372)
   brooke.boll@sidley.com
7  Marissa X. Hernandez (CA SBN 341449)
   marissa.hernandez@sidley.com
8  SIDLEY AUSTIN LLP
   350 South Grand Avenue
9  Los Angeles, CA 90071
   Telephone: (213) 896-6095
10 Facsimile: (213) 896-6600

11 *Attorneys for Defendants*
   MOTIFF PTE. LTD., YUANFUDAO HK LTD.,
12 AND KANYUN HOLDING GROUP CO. LTD.

13             **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15                   **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 16 FIGMA, INC., | Case No. 3:24-cv-06507-JD |
| 17    Plaintiff, | **DEFENDANTS' *EX PARTE* MOTION TO (1) EXTEND BRIEFING SCHEDULE AND (2) CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. PROC. 6(b)(1)(A) AND CIV. L.R. 6-3 AND 7-10** |
| 18    vs. | |
| 19 MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDING GROUP CO. LTD., | |
| 20 | |
| 21    Defendants. | Assigned to: Hon. James Donato |
| 22 | Date:  TBD<br>Time: TBD |
| 23 | Place: San Francisco Courthouse<br>       Courtroom 11, 19th Floor |
| 24 | 450 Golden Gate Avenue<br>San Francisco, CA 94102 |
| 25 | |

26
27
28

**TO THE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD PLEASE TAKE NOTICE THAT**, at the earliest practical date to be determined by the Court, before the Honorable Judge James Donato of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Motiff Pte. Ltd., Yuanfudao HK Ltd., and Kanyun Holding Group Co. Ltd. (hereinafter "Defendants") hereby move this Court *ex parte* pursuant to Civ. L.R. 6-3 and 7-10 and Fed. R. Civ. Proc. 6(b)(1)(A), for an order extending Defendants' deadlines to file the opposition papers to Plaintiff Figma, Inc.'s ("Plaintiff") Motion for Preliminary Injunction ("PI Motion") (ECF No. 28) to March 24, 2025, Plaintiff's reply to April 17, 2025, and continuing the hearing (currently noticed for hearing on February 27, 2025) to May 1, 2025, or next date available for the Court.

Before filing this *ex parte* motion, Defendants proposed a stipulated extension of the briefing schedule and continuance of the hearing date for the PI Motion. *See* accompanying Declaration of Samuel Tiu ("Tiu Decl.") ¶¶6-17 and Exs. B and D. The parties met and conferred multiple times by videoconference, telephone, voicemails, and email exchanges between January 27-30, 2025. *Id*., ¶7-16. Although the parties made progress, and were in conceptual agreement on an extension for both sides, Defendants were not afforded sufficient time, so the parties could not reach agreement. Thus, Defendants have no choice but to seek this relief from the Court *ex parte*.

Granting this motion will not impact the current case schedule. The Case Management Conference with the Court is still February 27, 2025.

This *ex parte* motion is based upon the Complaint in this action, this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Proposed Order, the supporting Declaration of Samuel Tiu filed concurrently herewith, as well as the papers, evidence, and records on file in this action, and any other written or oral evidence or argument presented at or before the time this *ex parte* motion is heard by the Court.

Date: January 30, 2025

Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/ Samuel N. Tiu*
Michael J. Bettinger

- I -

Samuel N. Tiu
Brooke S. Böll
Marissa X. Hernandez

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD.,
AND KANYUN HOLDING GROUP CO. LTD.

- II -

DEFENDANTS' *EX PARTE* MOTION TO EXTEND BRIEFING SCHEDULE AND CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION – CASE NO. 3:24-CV-06507

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully submit that good cause exists to continue Defendants' briefing and the hearing date on Plaintiff's PI Motion, filed at 7:30 pm on Thursday, January 23, 2025.  This case, and a companion case in Singapore, were both filed on September 16, 2024 (US time) alleging the same claim of copyright infringement.  Plaintiff did not move for a preliminary injunction in the Singapore case, even though injunction is an available remedy under Singapore law.[1]  Tiu Decl., ¶3-4.  Over four months later, Plaintiff filed a preliminary injunction motion in this Court noticing a February 27, 2025 hearing date and requiring Defendants to file an opposition two weeks later, by February 6, 2025.

Good cause exists to bring this motion on an *ex parte* basis. If filed as a regularly noticed motion, Defendants would not receive a ruling before their opposition is due.  The parties' counsel met and conferred multiple times over the past five days by videoconference, telephone, and email correspondence, but did not reach agreement. Tiu Decl. ¶¶6-17 and Exs. B and C.

Plaintiff seeks a preliminary injunction on its claims for alleged copyright infringement of purported source code and breach of contract.  Plaintiff has had **over seven months** to prepare its PI Motion, along with two expert declarations, two fact declarations, reams of documents and screen shots from both parties' software applications.  At a minimum, Defendants need a 7-week extension to defend against the motion.  The facts demonstrating good cause to modify the schedule include:

- Defendants' counsel was hired on January 20, 2025, three days before the PI Motion was filed. Tiu Decl. ¶5.  Defendants' counsel requires reasonable time to get up to speed on the case.
- Defendants' counsel needs time to review the evidence Plaintiff presented, and take targeted discovery of at least two experts and two fact witnesses that submitted declarations.  Plaintiff's PI Motion includes a 36-page technical declaration, with 37 exhibits, from purported software expert Karan Singh; a 19-page economic declaration addressing market share issues from purported damages expert W. Todd Schoettelkotte; a declaration from Figma finance person Megg Menenguzzi, with 8 exhibits; and declaration from a Figma software engineering manager, John Lai.

---

[1] Singapore's Copyright Act of 2021, §301(1)(a) (listing injunction as one of the remedies).

- Defendants' businesses are shut down from January 27 to February 4, 2025 for the Lunar New Year holiday. This shut-down period coincides squarely with the current two-week motion response period. Tiu Decl. ¶5. Defendants' counsel needs the time to interview Defendants' employees, and investigate the underlying facts and defenses.
- Plaintiff's PI Motion relies on six specific copyright registrations with the United States Copyright Office. Defendants' counsel has ordered copies of the deposited copyrighted works, but requires time to receive them, and then analyze the copyrighted code and user manuals. Tiu Decl. ¶18 and Ex. C. Defendants must also obtain these copyrighted works from Plaintiff through discovery, including Plaintiff's source code that it alleged was copied. And Defendants' expert to review and analyze them as well.

Thus, to facilitate ample time to analyze Plaintiff's accusations, gather necessary information from Defendants, and conduct discovery to fulsomely oppose the PI Motion, Defendants request that the Court adjourn the hearing on the PI Motion set for February 27, 2025 to May 1, 2025, and extend the Defendants' opposition to March 24, 2025 with Plaintiff's reply set to April 17. 2025.

In negotiating this briefing schedule, Plaintiff insisted that it wants 4 weeks from the opposition to file its reply, which is three weeks more than the normal reply period. While Defendants, in good faith, had agreed that Plaintiff may have 4 weeks to file a reply, despite Plaintiff already having over seven months to prepare its PI Motion, Plaintiff would not agree to Defendants' much needed 7-week extension, insisting to cut off one week from said request. Defendants compromised by proposing that the parties split the one-week difference, and provided Plaintiff with the draft stipulation. Tiu Decl., ¶¶14-16. But Plaintiff refused to agree to this compromise. Defendants have no choice but to file this motion.[2]

I. **BACKGROUND**

Plaintiff filed its Complaint on September 16, 2024. ECF No. 1. The Complaint alleged that Defendants launched its accused product on June 5, 2024. *Id*., ¶23. On September 17, 2024 (Singapore time), Plaintiff filed a nearly identical copyright action against defendant Motiff in

---

[2] Defendants believe the final compromise position of 6.5 weeks is extremely tight. If Defendants have good cause to seek more time, they will raise it at the Case Management Conference or by subsequent filing.

- 2 -

Singapore (the "Singapore Action").  Tiu Decl. ¶4 and Ex. A.  Plaintiff never filed a motion for preliminary injunction in that matter, nor a TRO here with this Court.

In this U.S. case, Defendants' counsel was engaged on January 20, 2025. *Id.*, ¶5. Afterwards, Defendants immediately agreed to waive service and agreed to February 13, 2025 for the response to the Complaint. ECF No. 26. On that same evening, Plaintiff then filed its PI Motion with a hearing date of February 27, 2025, and an opposition deadline of February 6, 2025 (ECF No 28), giving Defendants two weeks to file a response to a PI motion that Plaintiff had over four months (over 18 weeks) from Complaint (and over seven months from Defendants' product launch) to prepare.

## II.   THIS *EX PARTE* MOTION SATISFIES THE LOCAL RULES

This *ex parte* motion satisfies Civ. L.R. 7-10, which requires it to be filed "only if a statute, Federal Rule, local rule, or Standing Order authorizes [such] *ex parte* filing." It requires such motion to "include a citation to the statute, rule, or order which permits the use of an ex parte motion to obtain the relief sought."  *Id*.  Here, Fed. R. Civ. Proc. 6(b)(1)(A) permits *ex parte* motion to request extensions of time relating to motions.  *See* Fed. R. Civ. Proc. 6(b)(1)(A) (permitting the court to extend the time when an act must be done for good cause before the original time expires).  Civ. L.R. 6-3 also permits filing a motion to change time, such as continuing a hearing and extending the briefing schedule.  *See* Civ. L.R 6-3.  The commentary to Civ. L.R. 7-2 recognizes that the Local Rules can create timing issues necessitating scheduling modifications especially for "complex motions" like Plaintiff's PI Motion:

> The time periods set forth in Civil L.R. 7-2 and 7-3 regarding notice, response, and reply to motions ***are minimum time periods.***  For complex motions, ***parties are encouraged to stipulate to or seek a Court order establishing a longer notice period with correspondingly longer periods for response or reply***.

Civ. L.R. 7-2 (emphasis added).  Defendants promptly sought such a stipulation, met and conferred with Plaintiff, but did not reach agreement.  Tiu Del. ¶¶6-17 and Exs. B and D.

## III.   GOOD CAUSE SUPPORTS THIS *EX PARTE* MOTION FOR CONTINUANCE.

Good cause exists for seeking this relief on an *ex parte* basis.  "[R]equests for extensions of time made before the applicable deadline has passed should 'normally… be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v.*

- 3 -

*Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal citations omitted); *see also* Stevenson & Fitzgerald, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, § 12:172 (Calif. and 9th Cir. Ed. 2024) (identifying extensions of time for opposing or reply papers as one of the "Common Situations for *Ex Parte* Relief").

There is no bad faith here. Defendants' request for an extension to conduct targeted discovery and gather the evidence in order to respond to the PI Motion constitutes good cause under Fed. R. Civ. P. 6(b). The advisory comments to Rule 26(d) specifically state that early discovery may be appropriate in the context of a preliminary injunction motion, and Courts regularly continue preliminary injunction hearings and/or order expedited discovery in the context of motions for preliminary injunction. *See* Advisory Comments to FRCP 26(d) ("[d]iscovery can begin earlier" than statutorily prescribed if authorized by statute or local rule, and doing so "will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ."); *Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15-cv-01267, 2015 WL 4149066, at *2 (N.D. Cal. July 9, 2015) (ordering that discovery is required and noting that "the Court continued the hearing on Lilith's motion for preliminary injunction . . . in order to allow the parties to take limited discovery in preparation for the preliminary injunction hearing.").

Defendants require a reasonable time to investigate the allegations of the Complaint and PI Motion, which includes 75 exhibits and five supporting declarations, of which two are expert reports totaling nearly 75 pages. Fourteen days is not nearly sufficient time to conduct even limited discovery. Absent relief, discovery will not open until the parties conduct their discovery conference, which is scheduled to occur on Defendants' February 6, 2025 response deadline. Then, Plaintiff would have an additional 30 days to respond to any written or document discovery. Fed. R. Civ. P. 33-34. The parties also need time to schedule and take depositions. Likewise, it will take some time to obtain documents on Plaintiff's alleged copyrighted works from either the U.S. Copyright Office or from Plaintiff and schedule, prepare for, and conduct the depositions of Plaintiff's four declarants. Even if the parties started discovery now, 14 days is not enough time.

On top of that, Plaintiff's PI Motion was filed at a time when Defendants' employees are about to take a holiday vacation for the Lunar New Year holiday from January 27, 2025 to February

- 4 -

DEFENDANTS' *EX PARTE* MOTION TO EXTEND BRIEFING SCHEDULE AND CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION – CASE NO. 3:24-CV-06507

4, 2025, which is effectively the entire opposition period.  Tiu Decl. ¶5.  This prejudices Defendants counsel's ability to conduct an investigation of Defendants' relevant personnel.

The prejudice to Defendants if relief is denied is particularly extreme given the extraordinary nature of the relief Plaintiff seeks.  Plaintiff is not seeking to enforce the status quo.  Rather, Plaintiff's PI Motion seeks a harsh mandatory *preliminary* injunctive relief halting the sale or distribution of a software product that has been on the market since June 2024.  That would necessarily require revoking the licenses and access of customers who paid for and rely on this software for their business needs, substantially and irreparably harming Defendants and likely its customers as well.  Such draconian relief must not be considered, much less awarded, without affording Defendants a reasonable opportunity to gather and present evidence to the Court.

Defendants acted diligently, attempting to obtain a stipulation in lieu of filing this motion. Defendants filed this motion as soon as the stipulation was not obtained.  Tiu Decl., ¶¶6-17; *see also*, *Henry's Bullfrog Bees v. Sunland Trading, Inc.*, No. 2:21-cv-00582-TLN-CKD, 2021 WL 2227811 at *1 (E.D. Cal., June 2, 2021) ("The 'good cause' standard 'primarily considers the diligence of the party seeking the amendment'").  *Ex parte* relief is justified here because Defendants demonstrated irreparable prejudice and harm, and they are without fault in creating the circumstance requiring *ex parte* relief.  *Mission Power Eng'g, Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (1995).

## IV.   PLAINTIFF WILL NOT BE PREJUDICED.

Plaintiff delayed **over seven (and nearly eight) months** before filing its PI Motion.  Plaintiff alleges that Defendants launched the accused product on June 5, 2024. ECF No. 1, ¶23. Plaintiff filed its Complaint three months later, and this PI motion over **four months** after the Complaint. Plaintiff cannot be said to be prejudiced when it neither sought a preliminary injunction in the parallel Singapore Action, nor a TRO in this case.  There is no principled reason why the hearing and briefing should not be continued by the extension requested by Defendants, especially when weighed against the complexity of the issues and extreme prejudice to Defendants going forward on the current schedule.  Plaintiff's counterproposal (insisting on another month for its reply brief) demonstrates that any alleged prejudice by Plaintiff is illusory.  Plaintiff should not be allowed to jam Defendants' and the Court's schedules when it itself waited this long to file its PI motion.

- 5 -

DEFENDANTS' *EX PARTE* MOTION TO EXTEND BRIEFING SCHEDULE AND CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION – CASE NO. 3:24-CV-06507

| | |
|---|---|
| Date: January 30, 2025 | Respectfully submitted, |
| | SIDLEY AUSTIN LLP |
| | By: */s/ Samuel N. Tiu* |
| |     Michael J. Bettinger |
| |     Samuel N. Tiu |
| |     Brooke S. Böll |
| |     Marissa X. Hernandez |
| | *Attorneys for Defendants* |
| | *MOTIFF PTE. LTD., YUANFUDAO HK LTD., AND KANYUN HOLDING GROUP CO. LTD.* |

- 6 -

DEFENDANTS' *EX PARTE* MOTION TO EXTEND BRIEFING SCHEDULE AND CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION – CASE NO. 3:24-CV-06507