| | |
|---|---|
| 1 | Michael J. Bettinger (CA SBN 122196) |
| | mbettinger@sidley.com |
| 2 | SIDLEY AUSTIN LLP |
| | 555 California Street, Suite 2000 |
| 3 | San Francisco, CA 94104 |
| | Telephone: (415) 772-1200 |
| 4 | Facsimile: (415) 772-7400 |

Samuel N. Tiu (CA SBN 216291)
stiu@sidley.com
Brooke S. Böll (CA SBN 318372)
brooke.boll@sidley.com
Marissa X. Hernandez (CA SBN 341449)
marissa.hernandez@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6095
Facsimile: (213) 896-6600

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD.,
AND KANYUN HOLDING GROUP CO. LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC., | Case No. 3:24-cv-06507-JD |
| Plaintiff, | **DECLARATION OF SAMUEL N. TIU IN SUPPORT OF DEFENDANTS'** ***EX PARTE*** **MOTION TO (1) EXTEND DEFENDANTS' OPPOSITION BRIEFING AND (2) CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. PROC. 6(b)(1)(A) CIV. L.R. 6-3 AND 7-10** |
| vs. | |
| MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDING GROUP CO. LTD., | |
| Defendants. | |
| | Assigned to: Hon. James Donato |
| | Date:  TBD<br>Time: TBD<br>Place: San Francisco Courthouse<br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

I, Samuel N. Tiu, declare as follows:

1. I am an attorney licensed to practice before all the courts of the State of California. I am a partner at Sidley Austin, LLP ("Sidley"), counsel for Defendants Motiff Pte. Ltd. ("Motiff"), Yuanfudao HK Ltd., and Kanyun Holding Group Co. Ltd. (hereinafter "Defendants") in the above-entitled matter. Based upon my direct involvement, I have gained knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently as to those facts under penalty of perjury.

2. I make this declaration in support of Defendants' *Ex Parte* Motion to (1) Extend Briefing Schedule and (2) Continue Hearing on Plaintiff Figma's ("Plaintiff") Motion for Preliminary Injunction Pursuant to Fed. R. Civ. Proc. 6(B)(1)(A) Civ. L.R. 6-3 and 7-10 ("*Ex Parte* Motion").

3. Plaintiff filed its Complaint on September 16, 2024 and alleges that "Defendant Motiff unveiled the Motiff product at a public launch at the SuperAI Singapore Summit on June 5, 2024." ECF No. 1, ¶23.

4. I understand that on September 17, 2024 (Singapore time, which corresponds to September 16, 2024 US time), Plaintiff filed a nearly identical copyright infringement action against Motiff in Singapore (the "Singapore Action"). Separate counsel in Singapore is handling that matter. I understand that Plaintiff never filed a motion for preliminary injunction in that matter and the case is ongoing. I understand that a mediation and settlement conference is scheduled between the parties in Singapore in February 2025. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Statement of Claim against Motiff filed in Singapore.

5. On January 20, 2025, Sidley was retained by Defendants to represent them in this case filed before this Court. Three days later, on January 23, 2025, the Parties filed a stipulation waiving service for Defendants and agreeing to a February 13, 2025 deadline for Defendants to respond to the Complaint. Later that evening, Plaintiff filed its motion for preliminary injunction ("PI Motion") (ECF No. 28) and motion for expedited discovery (ECF No. 29). I have reviewed the PI Motion. The allegations therein would require substantial time to investigate and confer with Defendants in order to mount an adequate response. However, our ability to confer with

- 2 -

1  Defendants' personnel are hampered by the fact that Defendants' businesses are shut down from
2  January 27, 2025 to February 4, 2025 due to the Lunar New Year holiday celebrated in China and
3  Asia.  Defendants' personnel are now on their holiday vacation.  The PI Motion alleges copying of
4  Plaintiff's software product by Defendants.  We currently do not have any access to any of
5  Plaintiff's alleged copyrighted source codes that need to be analyzed by an expert in order to mount
6  a defense.

7.  6.    On January 26, 2025, I sent an email to counsel for Plaintiff proposing a stipulated continuance of the hearing for the PI Motion and extension of the briefing schedule. I proposed the following schedule for the briefing and hearing dates for the PI Motion:

- Opposition due April 14, 2025
- Reply due April 28, 2025
- Hearing date May 8, 2025

7.    On January 27, 2025, I together with my partner, Michael Bettinger, met and conferred with Plaintiff's counsel, Richard Hung and Bita Rahebi via videoconference regarding Defendants' proposed stipulation.  The parties discussed the parties' needs with respect to the PI Motion and Plaintiff's counsel stated that they will consult with their client and provide a counterproposal.  The parties also agreed to schedule the Fed. R. Civ. P. 26(f) conference for February 6, 2025.

8.    On January 28, 2025, after some prodding, Mr. Hung responded to my email and counter-proposed the following briefing and hearing schedule, which cut short Defendants' opposition but then sought almost a month for Plaintiff's reply brief.

- Opposition due March 6, 2025
- Reply due April 3, 2025
- Hearing date April 17, 2025

9.    On the same day, I immediately responded to Mr. Hung's counter-proposal with the following counter-proposal, compromising by shortening the extension for our opposition. Recognizing that Plaintiff would like more time for its reply, I lengthened the period between the

- 3 -

opposition and reply in my proposal to two and a half weeks to allow the Court to have two weeks between the reply brief and hearing date:

- Opposition to due March 27, 2025
- Reply due April 14, 2025
- Hearing date May 1, 2025

10. Plaintiff's counsel Ms. Bita Rahebi responded the next day, January 29, 2025, again after some prodding, providing a further counter-proposal as follows and stating that March 27, 2025 opposition is too far:

- Opposition due March 20, 2025
- Reply due April 17, 2025
- Hearing date May 1, 2025

11. Because the March 20, 2025 date would not be enough time for Defendants, and Plaintiff was insisting on having four weeks for its reply, I responded the same day with another proposal adopting Plaintiff's four-week reply period, keeping our proposed March 27, 2025 opposition date, and moving the hearing back by one week.

- Opposition due March 27, 2025
- Reply due April 24, 2025
- Hearing date May 8, 2025

12. By the evening of the same day, not having heard from Plaintiff's counsel, Mr. Bettinger and I called Ms. Rahebi by telephone hoping to meet and confer again to see if we can reach resolution. Ms. Rahebi said she needed to consult with her client and will respond that same night.

13. Later in the evening, I received Ms. Rahebi's email rejecting our last counter-proposal, stating that the May 8, 2025 hearing date is too far and that her client has a scheduling conflict on that date.

14. After some further email exchanges, I responded with another compromising proposal to accept Plaintiff's proposed reply brief of April 17, 2025 and hearing date of May 1,

2025, and to split the one-week difference on the opposition brief. I proposed an opposition deadline of March 24, 2025, which is the Monday between March 20, 2025 and March 27, 2025.

15. The next day, on January 30, 2025, I emailed Plaintiff's counsel that I would prepare a draft stipulation for their review along the lines of the compromise proposal sent the night before. I then sent a draft stipulation for the following schedule later in the morning and a supporting declaration pursuant to the Local Rule 6-2.

- Opposition due March 24, 2025
- Reply due April 17, 2025
- Hearing date May 1, 2025

16. In the afternoon of January 30, 2025, I called both Ms. Rahebi (at around 1 pm) and Mr. Hung (at around 2 pm) following up on the draft stipulation, but reached only their voicemails. I informed Mr. Hung that we would like to work this out and not file an *ex parte* motion, but if we cannot get to agreement on the stipulation, we will have no choice but to file the *ex parte* motion that day. At about 3:17 pm, still receiving no response, I sent another email to Mr. Hung and Ms. Rahebi asking if we have authorization to file the stipulation. In my email, I also informed "we would like to work this out without the Court's intervention, but the clock is running for us on this extension given that we are only a week away from our opposition deadline." I then informed them that if I do not hear from them by 5 pm, we will file the *ex parte* motion. At 3:55 pm, Mr. Hung finally responded stating that Plaintiff will not agree to the compromise and would stick with its last proposal.

17. Attached hereto at **Exhibit B** is a true and correct copy of the email chain and exchanges between myself and Mr. Hung and Ms. Rahebi between January 26 and January 30, 2025. Attached hereto as **Exhibit D** is a true and correct copy of the draft stipulation that I sent to Plaintiff's counsel on January 30, 2025.

18. On January 27, 2025, I also sent requests to the U.S. Copyright Office to obtain copies of the deposited materials corresponding to Plaintiff's copyrighted works alleged to be infringed by Defendants and requested them on an expedited basis. At this time, without discovery or retrieval from the U.S. copyright office, Defendants have no access to the alleged copyrighted

- 4 -

- 5 -

1  work including the computer program source code that Plaintiff contends were copied by the
2  Defendants.  Attached as **Exhibit C** is a true and correct copy of the email request and Litigation
3  Statement Form LS that I sent to the U.S. Copyright Office on January 27, 2025.  As of this filing, I
4  have not received a response from the U.S. Copyright Office.

5       I declare under penalty of perjury under the laws of the United States of America that the
6  foregoing is true and correct.

  DATED:  January 30, 2025                              Respectfully submitted,

                                                                    By: */s/ Samuel N. Tiu*
                                                                         Samuel N. Tiu