RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JONATHAN M. MORRIS (CA SBN 356152)
jonathanmorris@mofo.com
HOLLY M. PETERSEN (CA SBN 351588)
hollypetersen@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
RYAN J. MALLOY (CA SBN 253512)
rmalloy@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Plaintiff*
FIGMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FIGMA, INC.,

Plaintiff,

v.

MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD.,

Defendants.

Case No. 3:24-cv-06507-JD

**FIGMA'S OPPOSITION TO DEFENDANTS' MOTION TO (1) EXTEND BRIEFING SCHEDULE AND (2) CONTINUE HEARING ON FIGMA'S PRELIMINARY INJUNCTION MOTION**

Courtroom: 11, 19th Floor
Judge: Hon. James Donato

Action Filed: September 16, 2024
Trial Date: None Yet Set

## I. INTRODUCTION

Defendants Motiff Pte. Ltd. ("Motiff"), Yuanfudao HK Ltd. ("Yuanfudao") and Kanyun Holdings Group Co. Ltd. ("Kanyun") spent years accessing Figma, Inc.'s industry-leading collaborative design software. They then released a clone at an 80% discount—and even drove a billboard truck around Figma's annual conference to advertise it. Figma promptly sued them in September 2024 to stop this blatant copying and then attempted Hague Convention service.

Despite presumably knowing of this lawsuit for months (and as to Kanyun, ***already*** being in default), Defendants' counsel contacted Figma on January 15, 2025 to discuss waiving service. Figma responded that intended to move for a preliminary injunction as soon as all defendants appeared. Figma then did so on January 23, 2025, the same day that Defendants waived service.

Days later, Defendants reached out for an extension. During those discussions, the parties agreed to respond to related written discovery within fourteen days of service—which Defendants insisted on deferring until February 6. Defendants further insisted on deferring the depositions of their fact, 30(b)(6), and expert witnesses until ***after*** their opposition brief deadline. Defendants also proposed giving themselves as many as ***nine extra weeks*** to respond—but Figma just ***one extra week*** to conduct the postponed depositions and prepare its reply.

After exchanging various proposals, Figma offered: March 20, 2025 for Defendants' opposition; April 17, 2025 for Figma's reply; and May 1, 2025 for the hearing (subject to the Court's availability). Rather than accept it, Defendants burdened the Court with this motion—to obtain four extra days for themselves, at Figma's expense.

Figma does not oppose an extension for Defendants. So that Figma has time to consider Defendants' postponed discovery responses and take the postponed depositions, Figma asks that the Court enter its proposed schedule, as reflected in the attached Proposed Order.

## II. BACKGROUND

**Defendants copy Figma.** As Figma explains in its Complaint and preliminary injunction motion, Defendants are affiliated entities. Yuanfudao and Kanyun share a Beijing address, and Motiff is headquartered in Singapore. The three share overlapping executives.

The three also created and used overlapping user accounts to access Figma's industry-

leading Figma Design platform. Despite the governing Master Services Agreement's prohibition on using that access to reverse engineer Figma Design, Defendants did so. Not only did they create a cloned version, they even copied Figma's Help Center documentation.

In June 2024, Motiff launched its eponymous "Motiff" product. Later than month, Motiff representatives attended Figma's annual "Config" conference at San Francisco's Moscone Center and drove a billboard truck around the conference advertising their copied product. They also immediately secured U.S. users by offering their product at an 80% discount to Figma's.

**The U.S. & Singapore lawsuits.** To stop this copying, Figma wrote Defendants about their copyright infringement and breach of contract on August 13, 2024. (Hung Decl. Ex. 1.) After Defendants failed to substantively respond, Figma sued Defendants for copyright infringement and breach of contract in the U.S. on September 16, 2024. (D.I. 1.) Figma sued Motiff in Singapore the next day. (D.I. 31-1 (Tiu Decl.) ¶ 4.) Figma then initiated service under the Hague Convention for the U.S. action. While it awaited service, Figma informed the Court on December 16 that it would be moving for a preliminary injunction upon service. (D.I. 18 at 2.)

By no later than December 11, 2024 (and perhaps as early as November 20, 2024), the Chinese Central Authority had served Kanyun. Figma did not receive notice of this, however, until January 15, 2025. (Hung Decl. ¶ 3, Ex. 2.) Perhaps coincidentally, Defendants' counsel contacted Figma that day to note that all defendants planned to retain Sidley & Austin and waive service (even though Kanyun was already in default). In response, Figma noted its intent to move for a preliminary injunction as soon as Defendants waived service. Figma then did so on January 23, 2025, relying on the same allegations in its Complaint. (*Compare* D.I. 1 *with* D.I. 28.) Figma concurrently moved for expedited discovery.

**The parties' extension discussions.** Three days later, Defendants reached out for an extension. Defendants initially proposed ***nine additional weeks*** for themselves (for a total of ten weeks for their opposition), but only ***one additional week*** for Figma's reply. Concurrently with these discussions, Defendants committed to a schedule for injunction-related discovery:

> [W]e can ***agree to a fourteen-day response period*** for discovery with the understanding that ***discovery does not start until next Thursday's scheduled 26(f) conference***, which is the first day the parties can serve discovery pursuant to the

> judge's standing order and the FRCP. We also propose that the 14-day expedited discovery response deadline only apply to priority PI discovery limited to ***10 RFPs and 8 Interrogatories***.

(Tiu Decl. Ex. B at 8 (emphasis added).) Defendants further insisted that depositions of their witnesses—whether of Figma's two noticed employees, Defendants' 30(b) designee(s), or Defendants' fact or expert declarants—occur only ***after*** their opposition brief. (*Id.* at 9.)

In response, Figma explained that Defendants' requirements necessitated more time for its reply. Figma also noted that ten requests for production was insufficient and proposed eighteen. (*Id.* at 7.) Figma further asked that Defendants begin scheduling depositions immediately.

After various further exchanges, Figma proposed the following briefing schedule: March 20, 2025 for Defendants' opposition; April 17, 2025 for Figma's reply; and May 1, 2025 for the motion hearing, subject to the Court's availability.[1] Figma's briefing proposal proportionally gave Defendants six extra weeks to respond to Figma's motion and three extra weeks for itself.

Rather than accept Figma's proposal, Defendants insisted upon four extra days (*i.e.,* to March 24, 2025) for their opposition and four fewer days for Figma's reply. (Hung Decl. Ex. 3.) When Figma declined, Defendants filed their "*ex parte*" motion.[2]

## III. ARGUMENT

"Rule 6 provides that the court *may* grant [a] motion [to extend] for good cause, not that it must do so." *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018) (emphasis original) (denying extension). Nevertheless "a court should normally grant requests for extensions of time made before the applicable deadline has passed 'in [the] absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Mosgrove v. Cnty. of Santa Clara*, No. 24-cm-808, 2024 WL 5011612, at *1 (N.D. Cal. Dec. 6, 2024) (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)) (also denying extension).

### A. Defendants Do Not Show Good Cause

Figma's proposal proportionally provides Defendants with a full eight weeks to respond to

---

[1] Figma explained to Defendants that its employee witnesses will be unavailable the week of May 5, 2025, due to its annual Config conference.

[2] Under Local Rule 1-5(d), an "*ex parte*" motion is one "without the advance knowledge or contemporaneous participation of all other parties." Neither is true here.

its motion and Figma four weeks to reply. Defendants fail to show good cause as to why this proposal is unfair and why they require four extra days for their opposition, at Figma's expense.

First, although Defendants represent that they did not hire counsel to represent them until January 20, they are notably silent as to how long they have known of the U.S. lawsuit. They also omit that Kanyun was served over a month earlier. In view of their long knowledge of Figma's preliminary injunction allegations (which mirror its Complaint) and Kanyun's service the prior month, their late retention of counsel cannot justify their insistence on four extra days.

Second, the timing of Figma's motion cannot justify more time. Defendants also omit that Figma promptly informed them of its intent to move for a preliminary injunction motion as soon as they waived service—and then did so. (D.I. 28.) They also could have learned of Figma's intent to file its motion by perusing its December 16, 2024 case management statement. (D.I. 18.)

Third, even if one ignores their presumed long knowledge of Figma's claims, Defendants do not explain why Figma's proposal is not already generous, such that it is necessary to burden this Court with a motion for four extra days. Although Defendants allege the need for "time to review [Figma's] evidence . . . and take targeted discovery of [its] two experts and two fact witnesses" (D.I. 31 at 1), they ignore that Figma will have half the time to do the same.

Fourth, Defendants' alleged need to visit the U.S. Copyright Office to review Figma's code reveals their basic misunderstanding of deposit procedures. The full source code is ***not*** available at the Copyright Office. As Circular 61 explains, one need submit only select portions of the source code (*e.g.,* the first and last twenty-five pages) with a copyright application. (Available at https://www. copyright.gov/circs/circ61.pdf). Defendants thus need only serve expedited discovery requests to review Figma's source code. But rather than propound those requests promptly, Defendants have inconsistently proposed to ***defer*** them until February 6.

Finally, the Chinese Lunar New Year cannot justify Defendants' need for more time. Defendants should have known (and presumably did know) of Figma's allegations long ago. Defendants offer no reason for not retaining counsel and investigating them much earlier.

**B. Defendants' Delay Is in Bad Faith**

The timing of the actual events—and Defendants' failure to disclose them--also counsels

against giving them additional time. After Defendants rejected Figma's final proposal, Figma asked that they identify when they first learned of the U.S. lawsuit in any motion to the Court for an extension. (Tiu Decl. Ex. B at 6.) Defendants did not. Nor did they disclose the Chinese Central Authority's service on Kanyun on December 11, 2024.

Those two omissions are telling, especially as Defendants are closely related. Defendants share offices, employees, directors, and resources. (D.I. 28 at 11.) Employees of one company used Figma user accounts for another to access and copy Figma Design and its Help Center documentation. Accordingly, even if one assumes that Defendants did not become aware of the U.S. lawsuit contemporaneously with the Singapore lawsuit, all three should have become aware when Hague service was perfected on Kanyun on December 11, 2024.

Defendants offer no explanation for why they waited almost six weeks (or more) to retain counsel. Having elected to "run out the clock" and drag out service as long as they could, Defendants cannot plausibly suggest that they need four extra days to oppose Figma's motion.

### C. Figma Will Be Prejudiced by Defendants' Requested Relief

Defendants' request would prejudice Figma in three ways. First, it would give Figma proportionally less time to prepare its reply. Second, the extra four days would cut into Figma's time to depose Defendants' witnesses and experts—depositions that Defendants have insisted occur only ***after*** their opposition. And third, Defendants' motion is entirely silent as to the framework for expedited discovery, which served as the basis for the parties' proposals and compromises on scheduling. Prompt discovery from Defendants will be critical to ensuring that the Court can consider all relevant facts at the preliminary injunction hearing.

To argue against prejudice, Defendants primarily emphasize that Figma has not sought an injunction in the co-pending Singaporean proceedings. Defendants overlook, however, that the United States is Figma's primary market and copyright law is territorial. *See Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1095 (9th Cir. 1994). Figma's motion seeks to avoid irreparable harm in the ***U.S. market,*** not Singapore.

## IV. CONCLUSION

Figma urges the Court to deny Defendants' motion and adopt its proposed schedule.

Dated: February 3, 2025

MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
Richard S.J. Hung

*Attorneys for Plaintiff*
FIGMA, INC.