| | |
|---|---|
| RICHARD S.J. HUNG (CA SBN 197425) | MICHAEL J. BETTINGER (CA SBN 122196) |
| rhung@mofo.com | mbettinger@sidley.com |
| JONATHAN M. MORRIS (CA SBN 356152) | SIDLEY AUSTIN LLP |
| jonathanmorris@mofo.com | 555 California Street, Suite 2000 |
| HOLLY M. PETERSEN (CA SBN 351588) | San Francisco, California 94104 |
| hollypetersen@mofo.com | Telephone: (415) 772-1200 |
| MORRISON & FOERSTER LLP | Facsimile: (415) 772-7400 |
| 425 Market Street | |
| San Francisco, California 94105 | SAMUEL N. TIU (CA SBN 216291) |
| Telephone: (415) 268-7000 | stiu@sidley.com |
| Facsimile: (415) 268-7522 | BROOKE S. BÖLL (CA SBN 318372) |
| | brooke.boll@sidley.com |
| BITA RAHEBI (CA SBN 209351) | MARISSA X. HERNANDEZ (CA SBN 341449) |
| brahebi@mofo.com | marissa.hernandez@sidley.com |
| RYAN J. MALLOY (CA SBN 253512) | SIDLEY AUSTIN LLP |
| rmalloy@mofo.com | 350 South Grand Avenue |
| MORRISON & FOERSTER LLP | Los Angeles, California 90071 |
| 707 Wilshire Boulevard | Telephone: (213) 896-6095 |
| Los Angeles, California 90017 | Facsimile: (213) 896-6600 |
| Telephone: (213) 892-5200 | |
| Facsimile: (213) 892-5454 | *Attorneys for Defendants* |
| | MOTIFF PTE. LTD., YUANFUDAO |
| *Attorneys for Plaintiff* | HK LTD., AND KANYUN HOLDING |
| FIGMA, INC. | GROUP CO. LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD., <br><br> Defendants. | Case No. 3:24-cv-06507-JD <br><br> **JOINT STATEMENT ON BRIEFING SCHEDULE AND EXPEDITED DISCOVERY FOR FIGMA'S PRELIMINARY INJUNCTION MOTION** <br><br> Date: February 13, 2025 <br> Time: 10:00am <br> Courtroom: 11, 19th Floor <br> Judge: Hon. James Donato <br><br> Action Filed: September 16, 2024 <br> Trial Date: None Yet Set |

Plaintiff Figma, Inc. ("Figma") and Defendants Motiff Pte. Ltd. ("Motiff"), Yuanfudao HK Ltd. ("Yuanfudao"), and Kanyun Holdings Group Co. Ltd. ("Kanyun") (collectively, "Motiff" or "Defendants") submit the following "joint statement on filing dates and discovery" pursuant to the Court's January 31, 2025 Order. Dkt. No. 32.

## I.   BACKGROUND

**Figma's Statement:**  Figma is the world's leading provider of software for the design of mobile apps and websites.  Figma's software is used by millions of designers worldwide.

Defendants obtained a license to Figma's software and spent years illicitly copying it before launching their own knockoff product.  Defendants then began offering that product at an 80% discount to Figma's software, seeking to steal Figma's customer base.

Figma sued Defendants for copyright infringement and breach of contract in this Court on September 16, 2024.  Figma then initiated service of process under the Hague Convention and notified the Court that it intended to seek a preliminary injunction ("PI") upon service.

The Chinese Central Authority served Kanyun on November 20, 2024, but Figma did not learn of this until January 15, 2025.  That same day, Defendants' counsel contacted Figma about waiving service, and Figma notified Defendants' counsel of its intent to move for a PI as soon as Defendants waived service.  On January 23, 2025, the parties stipulated that all three defendants had waived service, and that Defendants would respond to Figma's complaint by February 13, 2025.  Figma filed its PI motion that same day, along with a motion for expedited discovery.

Defendants then requested an extension for their PI opposition.  They proposed a schedule giving them nine additional weeks.  Despite insisting that depositions of their witnesses postdate their opposition, Defendants offered only a one-week extension for Figma's reply.

Figma counter-proposed a schedule that would provide six extra weeks for Defendants' opposition and three extra weeks for Figma's reply.  Figma explained that the reply extension was necessary given Defendants' objection to pre-opposition depositions and Figma's intent to use deposition testimony in its reply.

Defendants filed an *ex parte* motion for an extension on their opposition.  The motion does not address Defendants' insistence on the timing of their witnesses' depositions.  Figma does

1  not oppose a reasonable, mutual extension for PI briefs, so long as Figma has adequate time for
2  depositions before its reply.
3      **Defendants' Statement:**  Beginning in 2021, Defendants started developing the next
4  generation of web and mobile app design software, one that is AI enabled to complete repetitive
5  tasks rather than the time consuming cut-and-paste of earlier systems, and which automatically
6  generates initial drafts of web designs. AI was the most recent innovation in a long line of User
7  Interface (UI) design software starting with Adobe Illustrator first introduced in 1987, Sketch in
8  2010, Figma in 2016, and now Motiff in 2024. Each of these programs includes basic
9  functionality for designing a web page, including presenting a central canvas for users to create
10 visual layouts, customize colors and fonts, and to draw lines, shapes, and images, among other
11 basic features of its design software.
12     Motiff wrote its own source code to implement this basic functionality, as well as the
13 source code to implement the AI functionality. In June 2024, Motiff rolled out its program
14 globally. Figma has retaliated by filing this lawsuit and wrongly accusing Motiff of copying
15 Figma's source code. The evidence will show that Motiff did nothing of the sort. Motiff wrote its
16 own source code for both the basic and AI functionality.
17     As to why customers switched from Figma to Motiff, Figma's own expert explains: "[A]
18 customer requested beta access to Figma AI for his company. In response to Figma's reply that it
19 was not yet available, the customer asked if there was a way to 'accelerate the process' and
20 disclosed his company was 'testing other tools like… Motiff.' Dkt. No. 28-49, ¶28.  Figma's own
21 expert also points to comments from Motiff users, who wrote: "[h]aving used Motiff for a while, I
22 can say that its AI UI Design features are quite impressive." *Id*. ¶27.
23     The parties have engaged in good faith negotiations in an effort to present an agreed-upon
24 schedule for discovery related to Figma's PI Motion  That schedule, however, is dependent upon
25 Figma timely producing:  (1) copies of the various versions of the copyrighted and disclaimed
26 Figma source code, which Defendants have never seen; (2) authorized copies of Figma's software
27 application for Motiff counsel and technical expert, which Defendants understand contains
28 publicly available developer's tools; (3) each of the four Figma declarants (Karan Singh, Todd

1  Schoettelkotte, Megg Meneguzzi and John Lai) for deposition; and (4) documents and
2  interrogatory responses such as showing the public sources from which Figma's source code was
3  derived.  Assuming timely production of the above, Motiff agrees to a PI hearing date of May 1,
4  2025, or as soon thereafter as the Court may be available.  If the above information is not timely
5  produced, Defendants reserve the right to request additional time for obtaining the necessary
6  discovery, preparing rebuttal expert reports and filing an opposition to the PI Motion.

## II.     SERVICE

On January 23, 2025, all three defendants waived service.  (Dkt. No. 26).

**Figma's Statement:** The Chinese Central Authority served Kanyun pursuant to the Hague Convention on November 20, 2024, (as indicated by the company's seal on the service documents).  After executing the attestation of service on December 11, 2024, the Central Authority transmitted a notice of service to Figma.  Figma received that notice on January 15, 2025.

## III.    PENDING MOTIONS

### 1.     Figma's PI Motion (Dkt. No. 28)

**Figma's Statement:** Figma's PI Motion seeks to enjoin Defendants from (i) preparing or reproducing unauthorized copies or derivatives of Figma's flagship product, Figma Design, its accompanying "Dev Mode" feature, and its Help Center documentation; (ii) contributing to the preparation or reproduction of unauthorized copies or derivatives of the same; and (iii) reverse engineering or otherwise misusing the same.  Currently, Defendants' opposition is due February 6, 2025, Figma's reply is due February 13, 2025, and the hearing is scheduled for February 27, 2025.

**Defendants' Statement:** Prior to Defendants' opposition deadline, on January 31, 2025, the Court ruled on Defendants' *Ex Parte* Motion to Extend the Briefing Schedule and Hearing Date, ordering a "status conference on the preliminary injunction" for "February 13, 2025" and the submission of this "joint statement on filing dates and discovery" by February 10, 2025. Dkt. No. 32.

## 2. Figma's Motion for Expedited Discovery (Dkt. No. 29)

In response to Figma's Motion for Expedited Discovery (Dkt. 29), the parties have agreed to the following:

- Each party will respond to a maximum of 8 interrogatories on an expedited basis.
- Each party may propound 18 requests for production.
- Responses to written discovery will be served within 14 days, instead of 30 days.

The initial sets of expedited written discovery were exchanged by the parties on February 6, 2025, with the responses due February 20, 2025.

**Figma's Statement:** Figma's motion for expedited discovery seeks the 30(b)(6) depositions of each Defendant on the specified topics, half-day depositions of two key witnesses—Haoran (Ryan) Zhang and Tim Yang—and depositions of any experts who submit declarations on behalf of Defendants. The focus of the discovery would be: (1) Defendants' development of their product, including any use of Figma's software; and (2) whether Figma would be irreparably harmed if Defendants were allowed to continue offering their product in the United States. Defendants' attempt to limit Figma's depositions to specific declarants chosen by Defendants is inappropriate and inconsistent with PI discovery practice. *See, e.g.*, *Mahroom v. Best W. Int'l, Inc.*, No. C07-02351 HRL, 2007 WL 2701325, at *2 (N.D. Cal. Sept. 13, 2007) (30(b)(6) depos before PI hearing); *Ascendiant Cap. Grp., LLC. v. Inova Tech., Inc.*, No. CV 10-3903 CAS (SSX), 2010 WL 11549890, at *2 (C.D. Cal. June 1, 2010) (ordering expedited depositions, including 30(b)(6) depositions, for any "testimony . . . reasonably believed to be necessary to obtain evidence for" PI hearing). The depositions of Mr. Zhang and Mr. Yang are particularly important because Mr. Zhang publicly admitted Motiff's intent to copy Figma's interface and that Motiff has obtained users switching Figma. Mr. Yang, specifically, created dozens of Figma accounts apparently to obfuscate scraping of Figma content. (Dkt. No. 29 at 5.)

**Defendants' Statement:** Defendants have noticed the depositions of the four Figma witnesses (percipient witnesses Megg Meneguzzi and John Lai, and expert witnesses Karan Singh, and W. Todd Schoettelkotte) who submitted declarations in support of Motiff's PI Motion The purpose of these depositions is to examine the statements and opinions made by these

declarants.  The broad depositions that Figma seeks with 30(b)(6) depositions from each of the three Defendants are more appropriate for discovery in the main case, rather than at the preliminary injunction stage.  Defendants propose, instead, that Figma have the opportunity to depose each of the percipient and expert witnesses who submit declarations in support of Defendants' opposition to the PI Motion. This will provide Plaintiff with ample opportunity to examine the statements and opinions made by these declarants.

Figma's cited case does not support its position for seeking broad ranging discovery. Rather, discovery for preliminary injunctions should be narrowly tailored to directly relate to the issues of the preliminary injunction. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066-69 (C.D. Cal. 2009) (denying motion for limited expedited discovery because copyright holder failed to establish good cause by, in part, failing to narrowly tailor its requests).

### 3. Defendants' Ex Parte Motion to Extend (Dkt. No. 31)

On January 30, 2025, Defendants moved *ex parte* to extend the briefing schedule and hearing on Figma's PI Motion.  The next day, the Court ordered the parties to file a joint statement on the filing dates and discovery by February 10, 2025, and set a status conference on the preliminary injunction for February 13, 2025. (ECF No. 32).

The original schedule and the parties' agreement appears below.

| Event | Original Date | Agreement |
| --- | --- | --- |
| PI motion & motion for expedited discovery | Filed Jan. 23, 2025 | -- |
| Defendants' opposition | Feb. 6, 2025 | Mar. 20, 2025 |
| Figma's reply | Feb. 13, 2025 | Apr. 17, 2025 |
| Hearing date (subject to Court's availability) | Feb. 27, 2025 | May 1, 2025 |

**Figma's Statement**:  Figma agrees to timely produce, subject to an operative protective order:  (1) versions of Figma source code corresponding to its registered copyrights; (2) authorized access to Figma's software application for purposes of the litigation; (3) each of the four Figma declarants for half-day deposition in late February, early March 2025; and (4)

discovery sufficient to show any public sources from which Figma's source code was derived.

**Defendants Statement**:  Defendants agree to timely produce, subject to an operative protective order:  (1) versions of Defendant's source code;  (2) authorized access to Defendants' software application for purpose of the litigation, which Motiff's technical expert has already reviewed; (3) witnesses for half-day deposition in late March, early April 2025 (subject to the parties' dispute in Section 2, above); and (4) responses to Figma's propounded discovery requests.  If Figma's information and witnesses are not timely produced, Defendants reserve the right to request additional time for obtaining the necessary discovery, preparing rebuttal expert reports and filing an opposition to the PI Motion.

Dated: February 10, 2025      MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
Richard S.J. Hung
Bita Rahebi
Ryan J. Malloy
Holly M. Petersen
Jonathan M. Morris

*Attorneys for Plaintiff*
FIGMA, INC.

Dated: February 10, 2025      SIDLEY AUSTIN LLP

By: */s/ Michael J. Bettinger*
Michael J. Bettinger
Samuel N. Tiu
Brooke S. Böll
Marissa X. Hernandez

*Attorneys for* Defendants
MOTIFF PTE. LTD., YUANFUDAO HK LTD., AND KANYUN HOLDING GROUP CO. LTD.

**ATTESTATION OF E-FILED SIGNATURE**

I, Richard S.J. Hung, am the ECF User whose ID and password are being used to file this Joint Statement. In compliance with Local Rule 5-1(i)(3) I hereby attest that every signatory has concurred in this filing.

Dated: February 10, 2025

　　　　　　　　　　　　　　　　　　　　　/s/ Richard S.J. Hung
　　　　　　　　　　　　　　　　　　　　　Richard S.J. Hung