**IIIORRISON FƎRSTER**

425 MARKET STREET
SAN FRANCISCO,
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

March 3, 2025

Writer's Direct Contact
(415) 268-7602
rhung@mofo.com

**VIA ECF**

The Honorable James Donato
United States District Judge
U.S. District Court for the Northern District of California

**Re:**    *Figma, Inc. v. Motiff Pte. LTD et al.*, No. 3:24-cv-06507-JD

Dear Judge Donato:

Under Federal Rules of Civil Procedure 34 and 37 and the Court's Standing Order for Discovery in Civil Cases, Figma asks that the Court order Defendants to produce:

- Issues 1 and 2: Documents and information (including emails and chat messages) about their use of Figma in developing the Motiff product (RFPs 3, 4, 5, 15, 16, 17; Rogs 1-5);
- Issue 3: Documents and information concerning the corporate structure, roles, and relationships with each other and affiliates, including their ties to ████████████ ████████████. (RFPs 11, 12, 14; Rog 8); and
- Issue 4: All versions of the Motiff source code and version control histories (RFPs 1, 3).

Counsel for the parties conferred in-person on these issues on February 24, 2025. Counsel for Figma attempted to confer with counsel for Defendants on additional issues on that date, but they abruptly said they needed to leave, citing a conflict. They have not yet agreed on a date to continue the meet-and-confer. Accordingly, Figma may submit a follow-up letter on additional issues.

## I.    Issue One: Defendants' Access and Use of Figma (RFPs 3, 4, 5, 15, 16; Rogs 1-5)

These interrogatories and RFPs seek information regarding: (1) Defendants' reliance on Figma in developing Motiff (Rogs 1 and 2 and RFP 3); (2) the individuals who accessed Figma or shared account credentials, and how that access occurred (RFPs 15 and 16 and Rog 3); (3) any efforts to reverse engineer Figma (Rog 4 and RFP 5); (4) why the Accused Features mirror Figma's (Rog 5); and (5) Defendants' documents concerning Figma (RFP 4).

Defendants have refused to produce documents or provide complete responses to these interrogatories before the preliminary injunction ("PI") hearing and have indicated that they are standing on their objections. Specifically, Defendants refuse to produce documents or provide complete responses to interrogatories regarding their access, reference, or use of Figma in developing the Accused Features. They have agreed only to provide a "rolling"

1

# IIIORRISON FOERSTER

response to Figma's Interrogatory No. 1, with complete documents and information about their misappropriation to come after the PI hearing. Defendants' current response to that Interrogatory is incomplete (by their own admission) and self-serving, as it does not purport to cover all of Defendants' access, reference, or use of Figma in developing Motiff.

This discovery is at the very core of Figma's PI motion. Defendants should be ordered to produce it within one week of the Court's order.

## II.    Issue Two:   Defendants' Refusal to Produce Emails and Chats (RFPs 4, 5, 13, 16, 17)

Defendants refuse to search for or produce any emails or chat messages—including emails or messages discussing copying or reverse engineering Figma software—before the PI hearing. Defendants first revealed their intent to withhold emails and chat messages on February 20, after delaying providing comments on Figma's draft ESI order (which required production of emails and chat messages) for 13 days.

The Court should order Defendants to produce emails and chat messages within one week for three reasons. First, the Standing Order for Discovery (at ¶ 3) requires it. Second, Figma defined "Documents" in its discovery requests to include emails and other communications. Defendants did not object to this definition in their responses, thereby waiving their current position. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection") (internal citations omitted).

Third, emails and chat messages discussing Defendants' access, reference, and use of Figma in developing Motiff are critical to Figma's case and PI motion. Defendants' employees are far more likely to have discussed their misappropriation of Figma's software in emails and chat messages than in formal documents like PowerPoints. *See Fed. Trade Comm'n v. Am. Future Sys., Inc.,* No. 20-cv-2266, 2023 WL 3559899 (E.D. Pa. Mar. 28, 2023), report and recommendation adopted as modified, No. 20-cv-2266, 2023 WL 3559319 (E.D. Pa. May 17, 2023) (ordering immediate production of employees' Slack messages because "[i]nternal communications may shed further light on [Defendants'] practices" and were thus probative to the injunctive relief sought). Locating these emails and messages would not be unduly burdensome, as Defendants already know who used Figma, when, and how during development.

## III.    Issue Three:   Defendants' Refusal to Provide Entity Information (RFPs 11, 12, 14; Rog 8)

These Interrogatories and RFPs seek information regarding: (1) the relationship between the Motiff Entities (RFP 11); (2) the corporate organizational structure of the Motiff Entities and any affiliates, ███████████████████████████. (RFP 12); (3) the roles of each entity in developing the Motiff product (Rog 8); and (4) Defendants' reasons for the incorporation of Motiff as a separate entity (RFP 14).

# IIIORRISON FOERSTER

Defendants refuse to produce documents and complete information. Defendants take this position despite revealing for the first time on February 20 (well after the parties appeared before the Court for a status conference) ███████████████████████ ███████████████████████████████████████. Worse, Defendants stated during the meet-and-confer that they reserve the right to argue that the relationships among Defendants and their affiliates are relevant to the scope of a PI order.

This discovery is highly relevant. For example, the discovery is relevant to Defendants' role in the development of the Motiff product, ████████████████████████ ████████████████████████████████████████████████████████████. It is also relevant to Figma's ability to show that individuals with access to the Figma product developed the Motiff product. It is further relevant to ensuring that the language of a PI order (should the Court issue one) covers all entities involved in the misappropriation.



████████████████████████████████████. This discovery is not burdensome, and Defendants have no basis for withholding it. Defendants should be ordered to produce responsive information and documents within one week of the Court's order.

## IV.    Issue Four:  Source Code and Version Control History (RFPs 1 and 3)

RFP 1 seeks all versions of the Motiff source code. RFP 3 seeks documents regarding Defendants' development process, which includes version control histories showing Defendants' changes over time to the Motiff source code. Version control systems are widely used in commercial software development and automatically maintain records of changes to source code over time. They are not burdensome to produce.

Defendants have demanded that Figma produce complete version control histories for Figma's own source code—which includes all prior versions—and Figma has agreed to do so. Nonetheless, Defendants have not agreed to produce the same.

Historical versions of Defendants' source code and version control data are highly relevant to Figma's case. For example, the historical versions may show that Defendants added large numbers of Accused Features to their code in a short timeframe, further evidencing copying. Earlier versions of source code, or the version control data, might contain comments that expressly reference Figma. If Defendants later modified their code to conceal evidence of copying, the version control history would reveal those changes.

Accordingly, Defendants should be ordered to produce all versions of the Motiff source code and version control data within one week of the Court's order.

**IIIORRISON FOERSTER**

Respectfully submitted,

Richard S.J. Hung
Counsel for Figma, Inc.

cc:    All counsel of record *(via ECF)*

**IIIORRISON FOERSTER**