# EXHIBIT C

1  RICHARD S.J. HUNG (CA SBN 197425)
   rhung@mofo.com
2  JONATHAN M. MORRIS (CA SBN 356152)
   jonathanmorris@mofo.com
3  HOLLY M. PETERSEN (CA SBN 351588)
   hollypetersen@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone:    (415) 268-7000
6  Facsimile:    (415) 268-7522

7  BITA RAHEBI (CA SBN 209351)
   brahebi@mofo.com
8  RYAN J. MALLOY (CA SBN 253512)
   rmalloy@mofo.com
9  Morrison & Foerster llp
   707 Wilshire Boulevard
10 Los Angeles, California 90017
   Telephone:    (213) 892-5200
11 Facsimile:    (213) 892-5454

12 *Attorneys for Plaintiff*
   FIGMA, INC.

13

14                UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17

18 FIGMA, INC.,                          Case No. 3:24-cv-06507-JD

19            Plaintiff,                 **PLAINTIFF FIGMA INC.'S FIRST SET
                                         OF REQUESTS FOR PRODUCTION
20      v.                               TO DEFENDANT MOTIFF PTE. LTD.**

21 MOTIFF PTE. LTD., YUANFUDAO HK
   LTD., and KANYUN HOLDINGS GROUP       Courtroom:  11, 19th Floor
22 CO. LTD.,                             Judge:  Hon. James Donato

23            Defendants.                Action Filed:  September 16, 2024
                                         Trial Date:  None Yet Set
24

25

26

27

28

1    Under Federal Rules of Civil Procedure Rules 26 and 34, Plaintiff Figma, Inc. ("Figma")

2   asks that Defendant Motiff Pte. Ltd. ("Motiff") produce the documents and things described

3   below for inspection and copying, within fourteen (14) days electronically or at the offices of

4   Morrison & Foerster, 425 Market St., San Francisco, CA 94105.

5    To the extent the Court limits expedited discovery to only 10 Requests for Production,

6   Figma designates the following as those that should be answered within 14 days:  1, 3-6, 10, and

7   15-18.  The remainder are propounded pursuant to the time afforded under the Federal Rules of

8   Civil Procedure.

9                                **DEFINITIONS**

10    1.    Each Request for Production incorporates each definition and instruction, as

11   appropriate.

12    2.    "Affiliate" refers to any other entity that has substantial influence, control,

13   financial interest, or ownership interest in another entity, including parent companies,

14   subsidiaries, joint ventures, sister companies, and other entities acting in concert with or under

15   common control or ownership of that entity.  Motiff's Affiliates include Defendants Yuanfudao

16   HK Ltd. ("Yuanfudao") and Kanyun Holding Co. Ltd. ("Kanyun").

17    3.    The terms "and," "all," and "or" are terms of inclusion and should be construed

18   both disjunctively and conjunctively.

19    4.    "Accused Feature or Element" refers to any aspect of the Motiff Product alleged to

20   infringe Figma's copyrights, as explained in Figma's Complaint or preliminary injunction motion.

21   This includes, but is not limited to, the Motiff Product's: (i) graphical user interface elements; (ii)

22   rendering behavior (e.g. bugs or idiosyncrasies in graphics rendering); (iii) shader code; (iv) GPU

23   identifier strings and corresponding workarounds; and (v) Help Center articles.

24    5.    "Communications" means oral or written communications of any kind, whether

25   direct or indirect, including inquiries, complaints, discussions, conversations, negotiations,

26   agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda,

27   notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct

28

messages (including SMS messages, text messages, Apple iMessages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications.

6. "Complaint" refers to the operative complaint (currently ECF No. 1).

7. "Concerning" refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually relating to the matter described in the request in which the term appears.

8. "Copying" refers to reproducing, mimicking, imitating, or otherwise replicating the functionality, design, structure, appearance, or underlying elements of the Figma Platform or any associated content, tools, or features, whether directly or indirectly.

9. "Defendants" means Motiff, Yuanfudao, and Kanyun, and any subsequently added defendants, including their employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, corporations or partnerships under their direction, and any other person or entity acting on their behalf or under their control.

10. "Document(s)" has its broadest definition under the Federal Rules, *e.g.*, anything that would be a "writing" or "recording" under Rule 101 of the Federal Rules of Evidence or a "document" under Rule 34 of the Federal Rules of Civil Procedure. "Document(s)" includes every original (and any copy with annotations or attachments) of every writing or recording, whether handwritten, typed, drawn, printed, or recorded by any physical, mechanical, electronic or electrical means, including electronically stored information and electronic data compilations. Non-identical drafts or annotated versions are separate Documents. For the avoidance of doubt, Documents includes Communications, including e-mails.

11. "Figma" means Figma and its agents, directors, officers, employees, representatives, attorneys, past or present, and any and all predecessor or successor companies, joint ventures, partnerships, corporations, or business entities. "Figma" also refers to any division, company, corporation, or other business entity affiliated with or owned by Figma, in whole or in part, and the agents, directors, officers, employees, consultants, and attorneys of any

of them, including all persons subject to Figma's direction or control or who are acting or purporting to act on its behalf.

12.     "Figma Platform" means any product, component, system, and related software applications, tools, and add-ons that are designed, developed, produced, tested, or distributed by Figma and its Affiliates, including, but not limited to, Figma Design, FigJam, Dev Mode, Figma Slides, the Figma Help Center, and other associated documentation.  "Figma Platform" also refers to the Source Code or source code segments for these products and their related scripts, libraries, and executables.

13.     "Master Subscription Agreement" or "MSA" refers to the Agreement between Figma and Yuanfudao, as well as any subsequent agreements, service orders, amendments, or modifications, including the Initial Service Order executed on May 18, 2020, attached as Exhibit A to Figma's Complaint, and any other agreements between Figma and the Motiff Entities or their employees.

14.     "Motiff Entities," refers collectively to Motiff, Yuanfudao, and Kanyun and their agents, directors, officers, employees, representatives, attorneys, past or present, and any and all predecessor or successor companies, joint ventures, partnerships, corporations, or business entities.  "Motiff Entities" also refer to any division, company, corporation, or other business entity affiliated with or owned by Defendants in whole or in part, or that owns Defendants in whole or in part, and the agents, directors, officers, employees, consultants, and attorneys of any of them, including all persons subject to Defendant's direction or control or who are acting or purporting to act on its behalf.

15.     "Motiff Product" refers to any product, component, system, and related software applications, tools, and add-ons that are produced, tested, distributed, or sold by the Motiff Entities, including all versions, updates, derivatives, and related materials.  "Motiff Product" also refers to the Source Code or source code segments for these products and their related scripts, libraries, and executables.

16.     "Reverse Engineering" refers to any attempt to discover, analyze, or replicate the underlying structure, Source Code, object code, ideas, know-how, algorithms, architecture, or proprietary features of the Figma Platform or any associated content, tools, or features.

17.     "Source Code" means computer instructions and data definitions, as well as associated documents, comments and revision histories, formulas, engineering specifications, or schematics, that define or otherwise describe in detail the algorithms or structure of software or hardware designs, expressed in a form suitable for input to an assembler, compiler, or other data translator or other data processing module.  "Source Code" may be written in any programming language or scripting language.

18.     "User" means any person or entity that has engaged with, utilized, subscribed to, purchased, or otherwise interacted with the Motiff Product or related services, whether on a free or paid basis.  This includes customers, trial users, testers, and individuals or entities targeted as potential users.

19.     "You" or "Your" refers to and includes the specific Defendant providing information in response to these Requests and their Affiliates, agents, directors, officers, employees, representatives, attorneys, past or present, and any and all predecessor or successor companies, joint ventures, partnerships, corporations, or business entities.  "You" and "Your" also refers to any division, company, corporation, or other business entity affiliated with or owned by Defendant Motiff in whole or in part, or that owns Defendant Motiff in whole or in part, and the agents, directors, officers, employees, consultants, and attorneys of any of them, including all persons subject to Defendant Motiff's direction or control or who are acting or purporting to act on its behalf.

## **INSTRUCTIONS**

1.     If You view a request, instruction, or definition as ambiguous, please identify the alleged ambiguity and Your interpretation when answering.

2.     If You object to part of a request, please indicate what you will produce in response to the remainder.

3.    If you claim privilege or work product protection when objecting or responding to a request, please provide a privilege log that identifies the withheld documents.

4.    Under Rule 26 of the Federal Rules of Civil Procedure, Your production in response to these requests is continuing.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All versions of the Source Code for the Motiff Product.

**REQUEST FOR PRODUCTION NO. 2:**

Two executable versions of the Motiff Product, including all paid features and tools such as Dev Mode.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning Your development and deployment process for any Accused Feature or Element, including the specific development timeframes, the corporations, entities, and individuals involved, materials and services (including Figma materials and services) upon which You relied, and Your manner and locations of distribution.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning Figma or the Figma Platform, including any public statements about Figma.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning any attempts to Reverse Engineer or Copy elements of the Figma Platform, including Figma Design or Dev Mode.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents that support or refute any defense to Figma's claims that You infringed or misused the Figma Platform in the development, deployment, or distribution of the Motiff Product.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show Motiff's marketing and pricing efforts and strategy, including against Figma and other competitors.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show all costs and expenditures incurred in the design, development, testing, production, deployment, and distribution of the Motiff Product.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show the revenues, recurring revenue, and subscription counts for the Motiff Product.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show revenues and free and paid accounts for Motiff or the Motiff Product, including U.S. revenues, the identity of U.S. Users, and their subscription or account type.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the organization and relationship of the Motiff Entities, including a listing of their employees and employee job titles and any agreements between or among the Motiff Entities.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show the corporate organizational structure of the Motiff Entities and any Affiliates, including organizational charts or similar documents.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents related to the MSA or any related service orders with Figma, including any discussion of terms, compliance, or potential breaches of the agreements.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show all reasons for the creation and incorporation of Motiff as a separate entity and the individuals involved in its formation.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning the sharing of passwords or other account information for access to the Figma Platform, including access provided under the service orders with Yuanfudao, or with any other entity or person.

1    **REQUEST FOR PRODUCTION NO. 16:**

2        Documents sufficient to show all individuals at the Motiff Entities who have accessed or

3    otherwise viewed the Figma Platform.

4    **REQUEST FOR PRODUCTION NO. 17:**

5        All Documents concerning the creation, review, or modification of content for the Motiff

6    Help Center, including references to or use of Figma's Help Center documentation.

7    **REQUEST FOR PRODUCTION NO. 18:**

8        If You claim that You can satisfy a judgment for damages, all Documents that support or

9    refute Your assertion, including identifying a list of assets and funds available to Motiff.

10

11

12   Dated: February 6, 2025                    MORRISON & FOERSTER LLP

13

14                                         By:  */s/ Richard S.J. Hung*
                                               Richard S.J. Hung

15                                             *Attorneys for Plaintiff*
                                               FIGMA, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

1 RICHARD S.J. HUNG (CA SBN 197425)
  rhung@mofo.com
2 JONATHAN M. MORRIS (CA SBN 356152)
  jonathanmorris@mofo.com
3 HOLLY M. PETERSEN (CA SBN 351588)
  hollypetersen@mofo.com
4 MORRISON & FOERSTER LLP
  425 Market Street
5 San Francisco, California 94105-2482
  Telephone:    (415) 268-7000
6 Facsimile:    (415) 268-7522

7 BITA RAHEBI (CA SBN 209351)
  brahebi@mofo.com
8 RYAN J. MALLOY (CA SBN 253512)
  rmalloy@mofo.com
9 MORRISON & FOERSTER LLP
  707 Wilshire Boulevard
10 Los Angeles, California 90017
   Telephone:    (213) 892-5200
11 Facsimile:    (213) 892-5454

12 *Attorneys for Plaintiff*
   FIGMA, INC.

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18 FIGMA, INC.,                          Case No. 3:24-cv-06507-JD

19            Plaintiff,                  **PROOF OF SERVICE**

20       v.
                                          Courtroom:  11, 19th Floor
21 MOTIFF PTE. LTD., YUANFUDAO HK         Judge:  Hon. James Donato
   LTD., and KANYUN HOLDINGS GROUP
22 CO. LTD.,                              Action Filed:  September 16, 2024
                                          Trial Date:  None Yet Set
23            Defendants.

24

25

26

27

28

1

**PROOF OF SERVICE**

2          I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 707 Wilshire Bouldevard, Los Angeles, California 90017.  I am not a party to the within cause,
3  and I am over the age of eighteen years.

4          I further declare that on February 6, 2025, I served a copy of:

5    •   **PLAINTIFF FIGMA INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
        TO DEFENDANT YUANFUDAO HK LTD.**
6
     •   **PLAINTIFF FIGMA INC.'S FIRST SET OF INTERROGATORIES TO
7        DEFENDANT KANYUN HOLDINGS GROUP CO. LTD.**

8    •   **PLAINTIFF FIGMA INC.'S FIRST SET OF INTERROGATORIES TO
        DEFENDANT MOTIFF PTE. LTD.**
9
     •   **PLAINTIFF FIGMA INC.'S FIRST SET OF INTERROGATORIES TO
10       DEFENDANT YUANFUDAO HK LTD.**

11   •   **FIGMA'S NOTICE OF (30)(B)(6) DEPOSITION OF KANYUN HOLDINGS
        GROUP CO. LTD.**
12
     •   **FIGMA'S NOTICE OF (30)(B)(6) DEPOSITION OF MOTIFF PTE. LTD.**
13
     •   **FIGMA'S NOTICE OF (30)(B)(6) DEPOSITION OF YUANFUDAO HK LTD.**
14
     •   **PLAINTIFF FIGMA INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
15       TO DEFENDANT KANYUN HOLDINGS GROUP CO. LTD.**

16   •   **PLAINTIFF FIGMA INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
        TO DEFENDANT MOTIFF PTE. LTD.**
17

18   ☒   **BY PERSONAL SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy
        thereof enclosed in a sealed envelope addressed as follows for collection and delivery at
19       the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s)
        listed above to the person(s) at the address(es) set forth below.

20       I am readily familiar with Morrison & Foerster LLP's practice for the collection and
        processing of documents for hand delivery and know that in the ordinary course of
21       Morrison & Foerster LLP's business practice the document(s) described above will be
        taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's
22       addressee (or left with an employee or person in charge of the addressee's office) on the
        same date that it is placed at Morrison & Foerster LLP's mailroom.

23

24

25

26

27

28

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD., AND
KANYUN HOLDING GROUP CO. LTD.

| | |
|---|---|
| Michael J. Bettinger | Samuel N. Tiu |
| SIDLEY AUSTIN LLP | Brooke S. Böll |
| 555 California Street, Suite 2000 | Marissa X. Hernandez |
| San Francisco, CA 94104 | SIDLEY AUSTIN LLP |
| Telephone: (415) 772-1200 | 350 South Grand Avenue |
| Facsimile: (415) 772-7400 | Los Angeles, CA 90071 |
| Email: mbettinger@sidley.com | Telephone: (213) 896-6095 |
| | Facsimile: (213) 896-6600 |
| | Email: stiu@sidley.com |
| | Email: brooke.boll@sidley.com |
| | Email: marissa.hernandez@sidley.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Los Angeles, California this 6th day of February, 2025.

| | |
|---|---|
| Silvia Specht | */s/ Silvia Specht* |
| (typed) | (signature) |