| | |
|---|---|
| 1 | Michael Bettinger (CA SBN 122196) |
| | SIDLEY AUSTIN LLP |
| 2 | 555 California Street, Suite 2000 |
| | San Francisco, California 94104-1715 |
| 3 | Phone: (415) 772-1200 |
| | Fax: (415) 772-7400 |
| 4 | mbettinger@sidley.com |
| 5 | Samuel N. Tiu (CA SBN 216291) |
| | Eric B. Schwartz (CA SBN 266554) |
| 6 | Brooke S. Böll (CA SBN 318372) |
| | Marissa X. Hernandez (CA SBN 341449) |
| 7 | SIDLEY AUSTIN LLP |
| | 350 South Grand Avenue |
| 8 | Los Angeles, CA 90071 |
| | Phone: (213) 896-6095 |
| 9 | Fax: (213) 896-6600 |
| | stiu@sidley.com |
| 10 | eschwartz@sidley.com |
| | brooke.boll@sidley.com |
| 11 | marissa.hernandez@sidley.com |
| 12 | Attorneys for Defendants |
| | MOTIFF PTE. LTD., YUANFUDAO HK LTD., |
| 13 | and KANYUN HOLDING GROUP CO. LTD. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIGMA, INC., | Case No. 3:24-cv-06507-JD |
| Plaintiff, | Judge: Hon. James Donato |
| vs. | **DEFENDANTS' RESPONSE STATEMENT TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (DKT. 45)** |
| MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDING GROUP CO. LTD., | |
| Defendants. | |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendants Motiff Pte. Ltd., Yuanfudao HK Ltd., and Kanyun Holding Group Co. Ltd. ("Defendants") hereby request that this Court enter an order that portions of Exhibit B filed in support of Plaintiff Figma Inc.'s ("Plaintiff") discovery letter brief be sealed pursuant to the less extensive sealing Defendants propose herein ("Defendants' Response").

As stated in the Administrative Motion, portions of Exhibit B to the discovery letter brief (attached to the Declaration of Samuel Tiu as Exhibit A) contain, summarize, or reflect the content of Defendants' highly confidential, proprietary, trade secret, and/or commercially sensitive information. In support of their request, Defendants submits this statement, the accompanying Declaration of Samuel N. Tiu ("Tiu Decl."), and a proposed order. Accordingly, Defendants request that the Court file the following under seal ("Proposed Sealing") which is less extensive than Plaintiff's proposal in its Administrative Motion:

| Document | Portion(s) to Seal | Reasons for Sealing |
|---|---|---|
| Exhibit B to Letter Brief (Defendants' Responses to Plaintiff Figma, Inc.'s First Set of Interrogatories) (ECF No. 45-2) | 3:25-6:1. *See* Tiu Decl., Ex. A. | Confidential and proprietary information concerning the research and development of the Motiff product *See* Tiu Decl., ¶ 3. |

## I. LEGAL STANDARD

Courts in this District apply a good-cause standard to sealing information in filings related to non-dispositive motions and apply a compelling-reasons standard to sealing information in filings related to dispositive motions. *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393, 2014 WL 2879851, at *5-6 (N.D. Cal. June 24, 2014) (Donato, J.) (granting motion to seal finding that "good cause ha[d] been shown to seal [the] material, and that the minimal redactions sought by [plaintiff were] narrowly tailored"). This Circuit has "carved out an exception to the presumption of access" to documents attached to non-dispositive motions, determining that "the public has less of a need for access" to such documents because those documents are typically "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Therefore, a "good cause" showing under Rule 26(c) will

1  suffice to keep sealed records attached to non-dispositive motions, including discovery motions. *Id.*
2  at 1180; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (explaining that discovery
3  is largely "conducted in private as a matter of modern practice," so the public is not presumed to
4  have a right of access to it).

5  Pursuant to Civil Local Rules 79-5(c)(1), (f), Defendants, as the Designating Party, must
6  provide "a specific statement of the applicable legal standard and the reasons for keeping a
7  document under seal, including an explanation of: (i) the legitimate private or public interests that
8  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
9  alternative to sealing is not sufficient."

## II.   DISCUSSION

Defendants seek to seal a small subset of Exhibit B that Figma filed in support of its discovery letter brief. Good cause exists to seal the Proposed Sealing because the information contained therein reflects Defendants' highly confidential, proprietary, trade secret, and/or commercially sensitive information concerning the research and development of the Motiff product. Sealing is appropriate here as necessary to prevent judicial documents from being used as sources of business information that might harm Defendants' competitive standing. *See, e.g.*, *Laatz v. Zazzle, Inc.*, No. 5:22-cv-04844, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024) (finding good cause to seal exhibits to discovery motion because they "contain information related to [defendant]'s business structure, strategies, and practices, public disclosure of which would harm [defendant]'s competitive standing"); *Dean v. Colgate-Palmolive Co.*, No. 15-cv-00107, 2018 WL 6265003, at *3 (C.D. Cal. Mar. 8, 2018) (granting motion to seal after determining defendant had shown good cause because material referred to defendant's "confidential research, development, or commercial information"); *Dynetix Design Sols. Inc. v. Synopsys Inc.*, No. 11-cv-05973, 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013) (granting motion to seal because exhibits in support of motion to compel "contain methods that [defendant] use[d] to develop certain product features, which could aid competitors to avoid certain pitfalls and develop competing products more quickly than they otherwise would have.")

Here, any disclosure of Defendants' confidential and proprietary information would cause them to suffer competitive harm by allowing competitors access to such non-public information. Tiu Decl., ¶ 3. The Proposed Sealing details the step-by-step research and development process utilized by Defendants' engineers to create the Motiff product, including the unique combination of resources used and nuanced workarounds implemented by Motiff's engineers to develop Motiff's source code. *Id.*, Ex. A at 3-6. This information is not publicly available or publicly disclosed and has been maintained by Defendants in a confidential manner. *Id.* ¶ 3. The dissemination of such information contained in the Proposed Sealing could be used by a competitor to reverse engineer Motiff's product, provide insight into Defendants' proprietary methods of unique workarounds implemented by Motiff's engineers, or to inflict competitive harm on Defendants. *Id.* ¶ 3.

There is no public interest in discovering Defendants' confidential and proprietary information concerning the research and development of the Motiff product. In fact, the public dissemination of such information would be harmful to Defendants' competitive standing. By contrast, Defendants have an interest in limiting the individuals who have access to the Proposed Sealing. To deny sealing would effectively vitiate Defendants' ability to protect the confidential and proprietary information concerning the research and development of the Motiff product. Nor is there any less restrictive alternative to sealing, since describing the material Defendants seek to seal is tantamount to revealing the details of its content.

Lastly, the Proposed Sealing is narrowly tailored, in compliance with Civil Local Rule 79-5(c)(3) and the Standing Order for Civil Cases Before Judge James Donato. Defendants seek to seal roughly two pages of a 15-page long exhibit attached to a four-page long discovery letter brief. Defendants are not proposing to seal the discovery letter brief nor Exhibit A attached thereto.

Accordingly, Defendants request that the Court seal the Proposed Sealing.

///

///

///

///

### III. CONCLUSION

Defendants therefore respectfully request that the Court grant Plaintiff's Administrative Motion pursuant to the modifications in Defendants' Response and seal the Proposed Sealing.

Respectfully submitted,

SIDLEY AUSTIN LLP

Dated: March 10, 2025     By:  /s/ Samuel N. Tiu
                               Michael Bettinger
                               Samuel N. Tiu
                               Eric B. Schwartz
                               Brooke S. Böll
                               Marissa X. Hernandez

                               Attorneys for Defendants
                               MOTIFF PTE. LTD., YUANFUDAO HK
                               LTD., and KANYUN HOLDING GROUP
                               CO. LTD.

4

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED – CASE NO. 3:24-CV-06507-JD

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

/s/ *Samuel N. Tiu*
Samuel N. Tiu