1  Michael J. Bettinger (CA SBN 122196)
   mbettinger@sidley.com
2  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
3  San Francisco, CA 94104
   Telephone: (415) 772-1200
4  Facsimile: (415) 772-7400

5  Samuel N. Tiu (CA SBN 216291)
   stiu@sidley.com
6  Eric B. Schwartz (CA SBN 266554)
   eschwartz@sidley.com
7  Brooke S. Böll (CA SBN 318372)
   brooke.boll@sidley.com
8  Marissa X. Hernandez (CA SBN 341449)
   marissa.hernandez@sidley.com
9  SIDLEY AUSTIN LLP
   350 South Grand Avenue
10 Los Angeles, CA 90071
   Telephone: (213) 896-6000
11 Facsimile: (213) 896-6600

12 *Attorneys for Defendants*
   MOTIFF PTE. LTD., YUANFUDAO HK LTD.,
13 AND KANYUN HOLDING GROUP CO. LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIGMA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDING GROUP CO. LTD., <br><br> Defendants. | Case No. 3:24-cv-06507-JD <br><br> **DEFENDANTS' OBJECTION AND MOTION TO STRIKE OR DISREGARD THE EXPERT DECLARATION OF KARAN SINGH, PH.D.** <br><br> Assigned to: Hon. James Donato <br><br> Date: May 1, 2025 <br> Time: 10:00 a.m. <br> Place: San Francisco Courthouse <br>    Courtroom 11, 19th Floor <br>    450 Golden Gate Avenue <br>    San Francisco, CA 94102 |

- I -

**TO THE COURT, PLAINTIFF AND ITS ATTORNEYS OF RECORD PLEASE TAKE NOTICE THAT**, on May 1, 2025 at 10:00 a.m., before the Honorable Judge James Donato of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Motiff Pte. Ltd., Yuanfudao HK Ltd., and Kanyun Holding Group Co. Ltd. (collectively "Motiff") will and hereby do object to the declaration of Karan Singh, Ph.D. filed in support of Plaintiff Figma, Inc.'s ("Figma") Preliminary Injunction Motion, Dkt. 28-11 ("Singh Decl." or "Singh Declaration") and move this Court for an order striking or disregarding the Singh Declaration.

This motion is based upon the Complaint in this action, this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Proposed Order, the supporting Declaration of Brooke S. Böll filed concurrently herewith, Motiff's Opposition to Figma's Motion for Preliminary Injunction and all supporting documents, as well as the papers, evidence, and records on file in this action, and any other written or oral evidence or argument presented at or before the time this motion is heard by the Court.

Date: March 20, 2025

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Samuel N. Tiu
　　Michael J. Bettinger
　　Samuel N. Tiu
　　Eric B. Schwartz
　　Brooke S. Böll
　　Marissa X. Hernandez

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD., AND KANYUN HOLDING GROUP CO. LTD.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In support of its Preliminary Injunction Motion ("PI Motion"), Figma filed the Declaration of Karan Singh, Ph.D. ("Dr. Singh"), Dkt. 28-11 ("Singh Decl."), purporting to provide expert analyses and opinions concluding that Motiff copied Figma's design software platform ("Figma Platform"). Singh Decl. ¶¶ 33-37.

During Dr. Singh's deposition, it became clear that he ████████████████████ ████████████████████████████████████████████████ Instead, Dr. Singh wa███ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Declaration of Brooke S. Böll ("Böll Decl."), Ex. 1, Singh Deposition ("Singh Tr.") 11:19-17:4. In Dr. Singh's own words:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Singh Tr. 208:7-208:14 (emphasis added).

An unprincipled *sense* about what *might* be operating and copied, based on selective screenshots of alleged copying supplied by counsel, is not reliable expert testimony under Rule 702 of the Federal Rules of Evidence ("FRE") 702. Instead, Dr. Singh's declaration constitutes the analysis and argument of Figma's counsel masquerading as expert testimony.

Equally troubling ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ The source of the screenshots matters. Motiff's expert, Dr. Cory Plock, recently discovered that at least one of the screenshots was manufactured for this case, and does not reflect what is in the registered source code produced by Figma. Figma's failure

1

to produce this version of the Figma Platform in discovery likewise warrants striking of Dr. Singh's declaration under Rule 37 of the Federal Rules of Civil Procedure ("FRCP"). *See ASUS Comput. Int'l v. Round Rock Rsch., LLC*, No. 12-cv-02099, 2014 WL 1463609, at *5-6, *10 (N.D. Cal. Apr. 11, 2014).

Accordingly, Motiff respectfully requests that the Court strike Dr. Singh's declaration under FRE Rule 702 as an unreliable, counsel-created declaration, and also under FRCP Rule 37 due to Figma's refusal to provide the underlying version of the Figma Platform software relied by Dr. Singh to form his opinions.

## II.    BACKGROUND

### A.    Dr. Singh's Attorney-Created Declaration

Figma filed its Complaint on September 16, 2024. Dkt. 1. The Complaint alleged that Motiff launched its accused product on June 5, 2024. *Id.* ¶23. Dr. Singh was ███████████████████████████████████████ Singh Tr. 6:18-25. Because he was ███████████████████████████████████████ *Id.* 11:19-12:10; 228:2-11.

Before being engaged in this case by Figma counsel, Dr. Singh ██████████████████████████████████████████████████████. *Id.* 8:16-9:16.

On January 23, 2025, Figma filed its PI Motion, and the Singh Declaration (signed January 17, 2025 in India) in support. Dkt. 28-11. The declaration is essentially a memorialization of examples of alleged copying identified and fed to Dr. Singh by counsel for Figma. Examples include the following:

| Alleged Evidence of Copying | How Identified |
|---|---|
| Motiff allegedly copied four shader codes viewable to the public in Figma's minified code. Singh Decl. ¶¶40-50. | ███████ Singh Tr. 64:23-66:1. ███████ Singh Tr. 78:17-79:1; 79:25-81:1; 81:19-82:23. |
| "The Motiff Product's document format shares similarities with the '.fig' document | ███████ Singh Tr. 113:4-114:1; 130:24- |

2

DEFENDANTS' OBJECTION AND MOTION TO STRIKE OR DISREGARD THE EXPERT DECLARATION OF KARAN SINGH, PH.D.
CASE NO. 3:24-CV-06507

| Alleged Evidence of Copying | How Identified |
|---|---|
| format from the Figma's Platform." Singh Decl. ¶¶64-77. | 131:7 |
| "The Motiff product's autosave schema . . . share objective similarities of expressive elements that appear in an older version of Figma Design's autosave schema and indicate copying." Singh Decl. ¶¶ 78-84 | An image supporting his opinion was ██████ Singh Tr. 129:24-130:7. |
| "The Motiff product uses a similar render tree and includes a tool that prints the Motiff render tree in a similar format" to Figma. Singh Decl. ¶¶ 85-87. | The images in support were ██████ Singh Tr. 135:14-136:20 |
| "The Figma Platform's rendering code contains various bugs and idiosyncrasies; the Motiff product replicates many of these same bugs and idiosyncrasies." Singh Decl. ¶¶ 88-108. | The bugs ██████ Singh Tr. 145:13-15, 160:12-19. |
| "The Motiff product reproduces an undisclosed bug in Figma Design's API calls that allows free users to bypass limitations against accessing certain paid features." Singh Decl. ¶109 | ██████ Singh Tr. 16:16-17:4; 23:17-24:6 |

Even though Dr. Singh ██████ and January 17, 2025 when he signed his declaration, ██████ Singh Tr. 29:25-30:15; 32:15-33:7.

3

DEFENDANTS' OBJECTION AND MOTION TO STRIKE OR DISREGARD THE EXPERT DECLARATION OF KARAN SINGH, PH.D.
CASE NO. 3:24-CV-06507

[REDACTED]

*Id.* 206:25-208:16.

### B. Figma's Refusal to Provide the Version of the Software Shown to Dr. Singh

Dr. Singh claims [REDACTED] Dr. Singh believes [REDACTED] He testified to [REDACTED] Later on in the deposition, [REDACTED]

As explained by Dr. Plock, the notation of the "**https://staging.figma.com**" origin link (contained in the red box above) on the Figma (left) side of this image from Dr. Singh's declaration (Dkt. 28-11 at 16) indicates that this version of the Figma Platform was *internally* hosted by Figma for Dr. Singh, and is not the version that is accessible to the public using the current version of the Figma Platform provided to Motiff's counsel and expert, Dr. Plock. *See* Declaration of Dr. Cory Plock in Support of Defendants' Opposition to Figma's Preliminary Injunction Motion, "Plock Decl." ¶¶ 123-24. This raises serious questions about the images provided by Figma's counsel to Dr. Singh and where they came from.

4

DEFENDANTS' OBJECTION AND MOTION TO STRIKE OR DISREGARD THE EXPERT DECLARATION OF KARAN SINGH, PH.D.
CASE NO. 3:24-CV-06507

During the expedited discovery for the PI Motion as agreed to by the parties (Dkt. 36 at 5), Motiff requested all "documents and *things* reviewed, relied upon, and generated by Dr. Karan Singh in making his declaration." Böll Decl., Ex. 2 (RFP 4). As soon as Motiff's counsel learned during Dr. Singh's deposition ████████████████████████████████████████████████ Singh Tr. 127:1-5. After the deposition, Motiff followed up its request in writing, asking:

> RFP 5 requests full versions of Figma Design web tool and executable versions. RFP 4 requests all documents and things reviewed, relied upon, and generated by Dr. Singh in making his declaration. Figma has only provided access to the most recent version of its Figma Design product, ████████████████████████████████████████ We ask for the production of any and all earlier versions of the Figma design product that Dr. Singh was using or viewed for purposes of his declaration.

Böll Decl. ¶¶ 4, 6, Ex. 3 (Parties' email correspondence) at 3.

The parties met and conferred on March 5, 2025 in person, and Figma refused to produce the version of the Figma Platform reviewed and relied on by Dr. Singh in forming his opinions. *Id.*, ¶¶ 4-6, Ex. 3 at 2. In a follow up email memorializing the parties' meet and confer, Figma asserted that it was "unreasonable" for Motiff to ask Figma to "host and serve a new website that runs a prior version of Figma's source code." *Id.* But as shown above, this "host[ing] and serv[ing] a new website that runs a prior version of Figma's source code" was exactly what Figma specially did for and showed to Dr. Singh to rely on for his declaration, as explained by Motiff's expert Dr. Plock. Plock Decl. ¶¶ 123-24.

Motiff also asked Figma to produce "all the underlying files and documents that were used to generate the images in Dr. Singh provided by counsel." Böll Decl. ¶ 6, Ex. 3 at 3. Figma took the position that "there are no additional documents to produce here" because it has already produced its source code. *Id.*, Ex. 3 at 2. But when Dr. Plock reviewed the various versions of source code

5

produced by Figma, he did not find the version of the Figma Platform shown to and relied on by Dr. Singh that reflects, for example, the "figma-autosave-v2" in the above reproduced image from Dr. Singh's declaration. Plock Decl. ¶ 125. This calls into question whether *any* of the screenshots provided by counsel in Dr. Singh's declaration were from the public version of the Figma Platform, or whether they came from this "staging" version that Figma specially provided to Dr. Singh but refused to provide to Motiff.

### III.  DISCUSSION

#### A.  Dr. Singh's Declaration Should Be Stricken Under FRE 702 Because it Simply Parrots Counsel's Work.

Dr. Singh's declaration is unreliable and should be stricken for failure to comply with FRE Rule 702. Rule 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

The expert likewise cannot outsource his analysis to his client's counsel. *Holley v. Gilead Scis. Inc.*, No. 18-cv-06972, 2023 WL 2440237, at *3 (N.D. Cal. Mar. 9, 2023) (excluding expert reports where counsel provided report content that the Court found went to the heart of the case). "Where an expert merely offers his client's opinion as his own, that opinion may be excluded." *ASK Chemicals, LP v. Comput. Packages, Inc.*, 593 F. App'x. 506, 510 (6th Cir. 2014) (unpublished) (citations omitted); *see also James T. Scatuorchio Racing Stable v. Walmac Stud Mgt., LLC*, No. 5:11–374, 2014 WL 1744848, at *7 (E.D. Ky. Apr. 30, 2014) ("Courts have found exclusion of an expert under Rule 37 appropriate when a report is improperly adopting the opinion of another"). "Determining whether counsel crosses the line separating permissible assistance from improper participation in the expert's report writing calls for 'a fact-specific inquiry.' The key question is 'whether counsel's participation so exceeds the bounds of legitimate assistance as to negate the possibility that the expert actually prepared his own report.'" *Numatics, Inc. v. Balluff, Inc.*, 66 F. Supp. 3d 934, 942-43 (E.D. Mich.

6

DEFENDANTS' OBJECTION AND MOTION TO STRIKE OR DISREGARD THE EXPERT DECLARATION OF KARAN SINGH, PH.D.
CASE NO. 3:24-CV-06507

2014) (excluding expert). A report by an expert that is simply parroting counsel's work, is no more valid than an attorney declaration masquerading as an expert. *Tseng v. Home Depot USA, Inc.*, No. C05-0908, 2006 WL 521723, at *3 (W.D. Wash. Mar. 2, 2006) (striking attorney declaration in support of preliminary injunction motion "because it contains conclusory attorney argument that 'masquerades' as expert opinion, as well as conclusory factual statements, which are improper").

Here, Dr. Singh's testimony is not the product of reliable principles and methods, nor has he reliably applied the principles and methods to the facts of the case. Neither is based on sufficient facts or data, as required by FRE Rule 702. Instead, ████████████████████████████████ He is simply ████████████████████ which is not permissible under the federal rules or the case law. His report should therefore be stricken.[1]

**B.     Dr. Singh's Declaration Should Be Stricken under FRCP 37 Due to Figma's Prejudicial Failure to Produce Materials He Relied Upon.**

FRCP Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ***on a motion***, ***at a hearing***, or at a trial." (emphasis added). When a party fails to produce discovery as required, his opponent may move to strike references to the undisclosed discovery based on Federal Rule of Civil Procedure 37." *ASUS Comput. Int'l v. Round Rock Rsch., LLC*, No. 12-cv-02099, 2014 WL 1463609, at *5-6, *10 (N.D. Cal. Apr. 11, 2014) (striking portions of two expert reports under FRCP 37 where one was "[b]ased on [t]hird [p]arty [d]ocuments [n]ot [p]roduced" (at *5-6) and the other "rel[ies] on technical documents and [] testing report that [plaintiff] did not produce during discovery" (at *10)).

---

[1] Motiff acknowledges that there is case law stating that a "trial court may give even inadmissible evidence some weight" in a preliminary injunction analysis. *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (inadmissible evidence being hearsay). However, Dr. Singh's unreliable opinions go to the very heart of the likelihood of success prong for preliminary injunction. Thus, those cases are distinguishable. But if the Court elects not to strike the Singh Declaration on the grounds stated in the foregoing section, the Court should disregard his opinions or give them little to no weight for the reasons stated herein.

1        Here, fundamental fairness dictates that Dr. Singh's declaration should be stricken under FRCP Rule 37. As discussed above, Figma made a special staging website for Dr. Singh to review and rely upon but unequivocally refused to provide the same access to Motiff. *See supra* Section II.B. As such, there is no way for Motiff to fully assess and examine whether ████████ and the allegations in Dr. Singh's declaration really existed in the version of the Figma Platform analyzed by Dr. Singh, or what are their causes. Figma's gameplaying prejudices Motiff's ability to evaluate the assertions of copying in Dr. Singh's declaration and warrants striking Dr. Singh's declaration. *ASUS Comput. Int'l,* 2014 WL 1463609, at *5-6 and at *10.

       Motiff notes that Figma cannot cure the significant issues with Dr. Singh's declaration by submitting new declarations, documents, things, or information after Motiff's opposition deadline, as that would be impermissible sandbagging. *Holley*, 2023 WL 2440237, at *2 ("Gilead cannot now supplement by declaration information that it instructed its witnesses not to provide during their depositions"); *In re Capacitors Antitrust Litigation*, Case No. 14-cv-03264, 2017 WL 897340 at *1 (N.D. Cal. March 7, 2017) ("Raising new arguments in a reply brief is a classic form of sandbagging that is barred under Paragraph 15 of the Court's Standing Order for Civil Cases.").

## IV.   CONCLUSION

       For the foregoing reasons, Dr. Singh's declaration should be stricken. In the alternative, it should be disregarded or given little to no weight.

Date: March 20, 2025                                    Respectfully submitted,

                                                                             SIDLEY AUSTIN LLP

                                                               By: */s/ Samuel N. Tiu*
                                                                           Michael J. Bettinger
                                                                           Samuel N. Tiu
                                                                           Eric B. Schwartz
                                                                           Brooke S. Böll
                                                                           Marissa X. Hernandez

                                                                 *Attorneys for Defendants*
                                                                 MOTIFF PTE. LTD., YUANFUDAO HK LTD.,
                                                                 AND KANYUN HOLDING GROUP CO. LTD.

8

DEFENDANTS' OBJECTION AND MOTION TO STRIKE OR DISREGARD THE EXPERT DECLARATION OF KARAN SINGH, PH.D.
CASE NO. 3:24-CV-06507

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

/s/ *Samuel N. Tiu*
Samuel N. Tiu

9

DEFENDANTS' OBJECTION AND MOTION TO STRIKE OR DISREGARD THE EXPERT DECLARATION OF KARAN SINGH, PH.D.
CASE NO. 3:24-CV-06507

4938-4430-0307