Exhibit 3
Redacted Version

| | |
|---|---|
| **From:** | Malloy, Ryan J. |
| **To:** | Böll, Brooke S; Morris, Jonathan M.; Petersen, Holly M. |
| **Cc:** | Hung, Richard S. J.; Rahebi, Bita; Specht, Silvia T.; Gerrish, Gina L.; Bettinger, Mike; Tiu, Samuel N.; Hernandez, Marissa X.; Terry, Maxwell H.; Gregg, Nancy L. |
| **Subject:** | RE: Figma v. Motiff et al. - Meet and Confer |
| **Date:** | Wednesday, March 5, 2025 9:07:14 PM |
| **Attachments:** | image001.png |

**EXTERNAL EMAIL - Use caution with links and attachments.**

Hi Brooke,

Thanks for meeting and conferring with us today. Below is a summary of our discussion of discovery issues raised by Figma. Below that, in bold, are our on-line responses to your email on discovery issues raised by Defendants.

**Discovery Issues Raised by Figma**

**Date Certain for Document Production**. Defendants declined to provide a date certain (or even a ballpark date) for producing documents responsive to Figma's RFPs. If Defendants do not provide a date by the end of the week, then Figma may seek relief from the Court.

**Definition of "Motiff Product."** We asked Defendants to explain their objections to the term "Motiff Product." Defendants assured us that they are not seeking to exclude any product similar or related to the accused Motiff product and instead are objecting to hypothetical products like educational software.

**RFP 7 – Marketing and Pricing Strategy**. We explained that this RFP covers Defendant's internal marketing and pricing strategy documents, not just public-facing documents. Defendants said they would look into producing such documents. Thank you for doing so. If Defendants do not agree to produce these documents by the end of the week, then Figma may seek relief from the Court.

**RFP 8 – Development and Operational Costs**. Defendants represented that the phrase "development and marketing" in their response covers "design, development, testing, production, deployment, and distribution" (the language of the request). Thus, our understanding is that Defendants are producing a complete set of documents responsive to this RFP. Defendants nonetheless questioned the RFP's relevance. We explained that these documents are relevant to issues such as whether Defendants are intentionally pricing the Motiff product aggressively (or even at a loss) to undercut Figma and take its customer base.

**RFP 9 – Revenue and Subscription Count Data**. Defendants stated they are producing revenue and subscription count data for paid subscribers this week and intend to produce, but are still collecting, this data for free subscribers. Defendants could not provide a date by which they would produce the free-subscriber data. Thus, our understanding is that Defendants are producing a complete set of documents responsive to this RFP, and the only issue is the date for the free-subscriber data.

**RFP 10 – U.S. User Identities and Accounts**. Defendant stated that they were providing user identities (including email addresses) for paid subscribers this week and intend to produce, but are still collecting, this information for free subscribers. Defendants could not provide a date by which they would produce the free-subscriber data. Thus, our understanding is that Defendants are producing a complete set of documents responsive to this RFP, and the only issue is the date for the free-subscriber data.

**RFP 18 – Defendants' Ability to Satisfy a Judgment**. Defendants stated they will produce responsive documents with their PI opposition brief if they take the position that they are able to satisfy a judgment.

**ROG 6 – Defendants' Efforts to Attract U.S. Users**. We explained that this interrogatory seeks information regarding Defendant's internal strategy for attracting U.S. users, not a list of public-facing documents. Defendants stated they will consider supplementing their response to provide that information. If Defendants do not agree to do so by the end of the week, then Figma may seek relief from the Court.

**ROG 7 – Pricing Determination Process**. We explained that this interrogatory seeks information regarding Defendant's internal pricing strategy, not a list of public-facing documents. Defendants stated they will consider supplementing their response to provide that information. If Defendants do not agree to do so by the end of the week, then Figma may seek relief from the Court.

**From:** Böll, Brooke S <brooke.boll@sidley.com>
**Sent:** Wednesday, March 5, 2025 6:25 PM
**To:** Malloy, Ryan J. <RMalloy@mofo.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** [EXT] RE: Figma v. Motiff et al. - Meet and Confer

Counsel,

Thank you for the meet and confer. We write to memorialize our discussion regarding Figma's deficiencies.

*Interrogatory No. 1 (source code for accused features)* – thank you for your commitment to provide a fulsome response identifying

accused features by file and line number. We requested a supplement before Defendants' expert is due to inspect the source code this Friday. However, Figma could only promise a supplement on this fundamental issue by March 13, just one week before Defendants' current opposition deadline. You refused to agree to an extension for Defendants' opposition brief in view of this belated supplementation. We look forward to your forthcoming complete supplement, however, the parties reached an impasse at least as to the timing of this supplementation and its impact on Defendants' upcoming opposition deadline.

**Defendants' characterization of this issue is incorrect. Figma already provided a complete response to this interrogatory (including in the Appendix to our interrogatory response). As a compromise to moot the present discovery dispute, we agreed to provide additional analysis as soon as we can, and by no later than next Thursday. This additional analysis that we are performing—extensive code review performed primarily by outside counsel—is not information reasonably accessible to Figma and is not required for an interrogatory response. We undertook this effort only as a discovery compromise. We reject Defendants' attempt to use our discovery compromise against us as an excuse for delaying their opposition brief.**

*Interrogatory No. 2 (new and revised as distinct from previous versions)* – we learned for the first time at the meet and confer today that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ just two weeks before Defendants' opposition deadline. We expect all documents related to this, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓, will be produced to us as soon as possible. It appears likely that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ will significantly change Defendants' understanding of the scope of the copyright infringement allegations and will require Defendants to conduct a different and additional analysis on at least the likelihood of success factor. We thus reserve all rights to seek an extension of the upcoming opposition deadline in view of this late breaking development and we will revisit Figma's deficient response upon review of documents related to this.

**Defendants' characterization of this issue is incorrect in some regards. We explained that Figma ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and we will promptly produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. While we disagree with Defendants' interpretation of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ moot the issue. These documents are not voluminous and will not impact Defendants' opposition deadline.**

*Interrogatory No. 3 (identification of open source and licensed portions of source code)* – we look forward to your response tomorrow on whether you will identify open source and licensed portions of source code found within the sections of source code that correspond to accused features.

**We agree to this.**

*Interrogatory No. 4 (calculation of statutory damages)* – Figma refuses to quantify its alleged statutory damages. Thus, the parties reached impasse.

**We explained that Figma does not currently seek statutory damages. There is nothing to quantify at this time.**

*RFP Nos. 4-5 (documents and things relied on by Dr. Singh)* – Figma refuses to provide the older version of its Figma Design product relied on by Dr. Singh in forming his opinions, even though Figma is capable of generating a webpage that would allow Defendants to understand the full context in which Dr. Singh's selective screenshots were generated. Thus, the parties reached impasse.

**Defendants' position here is unreasonable. Defendants are not seeking documents, but instead demanding that Figma host and serve a new website that runs a prior version of Figma's source code. We asked you to provide any discovery rule or authority that would require Figma to do this. You have not provided any such rule or authority. As far as <u>documents</u> go, we are making all versions (i.e., commits) of source code available. There are no additional documents to produce here.**

*RFP Nos. 6-9 (internal design and development documents)* – to date, Figma has taken the position that internal design and development documents are not relevant because the source code is what is sufficient to show the development of accused features. Figma confirmed it has not searched emails or other repositories for technical documents (despite seeking similar internal information from Defendants). As we explained on the meet and confer, these are relevant to numerous issues including, for example, whether certain accused features are industry standard versus unique and what may be open sourced or licensed versus potentially protectable. We look forward to your response by tomorrow as to whether you will search email or other sources for internal design and development documents.

**We disagree with Defendants' position. As noted, Figma is producing all versions of its source code, along with version control histories reflecting engineers' comments about each version. These documents tell the complete story of Figma's development of its product. For the first time today, you demanded <u>unidentified</u> Figma emails about development of its product. Your only explanation for demanding these emails is that Figma sought emails from Defendants—i.e., tit-for-tat discovery practice.**

**There is a big difference here. Figma requested specific, highly relevant emails from Defendants—namely, emails discussing Defendants' use of Figma in developing the Motiff product. We did not ask Defendants for all emails about their development of Motiff—or even the accused features—as you are demanding from Figma here.**

**If Defendants similarly identify a well-defined set of Figma emails that Defendants genuinely need to support a defense, then we will collect and produce them. But Figma does not agree to produce random, miscellaneous emails about product development that have no connection to the claims and defenses in this case.**

*RFP No. 14* – Figma refuses to produce its customer support tickets for June 2024 to present, despite relying on certain select tickets to support its motion. Thus, the parties reached impasse.

**We asked Defendants narrow the scope of customer support tickets that they are requesting. Defendants insisted, however,**

that Figma must produce any customer support ticket whatsoever—login/password problems, etc.  While we consider that unreasonable, we remain willing to consider narrowing proposals.

Best regards,
Brooke
**BROOKE S. BOLL**
Senior Managing Associate
**SIDLEY AUSTIN LLP**
+1 213 896 6633
brooke.boll@sidley.com

---

**From:** Böll, Brooke S
**Sent:** Wednesday, March 5, 2025 10:50 AM
**To:** Malloy, Ryan J. <RMalloy@mofo.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** RE: Figma v. Motiff et al. - Meet and Confer

Counsel,

Thank you. We will send around a Zoom invitation later today for remote attendees.

We also would like to discuss Figma's incomplete production of its Figma Design software and the underlying source files in Dr. Singh's declaration that were provided to him by counsel.  RFP 5 requests full versions of Figma Design web tool and executable versions.  RFP 4 requests all documents and things reviewed, relied upon, and generated by Dr. Singh in making his declaration.  Figma has only provided access to the most recent version of its Figma Design product, but has not provided access to or produced an executable version for the version that Dr. Singh was using or viewed for purpose of his declaration, as revealed in his deposition.  We ask for the production of any and all earlier versions of the Figma design product that Dr. Singh was using or viewed for purposes of his declaration.  Additionally, we ask that Figma produce all the underlying files and documents that were used to generate the images in Dr. Singh provided by counsel.

Best,
Brooke
**BROOKE S. BOLL**
Senior Managing Associate
**SIDLEY AUSTIN LLP**
+1 213 896 6633
brooke.boll@sidley.com

---

**From:** Malloy, Ryan J. <RMalloy@mofo.com>
**Sent:** Wednesday, March 5, 2025 9:38 AM
**To:** Böll, Brooke S <brooke.boll@sidley.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** RE: Figma v. Motiff et al. - Meet and Confer

Thanks, Brooke.  I will attend in-person.  At least Jonathan and Holly will attend remotely.

Please make sure to reserve enough time to discuss all the issues Figma raised in my email below.  We are happy to discuss the issues you raised below as well, and we will reserve the time to do so.

Regards,

Ryan

---

**From:** Böll, Brooke S <brooke.boll@sidley.com>
**Sent:** Wednesday, March 5, 2025 8:08 AM
**To:** Malloy, Ryan J. <RMalloy@mofo.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** [EXT] RE: Figma v. Motiff et al. - Meet and Confer

Counsel,

We are available to confer at Sidley's LA offices at 4pm today. Please let us know the names of in person attendees for the security list and let us know if there will be any remote attendees that will need a Zoom link so we can make appropriate arrangements.

Please be prepared to discuss Figma's outstanding deficiencies, including:

- Deficient responses to Interrogatory No. 1 seeking identification of source code corresponding to accused functionality
- Deficient responses to Interrogatory Nos. 2 and 3, seeking identification by file name and line number of the "new and revised" source code that is protected under Figma's copyright registrations as distinct from those expressly excluded;
- Deficient responses to Interrogatory No. 4, seeking at least a calculation of statutory damages;
- Failure to produce any internal design documents (RFP Nos. 6-9); and
- Failure to produce any customer support tickets aside from those selectively provided to support Plaintiff's motion (RFP No. 14).

Best,
Brooke
**BROOKE S. BOLL**
Senior Managing Associate
**SIDLEY AUSTIN LLP**
+1 213 896 6633
brooke.boll@sidley.com

---

**From:** Malloy, Ryan J. <RMalloy@mofo.com>
**Sent:** Tuesday, March 4, 2025 6:15 PM
**To:** Böll, Brooke S <brooke.boll@sidley.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** Re: Figma v. Motiff et al. - Meet and Confer

Counsel,

We still have not heard from you. We are available for an in-person meet-and-confer tomorrow starting at 11:30 a.m. or 4 p.m. PT. We are willing to come to Sidley's LA or SF office. Please let us know ASAP. If we do not hear from you by tomorrow COB, then we will have no choice but to inform the Court.

Regards,

Ryan

Ryan Malloy
Morrison & Foerster LLP
(213) 892-5482

---

**From:** Malloy, Ryan J. <RMalloy@mofo.com>
**Sent:** Monday, March 3, 2025 10:08:18 PM
**To:** Böll, Brooke S <brooke.boll@sidley.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** RE: Figma v. Motiff et al. - Meet and Confer

Counsel,

We did not receive a response to my email below. We have been trying to schedule a date to continue the meet-and-confer for a week since you left the February 24 meet-and-confer prematurely. Please propose dates and locations on Tuesday or Wednesday for an in-person meet-and-confer to discuss at least the issues below. Please make sure to reserve adequate time to discuss these issues and any issues that you would like to address.

1. RFP 7: Refusal to produce documents sufficient to show marketing and pricing strategy.
2. RFP 8: Failure to make prompt financials production; response unclear as to whether Defendants will produce all responsive documents.
3. RFP 9: Refusal to produce documents sufficient to show subscription counts for the Motiff

Product; failure to make prompt financials production.
4. RFP 10:  Refusal to produce documents sufficient to show free and paid accounts for Motiff or the Motiff Product and the identity of U.S. Users, and their subscription or account type; failure to make prompt financials production.
5. RFP 18:  Refusal to produce documents.
6. Rog. 6:  Incomplete response.  For example, omits social media posts (Ryan Zhang).
7. Rog. 7:  Incomplete response.  For example, does not address consideration of runway, return of investment, or profitability.

Regards,

Ryan

---

**From:** Malloy, Ryan J. <RMalloy@mofo.com>
**Sent:** Friday, February 28, 2025 3:45 PM
**To:** Böll, Brooke S <brooke.boll@sidley.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** Re: Figma v. Motiff et al. - Meet and Confer

Hi Brooke,

Following up on my email below — Figma agrees to produce version control histories with prior commits for its code.  Please confirm by close of business today that Defendants will do the same for the Motiff code.

Counsel for the parties were not able to meet and confer at today's deposition, but I understand folks had flights to catch.  Could you please provide proposed times to meet and confer in person on Monday?

As discussed at the deposition today, we understand that Defendants agree to additional time as needed for translated depos.  We appreciate the cooperation.

Ryan Malloy
Morrison & Foerster LLP
(213) 892-5482

---

**From:** Malloy, Ryan J. <RMalloy@mofo.com>
**Sent:** Thursday, February 27, 2025 3:30:12 PM
**To:** Böll, Brooke S <brooke.boll@sidley.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** RE: Figma v. Motiff et al. - Meet and Confer

Hi Brooke,

Please see our responses in bold below.

---

**From:** Böll, Brooke S <brooke.boll@sidley.com>
**Sent:** Wednesday, February 26, 2025 4:02 PM
**To:** Malloy, Ryan J. <RMalloy@mofo.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** [EXT] RE: Figma v. Motiff et al. - Meet and Confer

Ryan,

We disagree with your characterizations of the meet and confer and your general approach of waiting for our investigation and our responses before agreeing to produce what you already know exists at Figma. You have been investigating issues on Figma's side and were aware of what was likely to be needed for expedited discovery since certainly before you filed in September 2024. By contrast, we are just one month into working on this case and thus it is very reasonable for our investigation to be ongoing. Furthermore, we have depositions of Figma's witnesses upcoming this week and early next and our opposition to follow, while you will not be deposing our witnesses for at least another month and your reply deadline is almost two months away. We are working as diligently as possible on matters relevant to the preliminary injunction and it is wrong to characterize Defendants as not committing to provide what is relevant to the preliminary injunction in a timely manner.

We did discuss all the issues identified in your email, as we actually ping-ponged back and forth during our meet and confer between Figma's issues and Defendants' issues. But we are happy to continue the discussion next week.

**This is not true. You and Mr. Tiu stood up and left the room in the middle of our questions, stating that you had a conflict that prevented you from continuing the meet-and-confer (which you did not inform us of before the meet-and-confer). Due to the time constraints on the parties, we will need to continue the meet-and-confer tomorrow at the Singh deposition.**

<u>Figma's Deficiencies</u>

*File names and line numbers* – For Defendants' Interrogatory Nos. 1-4, if you cannot provide a date certain for fulsome and substantive supplementation by tomorrow, we will need to discuss an extension to Defendants' opposition deadline. Further, we disagree that Figma's Interrogatory Nos. 1 and 5 (which we have already provided substantial responses to based on our investigation to date) even call for identification of file names or line numbers.

**For the reasons discussed, we disagree with Defendants' position on this issue. We've already provided detailed information responsive to these interrogatories, including file names where possible. As we've explained, attempting to provide more granular information could be misleading and inaccurate due to code interdependencies. We note that Figma has already provided far more detailed information linking its code to asserted features than Defendants have, despite the fact that Figma's Interrogatory Nos. 1 and 5 do cover this information. Nonetheless, we are looking into whether there is any additional information that we can provide as a compromise, and we will provide an updated position as soon as possible.**

*Design and development documents* – you claim to have produced "documents sufficient to show Figma's development of the accused features." Can you please point us to the bates range of those documents by tomorrow? We have reviewed Figma's entire document production to date, and we have not seen <u>any</u> internal design or development documents. Thus, we maintain our request for supplementation in advance of Dr. Singh's deposition.

**We disagree with Defendants' position on this issue as well. The best source of information on the design and development is the source code we produced. Moreover, these documents are unrelated to Dr. Singh's deposition, as he does not offer opinions on Figma's development of its source code.**

*Version control repository* – we look forward to receiving your response by the end of this week.

**We are looking into this and will follow-up shortly. We look forward to Defendants' response on the same issue by tomorrow.**

*Customer support tickets* – we look forward to receiving your response by the end of this week.

**Customer support tickets is obviously quite broad. We are evaluating the feasibility of different ways of narrowing the scope of customer support tickets for review. We are happy to discuss further at the deposition tomorrow.**

<u>Figma's Issues</u>

*Alleged Access or Use of Figma* – as we explained on the meet and confer, we are conducting a reasonable search for documents regarding the design and development process for the Motiff tool. We will not withhold any of those documents unless any are privileged. If access or use of Figma was involved in design or development, you will be receiving those documents. Further, we already explained that Motiff engineers reviewed public information as explained in response to Interrogatory No. 1. We fail to understand how anything beyond the design and development documents for Motiff and the narrative responses is relevant at this stage.

**Unfortunately, we are at an impasse on this issue. The important "design and development" issue here is the one you are evading: Defendant's use of Figma for design and development purposes. You are refusing to provide complete documents and information about that issue in advance of the PI hearing**

and instead providing a "rolling response" that currently consists of incomplete, self-serving information.  And you are currently standing on your objections to interrogatories that ask how Defendants' used Figma.

*Email and chats* – it should not be a surprise that discovery of email or chat messages cannot possibly occur on the expedited timeline for the preliminary injunction discovery that Figma has urged. We can revisit this issue after the preliminary injunction hearing. As you can understand, given the other pressing matters such as production and inspection of source code, revisions to the ESI Order are relatively lower priority. Indeed, you could have raised email discovery in the context of our status conference hearing and the joint submission beforehand but you did not, suggesting you also view it as low priority. We will work with you on the appropriate parameters for email discovery later in the case. By contrast, Figma put its customer support tickets directly at issue by selectively relying on certain such materials to support its motion.

**Unfortunately, we are at an impasse on this issue.  Emails and chats in which Defendants' employees discussed their use of Figma in designing Motiff are high priority.**

*Entity relationship information* – as we explained on the meet and confer, we fail to see how information about corporate structure is relevant to the preliminary injunction motion. You did not articulate a basis for relevance in the meet and confer or in your email. Please identify how this is relevant to the preliminary injunction motion.

**Unfortunately, we are at an impasse on this issue.  We explained why the relationships among the Defendants and their affiliates are relevant, including that Defendants and their affiliates might exploit those relationships to seek to evade the scope of the PI order or evade discovery obligations.  We think it is obvious that the relationship between Defendants and the entity that developed Motiff is relevant, and it shouldn't be burdensome for Defendants to provide that information.**

*RFPs 11-16, 18* – as we explained on the meet and confer, we fail to see how RFPs 11-14 (which seek information about corporate structure) are relevant to the preliminary injunction motion. You did not articulate a basis for relevance in the meet and confer or in your email. As explained on the meet and confer, for RFPs 15-16, any information that is relevant at this stage is limited to pre-complaint design and development work, and Defendants are collecting that. As explained on the meet and confer, for RFP 18, Defendants will provide documentation regarding its ability to satisfy a judgment if Defendants decide to make that argument in opposing a preliminary injunction. Otherwise, it is irrelevant at this stage.

**Unfortunately, we are at an impasse on this issue.  The corporate structure information is relevant for the reasons I just discussed.  Moreover, Defendants' post-complaint design work is obviously relevant to issues such as the extent to which misappropriation is ongoing and Defendants' ongoing use of the Figma information that they misappropriated (and the resulting harms to Figma).**

*RFPs 3-5* – as we explained on the meet and confer, we fail to see how post-complaint development work is relevant to the preliminary injunction motion. You did not articulate a basis for relevance in the meet and confer or in your email. Please identify how this is relevant to the preliminary injunction motion.

**Unfortunately, we are at an impasse on this issue for the reasons just discussed.**

*Source code versions* – we had been previously confused by your term "version control metadata" and your insistence on production of "all versions" which is almost certainly terabytes of source code. We are investigating what types of version control logs or repositories are available, if any, and will get back to you. We do not have an answer today and your request for an answer today is unreasonable. Again, we note that RFP 1 requests all versions of the source code (which is overbroad) and does not request "version control metadata."

**Thanks for looking into this.  We look forward to your final position on this by tomorrow.**

*Depositions* – we are working on witness availability, as we have previously stated. We will not agree to full day depositions at this time. The Court ordered half-day depositions. There will be opportunities for further depositions after the preliminary injunction hearing when the case enters full discovery. It is not reasonable for Figma to take the position that it expected testimony in English when Figma sued entities incorporated and headquartered in countries where English is not the native language.

**This is unacceptable.  We did not know that Defendants' witnesses would be testifying in Mandarin.  The individual witnesses we deposed are English speakers to the best of our knowledge, and Motiff is based in Singapore (an English-speaking country).  Additionally, Mike Bettinger agreed that any translated depos would be afforded additional time.  Please be prepared to discuss at tomorrow's deposition.**
BROOKE S. BOLL
Senior Managing Associate
**SIDLEY AUSTIN LLP**
+1 213 896 6633
brooke.boll@sidley.com

**From:** Malloy, Ryan J. <RMalloy@mofo.com>
**Sent:** Tuesday, February 25, 2025 11:05 PM
**To:** Böll, Brooke S <brooke.boll@sidley.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** RE: Figma v. Motiff et al. - Meet and Confer

Hi Brooke,

Thanks for our meet and confer yesterday. Unfortunately, your team left the meet and confer before we could complete discussion of Figma's issues. Could we please continue the meet and confer on Figma's issues (as raised in our February 21 correspondence) at the Singh deposition this Friday? Below is a summary of the issues that we were able to discuss yesterday, as well as our response to your email from yesterday.

**Figma's Issues**

Defendants' Refusal to Produce Documents and Information About Their Access and Use of Figma (RFPs 3, 4, 5, 15, 16; Rogs 1-5)

Defendants acknowledged their responses to Rogs 1-5 are incomplete. Defendants said they would provide a rolling response to Rog 1, but would not commit to completing it before the PI hearing or by any date certain. Regarding Rogs 2-5, Defendants refused to provide any additional information regarding Defendants access to Figma and use of reverse engineering and copying of Figma before the PI hearing, stating that they are standing on their objections. Defendants further refused to produce documents on Defendants' access and use of Figma prior to the PI hearing.

Defendants' Refusal to Produce Emails and Chats (RFPs 4, 5, 13, 17)

Defendants informed us for the first time that they will not produce any emails or chats before the PI hearing—even emails or chats that expressly discuss copying or reverse engineering Figma. (Defendants took this position despite demanding that Figma search its ESI systems for customer communications.) Defendants took this surprise position after delaying providing comments on our draft ESI order for 13 days.

Defendants' Refusal to Provide Entity Information (RFPs 11, 12, 14; Rog 8)

Defendants refuse to produce documents or provide complete responses on the structure and relationships of the Motiff Entities, including ties to Beijing Kanyun Software Co. While Defendants deny that they have a corporate relationship to Beijing Kanyun Software Co., Defendants would not address whether they share employees with that company. Defendants stated that they are standing on their objections to these RFPs and Rog. Defendants nonetheless stated that they reserve the right to rely on distinctions between the Defendants and their affiliates (including Beijing Kanyun Software Co.) in connection with Figma's PI motion.

Defendants' Refusal to Produce Any Docs at All in Response to Several RFPs (RFPs 11-16, 18)

Defendants are standing on their objections and will not produce any documents responsive to these RFPs.

Post-Complaint Documents (at least RFPs 3-5)

Defendants will not produce any post-complaint documents responsive to these RFPs.

All Versions of the Motiff Source Code (RFP 1)

Defendants are considering producing all versions of the Motiff source code. Please let us know no later than tomorrow, February 26, if Defendants will produce all versions.

Depo Dates for Defendants' Witnesses

Defendants stated that they expect these depositions to occur in the first week of April in Hong Kong and that the witnesses will testify in Mandarin. Please provide complete details ASAP so that we can make travel and translation arrangements. Please plan for full-day depositions of these witnesses given the need for translations.

**Defendants' Issues**

In response to your email below, we believe that Figma's interrogatory responses and document production have been fulsome and timely, and we disagree with your claims of prejudice. Nonetheless, we are working with our client to determine whether it is possible to provide additional information in response to the bullet points that you list under "COB tomorrow." As we work through that issue, could you please let us know whether Defendants are willing to supplement their responses to Figma Rogs 1 and 5 to identify the file names and line numbers in

Defendants' source code that correspond to the accused functionalities?

Regarding the bullet points listed under "Before the Singh deposition on Friday," we expect to produce the excerpts of Figma's and Defendants' minimized shader code from which Dr. Singh produced the diff comparisons provided in his declaration prior to Friday. We already produced documents sufficient to show Figma's development of the accused features, and we do not anticipate producing additional such documents before Friday.

We are looking into your question about the GitHub version control repository and look forward to your answer regarding Defendants' version control repository. We disagree, however, that Defendants' RFP No. 10 is directed to version control repositories—subject matter that you professed not to understand yesterday and thus could not possibly be what the RFP was intended to cover. We are also looking into your question about customer support tickets and will follow-up as soon as we have more information.

Regards,

Ryan

---

**From:** Böll, Brooke S <brooke.boll@sidley.com>
**Sent:** Monday, February 24, 2025 9:47 PM
**To:** Malloy, Ryan J. <RMalloy@mofo.com>; Morris, Jonathan M. <JonathanMorris@mofo.com>; Petersen, Holly M. <HollyPetersen@mofo.com>
**Cc:** Hung, Richard S. J. <RHung@mofo.com>; Rahebi, Bita <BRahebi@mofo.com>; Specht, Silvia T. <SSpecht@mofo.com>; Gerrish, Gina L. <GGerrish@mofo.com>; Bettinger, Mike <mbettinger@sidley.com>; Tiu, Samuel N. <stiu@sidley.com>; Böll, Brooke S <brooke.boll@sidley.com>; Hernandez, Marissa X. <marissa.hernandez@sidley.com>; Terry, Maxwell H. <maxwell.terry@sidley.com>; Gregg, Nancy L. <ngregg@sidley.com>
**Subject:** [EXT] Figma v. Motiff et al. - Meet and Confer

Counsel,

Thank you for the meet and confer today at your offices.

As discussed, Defendants' position is that the parties should focus their energy now on what is needed for the preliminary injunction motion. Defendants' issues are particularly pressing in view of the upcoming depositions of Figma's witnesses and Defendants' upcoming opposition deadline. Any delay is prejudicial to our preparation for the review of Figma's source code and our response to the preliminary injunction motion.

We appreciate your commitment to the following and look forward to hearing further from you this week.

By COB tomorrow:
- Identification of file names and line numbers that correspond to accused functionality (Interrogatory No. 1)
- Identification of file names and line numbers corresponding to what is "new and revised computer code" as opposed to previous versions excluded from Figma's copyright registrations (Interrogatory No. 2). As we discussed, we are amenable to limiting this interrogatory to source code pertinent to the accused features.
- Identification of file names and line numbers corresponding to what is open source and licensed-in components (Interrogatory No. 3)
- Quantification of statutory damages (Interrogatory No. 4)

Before the Singh Deposition on Friday:
- Documents relied upon or generated by Dr. Singh in preparing his declaration (RFP No. 4)
- Internal design and development documents (RFP Nos. 6-9)

We reiterate our request that Figma make available for Defendants' upcoming inspection the Github version control repository for Figma's source code (see, e.g., RFP No. 10, among others). In parallel we are consulting with our clients to determine whether they have similar information. Regardless, it is improper for Figma to continue to withhold known responsive version control information, and any delay is unfairly prejudicing our ability to prepare a response to Figma's preliminary injunction motion. Please confirm you will make the version control repository available on Wednesday.

We also look forward to receiving a response this week on the proposed compromise of production of customer support tickets (RFP No. 14) to be narrowed to just June 2024 to the present for purposes of this expedited discovery period.

Best regards,
Brooke

**BROOKE S. BOLL**
Senior Managing Associate
**SIDLEY AUSTIN LLP**
350 S. Grand Avenue
Los Angeles, CA 90071
+1 213 896 6633
brooke.boll@sidley.com
www.sidley.com

SIDLEY

*********************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.
*********************************************************************************************

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.