

SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 213 896 6095
STIU@SIDLEY.COM

March 21, 2025

The Honorable James Donato                                                              **VIA CM/ECF**
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

    Re:    Defendants' Response to Plaintiff's Discovery Letter Brief (ECF No. 44, 49)
              <u>Figma, Inc. v. Motiff Pte. Ltd. et al.</u>, Case No. 3:24-cv-06507-JD

Dear Judge Donato:

       Figma has taken the untenable position that fact discovery needs to be completed and that Defendants must conduct a complete comb through all documents, emails, chats, and personnel on an expedited preliminary injunction discovery timeline. The Court directed the parties to focus their efforts on discovery necessary to the preliminary injunction, and that is exactly what Defendants have done. Defendants are focused on the merits of the Figma's allegations rather than endless discovery-related posturing and a fishing expedition.

       Figma's discovery letter mischaracterizes Defendants as obstructionist.[1] Defendants have produced what is relevant to resolution of the preliminary injunction, including source code, internal technical documents, pricing and pricing policies, sale information, user information, and marketing materials, and have provided fulsome interrogatory responses and have made the key witnesses identified by Figma available for deposition.[2]

<u>Issue 1: Defendants Have Produced Design and Development Documents.</u>

       Figma's demands for Issue 1 amount to a fishing expedition. A "complete" response would require an interview of every employee and to dig through every document (ESI or otherwise) in the company for any mention of Figma. This is overbroad for ordinary fact discovery, and way more than needed for expedited preliminary injunction discovery. But, in view of the breadth of Figma's requests, Defendants agreed to, and did, search for and produce internal design and development documents, including those that mention Figma.

---

[1] Defendants' counsel did not abruptly leave a meet and confer. At the outset of the meeting, counsel advised of another meeting later in the afternoon. Counsel left only after an hour and a half of conferring where <u>all</u> parties' issues were discussed.

[2] Though the Court has not requested a response to the issues in Figma's second letter brief (ECF No. 50), Defendants can address those issues in a separate letter if the Court would find it helpful. The short answer is Defendants conducted a search and did not find additional documents than what Defendants have already provided to Figma.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

In addition to the documents, Defendants have provided a narrative response to Figma's interrogatories, explaining the development history of the product and access to certain public Figma information during that process. *See* Response to Interrogatory No. 1. Defendants have also submitted detailed declarations in line with these responses. ECF Nos. 60-2 and 60-4. Figma will have the opportunity to depose Defendants' witnesses/declarants and 30(b)(6) designees the week of March 31 regarding alleged access and use of Figma's product before its reply brief. This is certainly sufficient for purposes of expedited preliminary injunction discovery.

Figma's insistence on a "complete" response in advance of the May hearing is improper. Defendants have diligently provided discovery based on a reasonable investigation on a time-crunched basis. Fact discovery will be ongoing after the hearing, as the case develops. Defendants are aware of no obligation to preclude themselves now from further production or responses as full discovery unfolds, and Figma cites to none.

Issue 2: Expedited Discovery of Emails and Chats is Not Appropriate.

Defendants' position is that email discovery should be addressed (if any) during the course of normal fact discovery. This will permit both sides to identify custodians and search terms and agree to reciprocal limits for the number of emails to be reviewed.[3] Defendants' view is that the Court's order regarding ESI in Patent Cases is applicable to this matter, since it involves highly technical issues such as comparison of the alleged similarity of source code. And, even if the Court's General Standing Order for Discovery in Civil Cases is applied, it does not contemplate discovery of transitory material such as chat messages and in the special circumstances of preliminary injunction expedited discovery.

Regardless of which standing order applies, none of the RFPs identified by Figma (4, 5, 13, 16, and 17) specifically call for communications, thus a reasonable investigation for documents responsive to them would not encompass email (or chat). And Defendants have not waived any objections. The *Richmark Corp. v. Timber Falling Consultants* case is inapposite, as there the defendant did not respond to the discovery requests at all. 959 F.2d 1468, 1472 (9th Cir. 1992). Here, Defendants objected to each of the RFPs at issue as overbroad, unduly burdensome, and not proportional to the needs of the case, including based on the requests' use of "all documents" and "all individuals" (among other objections).

Figma claims Defendants are "likely to have discussed their misappropriation of Figma's software in emails and chat messages." This unfounded conclusion is a mere fishing expedition that will only serve to run up litigation expenses further in the short term. To be clear, this is not a trade secret misappropriation case. Defendants had no access to and did not copy Figma's source code, as demonstrated by Defendants' expert's analysis. *E.g.*, ECF No. 60-8 ¶¶ 54-70. Product similarities do not amount to copyright infringement. The question here is whether there are sufficient protectable similarities between the products and underlying source code to rise to the level of copyright infringement. It is clear from the expert's review of the source code that

---

[3] Though Figma accuses Defendants of not engaging on ESI, over a month has passed and Defendants still have not received a response to the draft they provided to Figma on February 20. Further, Figma has failed to produce any emails, chat messages, or other similar communications and has to date expressly refused to conduct searches of those materials.

there are not, and internal communications have nothing to do with this threshold objective analysis. *Id.*

Further, Figma's request does not address concerns of undue burden or proportionality. Figma stretches to cite a case in the Eastern District of Pennsylvania, but it is inapplicable to expedited preliminary injunction discovery in a copyright infringement dispute. In that case, the Court recognized relevance for a *permanent* injunction in an action *filed by the government* involving violations specifically related to *communications* by telemarketers, among other issues. *See Fed. Trade Comm'n v. Am. Future Sys., Inc.*, No. 2:20-CV-02266-JHS, 2023 WL 3559899, at *6 (E.D. Pa. Mar. 28, 2023). Even there, custodians and search terms were identified to address scope concerns, which has not been done here. *Id.* at *7.

Issue 3: Figma Fails to Tie the Relevance of Its Requests to the Preliminary Injunction.

Figma's requests in Issue 3 are not tied to any discovery needed for the preliminary injunction motion. The corporate organizational structure and relationship between Motiff entities has no bearing on the preliminary injunction. There is no conceivable tie between Defendants' corporate form and the likelihood of success on the merits of Figma's claims of copyright infringement or breach of contract. And the language of Figma's proposed preliminary injunction order has already been set forth in its motion.

There is no "shell game" and Defendants are not hiding anything. Defendants identified unnamed company Beijing Kanyun Software Co. as the entity that developed the Motiff product in its timely-served response to Figma's interrogatories without any hassle. The requested further discovery on corporate relationships is not relevant at this early stage.

Issue 4: Defendants Have Produced the Relevant Source Code Versions.

As Defendants have explained, production of "all versions of the Motiff source code" as requested by Figma is extremely burdensome and requires production of many terabytes of data as there are hundreds of versions. Thus, Defendants have made available for inspection a June 2024 version of Motiff source code, which is the version as of the product's commercial launch before the September 2024 filing of the complaint, and a February 2025 version of Motiff source code that was current at the time of the production. This sufficiently addresses Figma's (false) assertion of copying or that source code may have been modified after filing to conceal copying. And as discussed above for Issue 1, Defendants have also provided documents, responses, and witness testimony to address the design and development of Motiff's product. This is sufficient for purposes of evaluating the merits at the expedited preliminary injunction stage.

Figma's claim that Defendants "demanded that Figma produce complete version control histories for [its] source code" is false. Defendants requested very specific versions of Figma source code. ECF No. 55-3, at 6-7 (RFP 1-2). It was Figma who volunteered this production after learning in meet and confer that the versions of its source code that it had obtained copyright registrations for do not even cover the accused features. ECF No. 55, at 5-6. Figma then produced this source code information a week before Defendants' opposition brief deadline, precluding Defendants from having enough time to review and address it in time.

Defendants respectfully ask that Figma's requests should be denied.

Respectfully submitted,

Samuel N. Tiu
Sidley Austin LLP
*Attorney for Defendants*