1   RICHARD S.J. HUNG (CA SBN 197425)
    rhung@mofo.com
2   JONATHAN M. MORRIS (CA SBN 356152)
    jonathanmorris@mofo.com
3   HOLLY M. PETERSEN (CA SBN 351588)
    hollypetersen@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California 94105-2482
    Telephone:    (415) 268-7000
6   Facsimile:    (415) 268-7522

7   BITA RAHEBI (CA SBN 209351)
    brahebi@mofo.com
8   RYAN J. MALLOY (CA SBN 253512)
    rmalloy@mofo.com
9   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
10  Los Angeles, California 90017
    Telephone:    (213) 892-5200
11  Facsimile:    (213) 892-5454

12  *Attorneys for Plaintiff*
    FIGMA, INC.
13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17

18  FIGMA, INC.,                              Case No. 3:24-cv-06507-JD

19                  Plaintiff,                **FIGMA'S RESPONSE STATEMENT
                                              TO DEFENDANTS'**
20          v.                                **ADMINISTRATIVE MOTION TO
                                              CONSIDER WHETHER ANOTHER
21  MOTIFF PTE. LTD., YUANFUDAO HK            PARTY'S MATERIALS SHOULD BE
    LTD., and KANYUN HOLDINGS GROUP           SEALED (DKT. 52)**
22  CO. LTD.,
                                              Courtroom:  11
23                  Defendants.               Judge:  Hon. James Donato

24

25

26

27

28

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Figma, Inc. ("Figma") hereby requests that this Court enter an order that portions of Defendants Motiff Pte. Ltd., Yuanfudao HK Ltd., and Kanyun Holding Group Co. Ltd.'s ("Defendants") Opposition to Figma's Preliminary Injunction Motion ("Defendants' Opposition"), certain declarations and exhibits filed in support of Defendants' Opposition, and Exhibit 1 to the Declaration of Brooke S. Böll in support of Defendants' Motion to Strike be sealed pursuant to the less extensive sealing Figma proposes herein ("Figma's Response").

As indicated in Defendants' Administrative Motion, portions of these documents contain, summarize, or reflect the content of Figma's highly confidential, proprietary, trade secret, and/or commercially sensitive information.  In support of its request, Figma submits this statement and the accompanying Declarations of Megg Meneguzzi ("Meneguzzi Decl."), John Lai ("Lai Decl."), and Holly Petersen ("Petersen Decl.").  Figma submits that the information contained in these materials reflects Figma's highly confidential and proprietary information relating to its source code, related technical information, internal financial data, specific customer information, and strategic business assessments.  Disclosure of this non-public information would cause Figma competitive harm.

Accordingly, Figma requests that the Court file the following under seal ("Proposed Sealing"), which is less extensive than Defendants' proposal in their Administrative Motion:

| Document | Portion(s) Sought to be Sealed |
|---|---|
| Exhibit 1 to the Declaration of Brooke S. Böll ISO Motion to Strike ("Böll Decl.") (Singh Tr.) | Green highlighted portions of 14:7-24:25 |
| Exhibit 48 to the Declaration of Samuel N. Tiu ISO Defendants' Opposition ("Tiu Decl.") (Singh Tr.) | Highlighted portions of 21:1-25 |
| Defendants' Opposition | Highlighted portions of: 9:11-14, 17-18 13:5-6 |
| Appendix A of Exhibit 1 to the Tiu Decl. (Figma's Interrogatory Responses Nos. 1-7) | Highlighted portions of columns identifying "Source Code" and "Maintainer Team" |

| Document | Portion(s) Sought to be Sealed |
|---|---|
| Exhibit 49 to the Tiu Decl. (Meneguzzi Tr.) | Green highlighted portions of:<br>19:21-25<br>49:14-50:8 |
| Declaration of Douglas N. Ellis ISO Defendants' Opposition ("Ellis Decl.") | Highlighted portions of:<br>9:21-10:2, n. 33, 34<br>11:11–16<br>14:2-3<br>15, n. 61 |
| Declaration of Cory Plock, Ph.D. ISO Defendants' Opposition ("Plock Decl.") | Blue highlighted portions of:<br>6:9-11, 14-15<br>13:21-26<br>14: 1-12<br>15:17-24<br>16:1-7, 11, 16-17, 19, 25, n. 16<br>17:1, 3-4, 9, 11-13, 19-20, 24-26<br>18:3-8, 23<br>19:4-5, 9, 11<br>21:11-13<br>23:18-21<br>24:2, 5-12, 16-20<br>25:3-6<br>26:6, 19-21<br>27:12-13<br>29:10-14, 23<br>30:17<br>32:10<br>33:1<br>34:26<br>35:1<br>36:4, 11<br>39:18<br>40:10-17<br>41:1-2, 9-10<br>42:1-11, 18-20<br>45:18<br>46:13<br>47:15-23<br>49:22<br>50:7-8, 12-14<br>51:1<br>52:8-9, 14-21<br>53:3-6, n. 90<br>55:23<br>56:17-18<br>57:15-16<br>57:12-14, 16-17 |

Figma's Response to Defendants' Admin. Motion to Consider Sealing
Case No. 3:24-cv-06507-JD

2

| Document | Portion(s) Sought to be Sealed |
|---|---|
| | 58:4<br>61:5<br>64:9, 14<br>69:9-10<br>70:13, 21-22<br>72:7-14<br>73:16, 20-23<br>74:1, 3-4, 6, 8, 10-17 |
| Declaration of Cory Plock, Ph.D. ISO Defendants' Opposition ("Plock Decl.") | Green highlighted portions of:<br>6:16-17<br>18:8-22<br>19:7-8<br>22:2-3<br>24:13-14<br>25:17-18<br>35:1-2<br>40:14-15<br>51:7-9<br>52:9-13, 23-24<br>53:1-2<br>55:22<br>56:18-19, 21-22<br>65:5-6<br>69:11-12<br>70:22-23<br>72:21-23 |

## I.    LEGAL STANDARD

The "compelling reasons" standard applies to this sealing request.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("compelling reasons must be shown to seal judicial records attached to a dispositive motion") (internal quotations omitted).  Courts have found that there are compelling reasons to seal "sources of business information that might harm a litigant's competitive standing."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (internal quotations omitted).

## II.    COMPELLING REASONS EXIST TO SEAL

### A.    Confidential Source Code Related Information and Technical Details.

Figma seeks to seal highlighted portions of the deposition transcript of Dr. Karan Singh (filed as Exhibit 1 to the Böll Decl. and Exhibit 48 to the Tiu Decl.), Defendants' Opposition,

Appendix A of Exhibit 1 to the Tiu. Decl., and the Plock Decl. that contain specific excerpts of confidential source code-related information and other technical details about Figma's proprietary design platform.  This information, which is not publicly available, includes details of Figma's product functionality, architectural decisions, and internal security features.

Figma's source code and related technical details are confidential and proprietary to Figma, and Figma does not publicly disclose or describe this information.  (Lai Decl. ¶ 5.)  Public disclosure of this information would assist Figma's competitors to advance their own source code and related technical development of their products, thereby harming Figma's competitive standing in the UI design industry.  (*Id*.)  It would also undermine Figma's competitive position by revealing internal functionality and security-related information not otherwise available to the public or competitors.  (*Id.*)  The confidentiality interests of Figma therefore outweigh the right of public access to the record, as a substantial probability exists that Figma's confidentiality interests will be prejudiced if the information is made public.  (*Id; see also* Petersen Decl. ¶ 3.)

Sealing is also justified because courts in this district have found that trade secrets related to technical information and source code meet the compelling reasons standard.  *See generally Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (granting motion to seal portions of documents that contain confidential technical information and source code); *see also FTC v. DIRECTV, Inc.*, No. 15-cv-01129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) ("Confidential source code clearly meets the definition of a trade secret and therefore meets the compelling reasons standard") (quoting *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012)) (citations omitted); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 WL 5770317, at *2 (N.D. Cal. Oct. 24, 2013) (granting motion to seal technical information that remains confidential).

### B.    Financial and Customer Information

Figma further seeks to seal portions of the deposition transcript of Megg Meneguzzi (filed as Exhibit 49 to the Tiu Decl.), Defendants' Opposition, and the Ellis Decl. that contain specific references to Figma's confidential financial and customer information, including internal

1  assessments, financial reporting, and cost structuring practices, as well as specific customer

2  inquiries.

3      Figma's confidential financial and customer information is highly sensitive, confidential,

4  and proprietary to Figma, and Figma does not publicly disclose or describe this information.

5  (Meneguzzi Decl. ¶ 5.)  Information about Figma's customer communications, growth

6  projections, financial reporting, pricing strategy, and market analysis all constitute competitive

7  market information that, if publicized, could be used by competitors to gain competitive

8  advantage in their own marketing and development to the detriment of Figma.  (*Id.*)  Thus, the

9  confidentiality interests of Figma outweigh the right of public access to the record, as a

10  substantial probability exists that Figma's confidentiality interests will be prejudiced if the

11  information is made public.  (*Id.*)

12      Sealing is also justified because courts in this district have previously granted motions to

13  file under seal confidential business and financial information, finding compelling reasons to

14  protect such information from disclosure due to the potential of competitive harm.  *See, e.g., Day*

15  *v. GEICO Cas. Co.,* No. 21-cv-02103-BLF, 2023 WL 6558404, at *2 (N.D. Cal. Sept. 21, 2023)

16  (granting sealing request for confidential business and financial information where disclosure

17  would allow competitors to "obtain a unilateral advantage by learning about GEICO's business

18  operations"); s*ee also Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2014 WL

19  6901744, at *1 (N.D. Cal. Dec. 8, 2014) (granting motion to seal financial information under the

20  compelling reasons standard).

21      The proposed sealing is narrowly tailored, and no less restrictive means exist to protect

22  Figma's overriding confidentiality interests.

23  **III.    CONCLUSION**

24      Figma's request is "narrowly tailored to seek sealing only of sealable material," in

25  accordance with Civil Local Rule 79-5(b).

26      Accordingly, Figma requests that the Court grant Defendants' Administrative Motion

27  pursuant to the modifications in Figma's Response and seal the Proposed Sealing.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: March 27, 2025

MORRISON & FOERSTER LLP

By: /s/ Richard S.J. Hung
Richard S.J. Hung

*Attorneys for Plaintiff*
FIGMA, INC.