Michael J. Bettinger (CA SBN 122196)
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Samuel N. Tiu (CA SBN 216291)
stiu@sidley.com
Eric B. Schwartz (CA SBN 266554)
eschwartz@sidley.com
Brooke S. Böll (CA SBN 318372)
brooke.boll@sidley.com
Marissa X. Hernandez (CA SBN 341449)
marissa.hernandez@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD.,
AND KANYUN HOLDING GROUP CO. LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FIGMA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDING GROUP CO. LTD., <br><br> Defendants. | Case No. 3:24-cv-06507-JD <br><br> **DEFENDANTS' REQUEST TO CONSIDER DECLARATIONS RESPONSIVE TO NEW DEVELOPMENTS IN THE CASE** <br><br> Assigned to: Hon. James Donato <br><br> Date:  May 1, 2025 <br> Time:  10:00 a.m. <br> Place: Courtroom 11 |

1  To ensure a full and fair opportunity to address Figma's new facts, new evidence, new
2  arguments, and inaccurate portrayal of deposition testimonies in its April 17, 2025 Preliminary
3  Injunction (PI) Reply, Motiff respectfully asks the court to consider the Supplemental Declarations
4  of Motiff 30(b)(6) and percipient witnesses Ethan Zhang, Max Zhang and Ryan Zhang, as well as
5  expert witnesses Dr. Cory Plock and Doug Ellis.

**I.  Procedural Background**

Figma filed its PI Motion on January 23, 2025, along with Declarations from percipient witnesses Megg Meneguzzi and John Lai, and expert witnesses Dr. Karan Singh and Todd Schoettelkotte.  Figma claimed that Motiff was infringing Figma's source code copyright. Dkt. 1, ¶ 15. As suggested by the Court at the February 13, 2025 hearing on the proposed briefing schedule, the parties agreed to have a third party Exponent host both parties' source code for inspection at offices in New York City and Menlo Park.  The source code was first made available for inspection on February 25, 2025.

Pursuant to this Court's Scheduling Order, Motiff filed its Opposition on March 20, 2025, along with Declarations from witnesses Ethan Zhang, Max Zhang and Ryan Zhang, and expert witnesses Dr. Plock and Mr. Ellis.  Motiff's lead software engineer, Ethan Zhang, explained that Motiff had not copied any Figma source code. Motiff's source code expert, Dr. Plock, confirmed that he found no copying of Figma source code in his independent review of the two programs.

Following the filing of Motiff's Opposition, Figma proceeded to depose Ethan Zhang on March 31, April 1 and April 4, 2025;  Max Zhang on April 1, 2025; Ryan Zhang on April 3, 2025; Tim Yang on April 4, 2025; Doug Ellis on April 10, 2025; and Dr. Cory Plock on April 11, 2025.

Following these depositions, Figma then filed its PI Reply on April 17, 2025, along with Supplemental Declarations from expert witnesses Dr. Singh and Mr. Schoettelkotte.  Figma's PI Reply continued to point to the "similarities" in the two programs but, for the first time, it raised new arguments and presented new evidence that had not been presented *before* Motiff filed its March 20 Opposition, and it inaccurately portrayed deposition testimony that had been elicited *after* Motiff had filed its March 20 Opposition.

1

DEFENDANTS' REQUEST TO CONSIDER NEW DEVELOPMENTS IN THE CASE – CASE NO. 3:24-CV-06507

In view of the foregoing, Motiff respectfully requests an opportunity to address these post-March 20 developments by filing Supplemental Declarations of Motiff witnesses Ethan Zhang, Max Zhang and Ryan Zhang, as well as expert witnesses Dr. Cory Plock and Doug Ellis.  The issues to be addressed in these Supplemental Declarations include: (1) the impact of Figma's new supplementary copyright registration; (2) Figma's new arguments about Figma's shader function and rendering bug; (3)  Figma's inaccurate presentation of testimony from Motiff witnesses deposed after Motiff's March 20 Opposition; and (4) Figma's announcement on April 15, 2025 that it had filed papers with the SEC to move forward with an Initial Public Offering of its stock.

**II.     Argument**

The Standing Order in this case provides that, "Reply papers should not raise new points that could have been addressed in the opening motion or brief."  Standing Order ¶ 15; *In re Capacitors Antitrust Litigation*, No. 14-cv-03264, 2017 WL 897340, at *1 (N.D. Cal. March 7, 2017) ("Raising new arguments in a reply brief is a classic form of sandbagging that is barred under Paragraph 15 of the Court's Standing Order for Civil Cases.").  However, given the nature of this case, where Figma opted not to file a TRO, but instead went straight to a PI without having conducted any discovery, strict application of the rule may not necessarily apply in some circumstances.  Defendants submit that the fair way to handle this is to simply request that the Court consider Supplemental Declarations that address the new developments.  *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006) (accepting supplemental declarations filed with defendants' objection, "thus providing Defendants with a chance to respond").

**A.  Figma's New Supplementary Copyright Registration**

As explained in the Supplemental Declaration of Dr. Plock, Figma alleged in its Complaint that Figma's source code was protected by three separate copyright registrations, TXu002441751, (August 2020 version), TXu002441752 (January 2023 version) and TXu002441753 (March 2024 version).  Each of the registrations, on its face, excludes "previous versions" and "open source" components and claims only the "new and revised code" for each version.   Motiff counsel raised this issue with Figma during discovery and, Figma responded by filing, on March 5, 2025, applications for supplementary registrations for each of the three versions.  Motiff learned for the

first time on April 17, 2025 (the day Figma filed its Reply) that the supplementary registration for the August 2020 version was granted, and the supplementary applications for the January 2023 and March 2024 versions were denied. Having now had about a week to review Figma's correspondence with the Copyright Office, it is clear substantial questions exist as to the validity and scope of the registrations now at issue in the case.

Dr. Plock's Supplemental Declaration explains that Figma relies on a Copyright Office email contending that "the registration will cover all of the content that appears in the version of the work that you deposited on August 14, 2024, . . . including any *unpublished* or unregistered source code from earlier versions that have been incorporated into the deposited copy." Dkt. 83-34, at 2 (emphasis added). This email confirms that the Copyright Office only agreed to remove the "previous version" disclaimer because Figma indicated and confirmed that "these previous versions of the program were ***unpublished*** and unregistered." *Id.* (emphasis added). The Copyright Office was clear that "no disclaimer is required ***if*** you never registered and ***never distributed*** earlier versions of 'Figma Design - August 2020' to the public." *Id.* (emphasis added).

But, as Dr. Plock's Supplemental Declaration further explains, versions of Figma's software before August 2020 were, in fact, published as that term is defined in the Copyright Act. Plock Supp. Decl. ¶¶ 23-49; 17 USC §101 (defining "publication" as "the distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending").[1]  Figma's interrogatory response ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ Dkt. 55-2 at 11. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2]

---

[1] "[A] program is considered published if there has been a general distribution of the program code regardless of whether the copies are distributed by purchase or license and regardless of whether the copies are distributed on a CD-ROM, DVD or downloaded online . . . even if the copies contained object code rather than source code and even if the source code has not been disclosed to the public." Compendium of U.S. Copyright Office Practices, 721.9(E)) (attached as Ex. 30 to Plock Supp. Decl.)

[2] Distribution of the web-based version to Figma licensed users also published the software. *See Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 402 (S.D.N.Y. 2002); *see also* Dkt. 60-8, ¶¶ 45-47; Plock Supp. Decl. ¶¶ 47-48.

████████████████████████████████████████████████████

████ *Id.* at 11-12. It is no surprise then that when Dr. Plock compared the August 2020 version of the source code for Figma's user interface and shaders with the corresponding previous version produced by Figma in discovery, there was no difference in between them. Dkt. 60-8, ¶¶ 48-51. Because the Copyright Office is clear that Figma's registrations cannot cover any previous published versions of its computer program, and Figma admits that prior to August 2020 its program was distributed and did, in fact, include the features at issue in this case, substantial questions exist as to the scope and validity of Figma's copyright registration. 17 U.S.C. § 411(b).

### B. Figma's New Arguments

Dr. Singh, in his April 17, 2025 Supplemental Declaration, newly alleges copying of a shader function that was not previously disclosed despite claiming to have reviewed the minified code for both platform's shaders in his original Declaration, and new sources of rendering bugs in Figma's platform that Dr. Singh previously provided no basis for despite this information being available to him (at least in Figma's platform) prior to filing his original Declaration. The Supplemental Declarations of Dr. Plock and Ethan Zhang address these new arguments, along with Dr. Singh's new and unsubstantiated claim that Motiff somehow used AI to refactor its source code, noting that the argument demonstrates Dr. Singh's misunderstanding of how the AI tool (GitHub Copilot) actually works. Plock Supp. Decl. ¶¶ 59-84; E. Zhang Supp. Decl. ¶¶ 19-28.

### C. Figma's Inaccurate Presentation of Motiff Deposition Testimony

Figma deposed Motiff witnesses between March 31 and April 11, 2025, then filed its PI Reply, along with the Supplemental Declarations of Dr. Singh and Mr. Schoettelkotte, on April 17, 2025. The PI Reply and Supplemental Declarations are chock full of misleading and inaccurate characterizations of deposition testimony, partial quoting of deposition testimony in an attempt to repackage it in a favorable light, repeated attempts to take advantage of language barriers, and statements that are at complete odds with the actual testimony. For example, Figma states that

---

[3] Figma's complaint alleges that Motiff copied "Figma's GPU data transfer, shaders, Render Tree, and vector graphics rendering bugs and idiosyncrasies are part of Figma's core vector graphics and rendering technologies" and "user interface and .fig document format." *See also* Dkt. 60-8, ¶¶ 45-47.

1  "Defendants designed the accused Motiff product on the Figma platform" (PI Reply at 1) suggesting
2  that Motiff copied Figma Design.  That is utterly false.  As Ethan Zhang, Max Zhang and Ryan
3  Zhang each testified, and explain in their Supplemental Declarations, they simply used Figma to
4  store design documents that they created on their own, until the Motiff platform was far enough
5  along to host these documents.  As another example, Figma states that Motiff has "gone so far as to
6  break into ███████████████████████████████████. *Id.* at 1. That, too, is utterly false.  As Dr.
7  Plock explains in his Supplemental Declaration, quoting his deposition testimony: "The fact that the
8  specific '███████████████████████████████████████' is irrelevant, as anyone with
9  access to Figma can access the ███████████████████████████████████████
10 █████████ and as such '[t]here is no, really, additional effort that's needed to look at ███
11 █████████].'" Plock Supp. Decl. ¶ 81.  The Supplemental Declarations of Messrs. Ethan, Max
12 and Ryan Zhang, along with those of Dr. Plock and Mr. Ellis, address each of these misstatements to
13 ensure that there is a full, accurate and complete record of their deposition testimony.

14     **D.  Figma's April 15, 2025 IPO Announcement**

15     Four weeks after Figma completed its discovery in this case, Figma publicly announced the
16 filing of confidential papers with the SEC to proceed with an Initial Public Offering of Figma stock.
17 Figma made no mention of this fact throughout the discovery period and produced no documents
18 relating to a public financing of the company despite Motiff's request for such documents. The
19 representation being made to the SEC on projected future growth of Figma, projected future Figma
20 customers, and the projected impact of this litigation on Figma's performance going forward bear
21 directly on the irreparable harm prong of the preliminary injunction analysis.  Ellis Supp. Decl. ¶ 9.
22 Further discovery on this new fact is warranted for a full and complete record on the irreparable
23 harm prong.

24  **III.   Conclusion**

25     For the reasons stated above, Defendants respectfully request that the Court consider the
26 Supplemental Declarations of Motiff's 30(b)(6) and percipient witnesses Ethan Zhang, Max Zhang
27 and Ryan Zhang, as well as expert witnesses Dr. Cory Plock and Doug Ellis, which address new
28 developments in the case.

Date: April 24, 2025							Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/ Samuel N. Tiu*
    Michael J. Bettinger
    Samuel N. Tiu
    Eric B. Schwartz
    Brooke S. Böll
    Marissa X. Hernandez

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD., AND KANYUN HOLDING GROUP CO. LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

/s/ *Samuel N. Tiu*
Samuel N. Tiu