RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
JONATHAN M. MORRIS (CA SBN 356152)
jonathanmorris@mofo.com
HOLLY M. PETERSEN (CA SBN 351588)
hollypetersen@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522

BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
RYAN J. MALLOY (CA SBN 253512)
rmalloy@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone:    (213) 892-5200
Facsimile:    (213) 892-5454

*Attorneys for Plaintiff*
FIGMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD.,<br><br>Defendants. | Case No. 3:24-cv-06507-JD<br><br>**FIGMA'S OPPOSITION TO DEFENDANTS' REQUEST TO CONSIDER DECLARATIONS**<br><br>Date:  May 1, 2025<br>Time:  10:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato |

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................................ 1

II.     DEFENDANTS' REQUEST SHOULD BE DENIED ...................................................... 1

      A.      Defendants' New Arguments and Declaration Regarding Figma's
           Copyright Registrations Are Improper.................................................................... 1

      B.      Defendants' New Declarations to Address Their Own Witnesses'
           Deposition Testimony Are Improper. ..................................................................... 3

      C.      Defendants' New Declarations Regarding Shader Code Are Improper. ................. 4

      D.      Defendants Do Not Need Additional Discovery ..................................................... 4

III.    CONCLUSION ............................................................................................................ 5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atari Interactive, Inc. v. Redbubble, Inc.*,
    515 F. Supp. 3d 1089 (N.D. Cal. 2021) ................................................................. 2

*Brocade Commn's Sys., Inc. v. A10 Networks, Inc.*,
    No. 10-cv-3428, 2013 WL 831528 (N.D. Cal. Jan 10, 2013) ................................... 2

*Chang v. Cashman*,
    No. 22-cv-02010, 2024 WL 4804976 (N.D. Cal. Nov. 15, 2024) ........................... 4

*Getaped.com, Inc. v. Cangemi*,
    188 F. Supp. 2d 398 (S.D.N.Y. 2002) .................................................................... 2

*Pickman v. Am. Exp. Co.*,
    No. 11-cv-5326, 2012 WL 1357636 (N.D. Cal. Apr. 17, 2012) ............................ 4

*Rodgers v. Chevys Restaurants, LLC*,
    No. 13-cv-03923, 2015 WL 909763 (N.D. Cal. Feb. 24, 2015) ............................ 3

*TeamLab Inc. v. Museum of Dream Space, LLC*,
    650 F. Supp. 3d 934 (C.D. Cal. 2023) .................................................................... 2

*VHT, Inc. v. Zillow Grp., Inc.*,
    69 F.4th 983 (9th Cir. 2023) .................................................................................... 2

**Statutes**

17 U.S.C. § 408(a) ............................................................................................................. 2

Civil L.R. 7-3(d)(1) ............................................................................................................ 1

Civil L.R. 7-11(a) .............................................................................................................. 1

1

## <u>TABLE OF ABBREVIATIONS</u>

2

| Phrase | Abbreviation |
|---|---|
| Defendants' Request to Consider Declarations Responsive to New Developments in the Case (Dkt. No. 87) | "Mot." |
| Figma's Preliminary Injunction Motion (Dkt. No. 28) | "PI Mot." |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. No. 55) | "PI Opp." |
| Figma's Reply in Support of Preliminary Injunction Motion (Dkt. No. 81-4) | "PI Reply" |
| Declaration of Ryan Malloy in Support of Figma's Opposition to Defendants' Request to Consider Declarations, Dated April 29, 2025 | "Malloy Decl." |
| Exhibits to the Reply Declaration of Ryan Malloy, dated April 29, 2025 | "Ex. ___" |
| Supplemental Declaration of Douglas N. Ellis in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, dated April 24, 2025 (Dkt. No. 91) | "Ellis Supp. Decl." |
| Supplemental Declaration of Yuchen (Ethan) Zhang, dated April 23, 2025 (Dkt. No. 87-6) | "E. Zhang Supp. Decl." |
| Declaration of Karan Singh, Ph.D., in Support of Figma's Preliminary Injunction Motion, dated January 17, 2025 (Dkt. No. 28-11) | "Singh Decl." |
| Reply Declaration of Karan Singh, Ph.D., dated April 18, 2025 (Dkt. No. 83-2) | "Singh III Decl." |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Figma's Opp. to Defs.' Request to Consider Declarations
Case No. 3:24-cv-06507-JD

iii

## I.    INTRODUCTION

Defendants' "request to consider declarations responsive to new developments in the case" is in fact a request to raise new arguments and retract damning deposition testimony.[1] Defendants make four separate requests, each without merit.  Defendants' request to raise new arguments about Figma's copyright registrations is improper because it is based on law and facts that existed when Defendants filed their PI Opposition.  Defendants' request to respond to "inaccurate presentation[s]" of their deponents' testimony is improper because Defendants should have sought "accurate presentations" during redirect examinations.  Defendants' request to submit new testimony addressing Dr. Singh's Reply Declaration is improper because his declaration merely responds to Defendants' Opposition arguments.  Defendants' request for additional discovery regarding Figma's submission of a confidential draft registration statement to the SEC is just a delay tactic, as Figma has already provided Defendants with all such documents referencing Defendants or this action.  The Court should deny all of Defendants' requests.

## II.    DEFENDANTS' REQUEST SHOULD BE DENIED

### A.    Defendants' New Arguments and Declaration Regarding Figma's Copyright Registrations Are Improper.

In their PI Opposition, Defendants wrongly argued that Figma's copyright registrations cover only three versions of Figma's source code because they refer to "new and revised code." (PI Opp. 3, 5-6.)  On reply, Figma explained that Defendants were mistaken on the law and that Figma's copyright registrations cover both new and preexisting versions of the code.  (PI Reply 2.)  Defendants now ask the Court to consider a new theory that Figma's prior source code

---

[1]    Defendants' request is procedurally deficient.  If they intended it as an "Objection to Reply Evidence" under Civil L.R. 7-3(d)(1), the request is untimely.  Such an objection must be "filed and served not more than 7 days after the reply was filed."  Civil L.R. 7-3(d)(1).  Figma filed its reply brief on April 17, 2025.  Defendants completed their filing the morning of April 25. (*See* Dkt. Nos. 88-91.)  And they did not serve their papers—many of which were sealed or redacted—until the afternoon, after Figma reached out to request service.  (*See* Dkt. No. 93.)

If Defendants instead intended to bring their "request" as a "motion for administrative relief" under Civil L.R. 7-11(a), their request is unaccompanied by a stipulation under Civil L.R. 7-12 or a declaration explaining why a stipulation could not be obtained.  Civil L.R. 7-11(a). Defendants never reached out to Figma for such a stipulation.

1    versions were "published" and thus not covered by Figma's registrations.

2          Defendants' request is improper because it is not based on any new fact or law.  As Figma

3    explained—and Defendants do not dispute—copyright registrations for code cover all prior

4    versions not registered or publicly distributed.  (PI Reply 2.)  This was the law well before

5    Defendants filed their PI Opposition.  As Defendants' new argument is not based on newly

6    discovered evidence of purported publication, the Court should reject it.

7          Defendants' argument is also substantively meritless, as it is based on a misinterpretation

8    of "publication."  Defendants are wrong that Figma "published" prior versions of its source code

9    by making them available for use.  (Mot. 3-4.)  "[P]ublication occurs—via the internet or

10   otherwise—only when the author offers to sell or clearly authorizes reproduction and distribution

11   of its work."  *TeamLab Inc. v. Museum of Dream Space, LLC*, 650 F. Supp. 3d 934, 947 (C.D.

12   Cal. 2023).  Here, Figma's MSA expressly states that Figma retains ownership of the Figma

13   Platform and prohibits customers from, *e.g.*, permitting third parties to "rent, lease, or otherwise

14   permit third parties to use the Figma Platform."  (Dkt. No. 1-1, §§ 3, 5.)  Thus, Figma did not

15   publish the source code.  *TeamLab*, 650 F. Supp. 3d at 946 (rejecting "broad theory of

16   publication" in *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398 (S.D.N.Y. 2002)).

17         Furthermore, Defendants contest only registration—not ownership—of the copyright in

18   the earlier code versions.  (Dkt. No. 87 at 3-4.)  Courts have repeatedly held that "registration of

19   the subsequent" derivative work (here, later versions of Figma's code) is sufficient to "maintain

20   an infringement action for the original copyright" (here, earlier versions of Figma's code).  *Atari

21   Interactive, Inc. v. Redbubble, Inc.*, 515 F.Supp.3d 1089, 1111 (N.D. Cal. 2021); *see also

22   Brocade Commn's Sys., Inc. v. A10 Networks, Inc.*, No. 10-cv-3428, 2013 WL 831528, at *4-5

23   (N.D. Cal. Jan 10, 2013) (citations omitted).  Moreover, Figma could at any time, as a matter of

24   course, obtain separate registrations for earlier source code versions.  *See* 17 U.S.C. § 408(a) ("At

25   any time . . . during the subsistence of any copyright secured on or after January 1, 1978, the

26   owner of copyright or of any exclusive right in the work may obtain registration of the copyright

27   claim.").  Thus, the registration issue has no impact on Figma's likelihood of success on the

28   merits in this action.  *Cf. VHT, Inc. v. Zillow Grp., Inc.*, 69 F.4th 983, 987 (9th Cir. 2023)

(excusing non-compliance with registration requirement where plaintiff subsequently obtained registrations).

### B. Defendants' New Declarations to Address Their Own Witnesses' Deposition Testimony Are Improper.

Defendants' supplemental declarations to correct purportedly "inaccurate presentation[s]" of their witnesses' deposition testimony are improper for two independent reasons. (Mot. 4-5.)

First, if Defendants really thought that their witnesses' testimony was inaccurate, the right time to have corrected that testimony would have been *during the deposition itself*, via re-direct. Having failed to do so, Defendants should not be allowed to avoid the rigors of cross-examination by submitting new declarations that re-characterize prior testimony under oath.

Defendants' request is particularly improper in view of their refusal to allow Figma to re-depose unprepared witnesses remotely. Figma deposed Ethan Zhang in Hong Kong on March 31 and April 1, 2025. As Mr. Zhang was not prepared to testify on his designated topics, the parties agreed that he would sit for another deposition in Hong Kong on April 4, 2025. Unfortunately, he needed to leave that deposition early. (Ex. 1 (Email Correspondence), at 2.) To avoid the expense of another trip to Hong Kong, Figma asked that Mr. Zhang be made available for a remote deposition. Defendants refused—yet now they seek to submit a declaration for Mr. Zhang.

Second, Defendants' new declarations do not merely "correct" prior testimony, but address topics that the witnesses did not address in deposition. For example, Defendants ask to submit a supplemental declaration for their expert, Douglass Ellis. His new declaration includes new analysis of *Motiff's own user data* that was available to him well before Defendants filed their PI Opposition. (Ellis Supp. Decl. ¶ 8.) There is no reason why he could not have submitted that analysis earlier. *See Rodgers v. Chevys Restaurants, LLC*, No. 13-cv-03923, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) (denying supplemental declaration that "attempt[ed] [to] submit new facts in support of [a] surreply"). As another example, Ethan Zhang's supplemental declaration offers new testimony about shaders that is completely untethered to any purported "inaccurate presentation" of his deposition testimony. (E. Zhang Supp. Decl. ¶¶ 19-22.)

1  Defendants' requests to submit supplemental declarations should be denied for this reason.  *See*

2  *Pickman v. Am. Exp. Co.*, No. 11-cv-5326, 2012 WL 1357636, at *4 (N.D. Cal. Apr. 17, 2012)

3  (striking supplemental declaration submitted with objection to reply evidence because "the

4  content of the declaration exceeds the scope of what is addressed in the objection").

5         **C.**     **Defendants' New Declarations Regarding Shader Code Are Improper.**

6         Defendants ask to submit new declarations based on the false assertion that Karan Singh's

7  Reply Declaration alleged copying of a previously undisclosed shader function.  (Mot. 4.)  The

8  Court should reject this request because Dr. Singh's Reply Declaration properly responded to

9  arguments that Defendants and their expert, Dr. Plock, raised for the first time in their opposition.

10         In his opening declaration, Dr. Singh explained that similarities between Figma's and

11  Motiff's minified shader code indicated that Motiff copied expressive elements of Figma's code.

12  (Singh Decl. ¶ 49.)  At that time, Motiff had *not* produced any source code.  Dr. Singh thus relied

13  on minified shader code that is visible to certain users.  (*Id.* ¶ 42.)  In its PI Opposition, Motiff

14  conceded that it copied code, but argued that many of the shader functions were open source or

15  otherwise not protectable expression.  (PI Opp. 7-8.)  In support of Figma's reply, Dr. Singh then

16  identified an exemplary shader function that Motiff did not argue was open source and showed

17  that Motiff had copied expressive elements of Figma's code.  (Singh III Decl. ¶¶ 42-47.)

18         As Dr. Singh's Reply Declaration simply confirmed his original opinion that Defendants

19  had copied expressive elements of Figma's shader code, Defendants are not entitled to submit a

20  new declaration.  *Cf. Chang v. Cashman*, No. 22-cv-02010, 2024 WL 4804976, at *2 (N.D. Cal.

21  Nov. 15, 2024) (denying objection to reply evidence and explaining that "[e]vidence submitted in

22  direct response to evidence raised in the preceding brief is not new" (cleaned up)).

23         **D.**     **Defendants Do Not Need Additional Discovery**

24         In a last-ditch effort to delay resolution of Figma's motion, Defendants ask the Court to

25  order further discovery related to Figma's submission of a confidential draft registration

26  statement with the SEC.  (Mot. 5.)  Defendants' request hinges on the premise that

27  representations made to the SEC about customer projections and impact of the litigation "may

28  bear" on irreparable harm.  (Ellis Supp. Decl. ¶ 9; *see also* Mot 5.)  But Figma has already

1    provided Defendants with its diligence responses that concern Motiff and this litigation. (Malloy

2    Decl. ¶ 3.) Moreover, Figma produced financials and a manager of strategic finance to address

3    Figma's projections. Figma has thus provided Defendants with the discovery that they purport to

4    need.

5    **III.    CONCLUSION**

6         For these reasons, the Court should deny Defendants' request to submit supplemental

7    declarations.

8

9

    Dated: April 29, 2025                          MORRISON & FOERSTER LLP

10

11

12                                        By: */s/ Richard S.J. Hung*
                                               Richard S.J. Hung

13                                             *Attorneys for Plaintiff*
                                               FIGMA, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28