RICHARD S.J. HUNG (CA SBN 197425)
JOHN S. DOUGLASS (CA SBN 322801)
JONATHAN M. MORRIS (CA SBN 356152)
HOLLY M. PETERSEN (CA SBN 351588)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522
rhung@mofo.com; jdouglass@mofo.com
jonathanmorris@mofo.com; hollypetersen@mofo.com

BITA RAHEBI (CA SBN 209351)
BENJAMIN J. FOX (CA SBN 193374)
RYAN J. MALLOY (CA SBN 253512)
ROSE S. LEE (CA SBN 294658)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454
brahebi@mofo.com; rmalloy@mofo.com
bfox@mofo.com; roselee@mofo.com

*Attorneys for Plaintiff*
FIGMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD.,<br><br>　　　　　Defendants. | Case No. 3:24-cv-06507-JD<br><br>**PLAINTIFF FIGMA, INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date: July 10, 2025<br>Time: 10:00am<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato<br><br>Action Filed:  September 16, 2024<br>Trial Date:  August 18, 2025 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# NOTICE OF MOTION AND MOTION

## TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on July 10, 2025 at 10:00 a.m. or as soon thereafter as counsel may be heard before the Honorable James Donato in Courtroom 11, 19th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue in San Francisco, California, Plaintiff Figma, Inc., by and through its counsel of record, will and hereby does move this Court pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for an order permitting it to file a First Amended Complaint. Figma seeks to add three related entities as additional defendants, Beijing Kanyun Software Co., Ltd. ("Kanyun Software"), Yuan Education Ltd., and Beijing Yuanli Future Technology Co., Ltd., and to plead claims for violation of the Digital Millenium Copyright Act ("DMCA"), the Computer Fraud and Abuse Act ("CFAA"), and statutory unfair competition under California law (Bus. & Prof. Code section 17200) (the "UCL").

This motion is based on this notice, the supporting memorandum of points and authorities, the accompanying declaration of Rich S.J. Hung ("Hung Decl."), the Proposed First Amended Complaint, the pleadings, records, and files in this action, documents in the public record, and any other evidence and argument that the parties may present in briefing or at the hearing.

Dated: June 6, 2025                          Respectfully submitted,

                                             By: */s/ Richard S.J. Hung*
                                                 Richard S.J. Hung

                                             *Attorneys for Plaintiff*
                                             FIGMA, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Figma seeks leave to amend its Complaint based on facts recently learned in discovery, establishing that Defendants have breached Figma's computer systems and technology safeguards in violation of the Digital Millenium Copyright Act ("DMCA"), the Computer Fraud and Abuse Act ("CFAA"), and statutory unfair competition under California law (Bus. & Prof. Code section 17200) (the "UCL"). The proposed First Amended Complaint explains how the Motiff entities ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ The amendment also seeks to add three additional entities as defendants (Kanyun Software, Yuan Education Ltd., and Beijing Yuanli Future Technology Co., Ltd.), which are part of a web of closely related companies that ████████████████ who have copied Figma's copyrighted software and breached its computer systems. Leave to amend is warranted here.

Defendants will suffer no prejudice from the amendment, which is appropriate to ensure that Figma's rights are protected and that Defendants do not play a shell game with their various entities. Defendants are already aware of the bases for the new claims: discovery, which Defendants initially resisted, has revealed the facts showing their unauthorized access to Figma's computers and code. Figma does not anticipate the amendments will alter materially the scope of any remaining discovery or preparation of the case for trial.[1]

Figma's request for leave to amend should be granted under Rule 15(a)'s liberal standard. Clean and redlined versions of Figma's proposed amended pleading are attached as Exhibits 1-2.[2]

## II. RELEVANT FACTUAL BACKGROUND

### 1. Defendants' corporate structure

Figma named Defendants Motiff Pte. Ltd., Yuanfudao HK Ltd., and Kanyun Holding Group Co. Ltd. in its original Complaint based on public information indicating they are the

---

[1] Plaintiff's counsel contacted Defendants' counsel on June 5, 2025, to request that Defendants stipulate to amend the complaint. Defendants declined.

[2] All exhibit references are to the accompanying Declaration of Richard S.J. Hung.

entities responsible for the development and launch of the infringing Motiff product.

Discovery has revealed the following additional affiliated companies are involved in the development, marketing, and sales of the accused Motiff product:

- **Beijing Kanyun Software Co., Ltd.:** In discovery, Defendants disclosed Beijing Kanyun Software Co., Ltd., ███████████████████████ ███████████████████████████████████ (Ex. 3; Ex. 4, 12:25–13:13, 15:1–18:14.)

- **Beijing Yuanli Future Technology Co., Ltd.:** ████████████ ██████████████████████████████████████ ██████ (Ex. 5, 11:10–17.) ██████████████████████ ████████████████████████████████ (Ex. 5, 12:9–24; ECF No. 72, ¶ 2.)

- **Yuan Education Ltd.:** ████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████ (Ex. 4, 12:25–13:13, 15:1–18:14.)

Max Zhang, a co-founder of Motiff, ██████████████ (Ex. 6, 13:22–16:11, 53:7–24.) Similarly, Ming (Tim) Yang, "Motiff" product manager, ████████ ████████████████████████████████████ (Ex. 7, 9:18–11:17.) He explained ██████████████████████████████"[3] (*Id.*, 10:11–19.)

### 2. Defendants' unauthorized access to Figma's software

Discovery has revealed how Defendants exceeded their authorized access (if any existed) to Figma's software, including by acts that violate the DMCA, CFAA, and the UCL. For example, a document produced in discovery (Ex. 8) ████████████████ ████████████████████████████████████

---

[3] ████████████████████████████████████ ██████████████ (Ex. 3, No. 8.)

1  ███████████████████████████████████████████████████████████
2  ███████████████████████████████████████████ (*Id.* at pp. 7-10, 13,
3  16-19, 21, 24, 28-29, 31-34, 37, 39, 43-45, 47, 48.) █████████████████
4  ██████████████████████████████████
5  ████████████████████ (*Id.* at pp. 32-48.) ████████████████████
6  ██████████████████████████████████████████████████████
7  ███████████████████████████████████████████████ (*Id.* at pp. 1-3,
8  6, 9-11, 15, 17, 26, 27, 29-48.) █████████████████████████████
9  ███████████████████████████████████████████████ (Ex. 7,
10  69:12–70:19.)

    Figma has since determined that Defendants' unauthorized access to Figma's platform ████████████████████ (Exs. 9, 11.)  Even after the Court ordered Defendants to stop accessing Figma, and Defendants agreed to do so (Ex. 13, 10:6–25), ████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████ (Ex. 9.)  On May 28, ████████
████████████████████████████████████████████████████████
████████████████████████ (Ex. 10.) ████████████████████████
████████████████████████ (Ex. 11.)

### 3. The Amendments to Figma's Complaint

Figma seeks leave to amend its Complaint as follows:

**Paragraphs 5–7 of the Proposed Amended Complaint.**  Figma seeks to add the related corporate entities identified by Defendants during discovery, as outlined above, to ensure that any judgment applies to all culpable parties.

**Paragraphs 73–80 of the Proposed Amended Complaint.**  Figma seeks to plead additional facts recently learned in discovery showing Defendants' unauthorized access to Figma's computer systems and underlying code, as summarized above.

**Paragraphs 96–106 of the Proposed Amended Complaint.**  Figma seeks to bring a

claim under the DMCA. Figma's software and underlying code are protected works under 17 U.S.C. § 1201(a)(1)(A) of the DMCA. Figma employs technological measures to control access to its computer systems and code underlying its software. Figma learned recently that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Paragraphs 107–114 of the Proposed Amended Complaint.** Figma seeks to bring a claim under the CFAA. Figma's computers are involved in interstate and foreign commerce and communication, and are protected computers under 18 U.S.C. § 1030(e)(2). Defendants knowingly and intentionally accessed Figma's computers without authorization or in excess of authorization. Defendants obtained and used valuable information from Figma's computers in transactions involving interstate or foreign communications. Defendants then used Figma's information from Figma's computers to create and seek to monetize Defendants' competing products, including the Motiff software.

**Paragraphs 115–121 of the Proposed Amended Complaint.** Finally, Figma seeks to bring a claim under the UCL. Defendants' acts and practices described above constitute unfair competition and constitute "fraudulent" conduct under the UCL. Defendants misrepresented to Figma the identities and purposes of Defendants' employees, agents, and representatives in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and to unfairly compete with Figma. Even after the Court ordered them to stop their access, Defendants ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Paragraphs J–L of the Proposed Amended Complaint.** Figma seeks to amend its Prayer for Relief to conform to the remedies available under the DMCA, CFAA, and UCL.

### III. LEGAL STANDARD

Where no pleading deadline has been set in a scheduling order, Rule 15 governs amendments. *See Moeller v. Taco Bell Corp.*, No. C 02-5849, 2013 WL 12440996, at *1 (N.D. Cal. Nov. 21, 2013) (applying Rule 15(a) where "no deadline for amending the pleadings was ever set in a case management or pretrial scheduling order"); *Overpeck v. FedEx Corp.*, No. 18-cv-7553, 2020 WL 2542030, at *3 (N.D. Cal. May 19, 2020) (same).

Under Rule 15(a)(2), leave to amend a complaint should be freely given "when justice so requires." The Ninth Circuit applies this policy with "extreme liberality." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent a "strong showing" of such factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original; citation omitted).

Additional discovery on amended claims does not cause substantial prejudice to the non-movant where it "would need to look no further than its *own* records" for the discovery. *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1048, 1050 (N.D. Cal. 2021) (emphasis in original) (finding no substantial prejudice and allowing amendment based on facts learned in discovery). "[T]he mere fact that an amendment is offered late in the case . . . is not enough to bar it." *Sonoma*, 708 F.3d at 1118 (citation and quotation omitted; alteration in original).

### IV. ARGUMENT

#### A. Figma's Motion Is Timely and Follows Diligence in Discovery

Figma brings these proposed amendments diligently and without undue delay. Figma asked on February 6, 2025 that Defendants "[d]escribe every instance in which You accessed the Figma Platform, whether directly or indirectly, including who accessed it, when access occurred, and why accessed occurred." (Ex. 3, No. 3.) Defendants objected and then claimed, "Defendants

1  ███████████████████████████████████████████
2  ███████████████████████████████████████████
3  ██████████████ (*Id.*)
4        Figma continued to pursue this information, including with a Rule 30(b)(6) topic in Hong
5  Kong.  On March 31, Figma questioned Mr. Ethan Zhang regarding access to its system.
6  Mr. Zhang █████████████████████████████████████████
7  ████████████████████████████████████ (Ex. 4, 107:5-14.)  After Figma
8  threatened to move to compel, █████████████████████████
9  ██████████████████████ (Ex. 8), ████████████████████
10 ██████████████████████████████████████████
11 █████████████████████████████████ (Exs. 9, 11.)  Thus, Figma's
12 proposed amendments to add claims based on these facts is timely.
13       Defendants have been likewise evasive regarding their corporate entities and relationships.
14 On February 6, Figma served an interrogatory seeking identification of entities, including any
15 affiliates of defendants, involved in developing, marketing, and distributing the Motiff product.
16 (Ex. 3, No. 8.) ████████████████████████████████
17 ███████████████████████████████████████████
18 ███████████████████████████████████████████
19 ████████████████ (Exs. 4, 5.)  Even now, Defendants have not supplemented their
20 interrogatory response to describe the roles and functions of each and the relationship between all
21 of the Kanyun entities.  Figma's proposed amendments to add these parties are proper and timely.
22       This factor favors allowing Figma leave to amend.
23       **B.**    **Figma Has Not Acted in Bad Faith or With Dilatory Motive**
24       Figma's proposed amendments add as defendants three corporate entities that as a
25 practical matter are already involved in this case. ████████████████████
26 ███████████████████████████████████████████
27 ███████████████████████████████████████████
28 ██████  All three are part of the web of Kanyun/Yuanfudao corporate entities. ████

1 ▮▮▮
2 ▮▮▮
3 ▮▮▮ (Ex. 7, 9:18-11:17.)

Figma's amendments and claims for relief are based on information Figma learned in discovery, including recently produced documents describing ▮▮▮ ▮▮▮ The Amended Complaint includes additional prayers for relief corresponding to those claims. These proposed amendments do not involve any bad faith or dilatory motive. This factor favors allowing Figma leave to amend.

### C.    Figma's Proposed Amended Complaint Is Its First

This motion is Figma's first in seeking leave to amend its claims. This factor favors granting leave to amend. *See Elder v. Hilton Worldwide Holdings, Inc.*, No. 16-cv-278, 2017 WL 975959, at *2 (N.D. Cal. Mar. 14, 2017) (lack of previous amendments favors granting leave because "[u]nder Rule 15(a), a party is entitled to amend their pleading 'once as a matter of course'" even though a motion for leave is required after 21 days).

### D.    Figma's Proposed Amended Complaint Will Not Prejudice Defendants

Defendants will not be prejudiced by the proposed amendments. Indeed, Defendants are already aware of the basis and factual support for the new claims: They "need . . . look no further than its *own* records" for the discovery. *Robertson*, 568 F. Supp. 3d at 1048 (emphasis in original). Defendants will not be prejudiced by the addition of corporate entities as Defendants themselves identified them during discovery. (Exs. 4, 5.) The factual bases for Figma's proposed additional causes of action also come from Defendants' documents, testimony, ▮▮▮ ▮▮▮ (Exs. 8, 9, 11.) *See On Track Innovations Ltd. v. T–Mobile USA, Inc.*, No. 12 Civ. 2224, 2014 WL 406497, at *3 (S.D.N.Y. Feb. 3, 2014) (rejecting argument that adding indirect infringement claims would prejudice defendant by requiring "significant additional discovery," and noting that defendant "should have accessible to it the evidence bearing on its own state of mind") (internal quotation omitted).

Figma does not anticipate that the amendments will alter materially the scope of ongoing discovery or warrant delay: Defendants' key witnesses have already been identified and their

1  depositions taken or scheduled.  Significant facts related to Defendants' unauthorized access to
2  Figma's systems have been unearthed.  To the extent Defendants have concealed other access or
3  intend to continue flouting the Court's order, that is entirely their own doing.

4      Figma anticipates that the parties will work together to see that the remaining discovery
5  can be accomplished expeditiously.  *See, e.g.*, *Esebag v. Whaley*, No. LA CV18-8446, 2021 WL
6  6102470, at *3 (C.D. Cal. Mar. 4, 2021) ("Neither delay resulting from the proposed amendment
7  nor the prospect of additional discovery needed by the non-moving party in itself constitutes a
8  sufficient showing of prejudice." (citation omitted)); *cf. O'Shea v. Epson Am., Inc.*, No. CV 09-
9  8063, 2010 WL 4025627, at *5 (C.D. Cal. Oct. 12, 2010) ("[G]iven that granting a plaintiff leave
10 to amend usually leads to additional discovery, courts typically require 'something more' to
11 justify denying the motion on grounds of prejudice.").  This factor favors allowing Figma leave to
12 amend.

### E.   Figma's Proposed Amended Complaint Is Not Futile

14     Finally, Figma's proposed additional claims are well-founded, not futile, for the reasons
15 discussed above.  Adjudicating them now will serve the interests of justice in avoiding the
16 potential for piecemeal adjudication and the prospect that Defendants could avoid an injunction or
17 judgment against the Motiff software and enterprise by claiming that other corporate entities
18 within their web of companies are responsible for the accused activities and software.  Figma
19 fears that, otherwise, Defendants and their affiliates will continue to play a shell game to avoid
20 the consequences of their conduct.  This factor favors allowing Figma leave to amend.

## V.   CONCLUSION

22     For all the reasons discussed above, Figma respectfully requests leave to file its proposed
23 First Amended Complaint.  Defendants chose not to disclose their affiliates' involvement in a
24 timely fashion.  And Defendants have repeatedly and brazenly breached Figma's computer
25 systems in violation of the DMCA, CFAA, UCL and this Court's order of May 15, 2025.  The
26 Court should permit these amendments so that Defendants may be held accountable.

Dated: June 6, 2025

MORRISON & FOERSTER LLP

By: */s/ Richard S.J. Hung*
    Richard S.J. Hung

*Attorneys for Plaintiff*
FIGMA, INC.