

SIDLEY AUSTIN LLP
350 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 213 896 6095
STIU@SIDLEY.COM

June 13, 2025

The Honorable James Donato                                                         **VIA CM/ECF**
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

      Re:    *Figma, Inc. v. Motiff Pte. Ltd. et al.*, Case No. 3:24-cv-06507-JD

Dear Judge Donato:[1]

      Motiff respectfully requests the Court to order Figma to produce a narrowed set of documents constituting documents Figma filed with the SEC for its initial public offering (IPO). This issue has been pending for almost two months and is still unresolved from the issues raised in Motiff's April 9, 2025 discovery letter, to which Figma only responded on June 11, 2025. The parties conferred multiple times in-person on Figma's IPO documents, including on June 5, 2025, and Figma continues to refuse to produce these documents.

      The financial data, market analysis, and representations in Figma's IPO documents are highly relevant to Figma's allegations of harm. Any discussion of the market, competitors, Figma's pricing, marketing, and projections is highly probative of any alleged harm to Figma, or lack thereof. Figma was valued at $20 billion in 2022 based on an Adobe acquisition proposal. Yet Figma claims Motiff, who has just under $5,000 in U.S. revenues and less than $20,000 in worldwide revenues in over a year on the market, is somehow causing irreparable damage to Figma's business, reputation, and market share.

      On February 6, 2025, Motiff served targeted requests (RFP Nos. 12, 13, 15, 18) to obtain financial, business, and marketing documents from Figma. In response, Figma objected and largely refused to produce documents. On April 9, 2025, Motiff sought the Court's assistance in compelling Figma to produce documents regarding Figma's pricing strategy and analysis of competing web design platforms. Dkt. 76 at 2–3.

      Amid this context, Figma filed for an IPO on April 15, 2025. On April 17, 2025, Motiff's counsel promptly sent Figma's counsel a letter stating that Motiff learned about Figma's IPO filing through press reports. Motiff explained that Figma's IPO analysis and representations are relevant to its allegations of harm and requested that Figma produce all documents filed with the SEC regarding its IPO. In response, Figma produced only a six-page *excerpt* from a diligence document that identifies this litigation.

      On May 21, 2025, in the interest of cooperating, Motiff advised Figma that Motiff had

---

[1] In the interest of conserving judicial resources and to avoid requiring the Court to sift through sealed filings on the docket, Motiff submits this amended discovery letter brief to include more specific information regarding Motiff's U.S. and worldwide revenues.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

"narrowed the scope of our original document requests to expedite production." With respect to Requests for Production Nos. 12, 13, and 15, Motiff asked only for "[a]ll documents filed with the SEC relating to Figma's initial public offering." Despite Motiff's good faith identification of one discrete set of documents, Figma continued to refuse further production. Counsel for the parties discussed Figma's IPO filings on several meet-and-confers, including on the in-person meet-and-confer on June 5, 2025 wherein Figma's counsel affirmatively represented that Figma would not be producing its IPO documents filed with the SEC. Because Figma filed its IPO after Motiff's initial discovery letter (Dkt. 76), Motiff could not address such documents therein. Such documents fall within the "pricing strategy and competitive analysis" documents requested in that letter, thus rendering the initial letter *not* moot.

Production of Figma's IPO filings would meaningfully assuage the prejudice Motiff are suffering from Figma's deficient production. And production of these documents is not burdensome, as they constitute a discrete set that Figma already gathered and filed with the SEC. Figma has not articulated any legitimate basis for its continued refusal to produce these documents.

Respectfully submitted,

Samuel N. Tiu
Sidley Austin LLP
*Attorney for Defendants*