Michael J. Bettinger (CA SBN 122196)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
mbettinger@sidley.com

Samuel N. Tiu (CA SBN 216291)
Eric B. Schwartz (CA SBN 266554)
Brooke S. Böll (CA SBN 318372)
Marissa X. Hernandez (CA SBN 341449)
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600
stiu@sidley.com; eschwartz@sidley.com;
brooke.boll@sidley.com;
marissa.hernandez@sidley.com

Gwen Hochman Stewart (*admitted pro hac vice*)
Maxwell H. Terry (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
gstewart@sidley.com;
maxwell.terry@sidley.com

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD., AND KANYUN HOLDING GROUP CO. LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FIGMA, INC.,

Plaintiff,

vs.

MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDING GROUP CO. LTD.,

Defendants.

Case No. 3:24-cv-06507-JD

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Date: July 10, 2025
Time: 10:00 a.m.
Courtroom: 11 – 19th Floor
Judge: Honorable James Donato

Trial Date: August 18, 2025

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. RELEVANT BACKGROUND .....................................................................................2

III. LEGAL STANDARD.....................................................................................................3

IV. ARGUMENT ..................................................................................................................4

A. The Proposed Amendment Will Cause Substantial Undue Prejudice to Motiff............4

B. Figma Unduly Delayed in Amending Its Complaint ....................................................7

C. Figma's Motion Is Untimely Gamesmanship On the Eve of Trial ...............................9

D. Figma's Approach to This Amendment Should Be Discouraged................................10

E. The Proposed Amendment is Futile.............................................................................11

V. CONCLUSION.............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Booker v. Glotel, Inc.*,
No. C 05-4795 CW, 2006 WL 823218 (N.D. Cal. Mar. 28, 2006) ....................5

*Callan v. Amdahl Corp.*,
Civ. No. C–94–0295, 1995 WL 261420 (N.D. Cal. 1995) ....................5

*Competition Specialties, Inc. v. Competition Specialties, Inc.*,
87 F. App'x 38 (9th Cir. 2004) ....................6

*Elder v. Hilton Worldwide Holdings, Inc.*,
No. 16-CV-00278-TEH, 2017 WL 975959 (N.D. Cal. Mar. 14, 2017) ....................11

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ....................4

*Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*,
980 F. Supp. 2d 1160 (E.D. Cal. 2013) ....................6

*Heilman v. Dillen*,
No. CV 14-6298 JVS (FFM), 2018 WL 6262873 (C.D. Cal. Aug. 16, 2018) ....................9, 10

*hiQ Labs, Inc. v. LinkedIn Corp.*,
31 F.4th 1180 (9th Cir. 2022) ....................11, 12

*iSpot.tv, Inc. v. Teyfukova*,
No. 2:21-CV-06815, 2023 WL 1967958 (C.D. Cal. Jan. 25, 2023) ....................12

*Jackson v. Bank of Hawaii*,
902 F.2d 1385 (9th Cir. 1990) ....................3, 4

*Johnson v. Hewlett-Packard Co.*,
809 F. Supp. 2d 1114 (N.D. Cal. 2011) ....................7

*Kaplan v. Rose*,
49 F.3d 1363 (9th Cir. 1994) ....................6

*Lockheed Martin Corp. v. Network Sols., Inc.*,
194 F.3d 980 (9th Cir. 1999) ....................6

*McGlinchy v. Shell Chemical Co.*,
845 F.2d 802 (9th Cir. 1988) ....................5

*Meta Platforms, Inc. v. BrandTotal Ltd.*,
605 F. Supp. 3d 1218 (N.D. Cal. 2022) ....................12

*Moeller v. Taco Bell Corp.*,
No. C 02-5849 PJH, 2013 WL 12440996 (N.D. Cal. Nov. 21, 2013) ....... 4

*Nunes v. Ashcroft*,
375 F.3d 805 (9th Cir. 2004) ....... 4

*Overpeck v. FedEx Corp.*,
No. 18-CV-07553-PJH, 2020 WL 2542030 (N.D. Cal. May 19, 2020) ....... 4

*Robertson v. Bruckert*,
568 F. Supp. 3d 1044 (N.D. Cal. 2021) ....... 4, 5

*Scognamillo v. Credit Suisse First Bos., LLC*,
587 F. Supp. 2d 1149 (N.D. Cal. 2008) ....... 4, 5

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
708 F.3d 1109 (9th Cir. 2013) ....... 4

*Talavera v. Glob. Payments, Inc.*,
670 F. Supp. 3d 1074 (S.D. Cal. 2023) ....... 5

*Van Buren v. United States*,
141 S.Ct. 1648 (2021) ....... 11, 12

*X Corp. v. Ctr. for Countering Digital Hate, Inc.*,
724 F. Supp. 3d 948 (N.D. Cal. 2024) ....... 11

**Statutes**

17 U.S.C. § 1201(a)(2) ....... 5

**Court Rules**

FRCP 15(a)(2) ....... 3

## I. INTRODUCTION

Plaintiff filed a motion for preliminary injunction on January 23, 2025. At the Initial Case Scheduling Conference on February 13, 2025, the Court set a hearing on the motion for May 15, 2025. The parties then engaged in extensive percipient and expert discovery for the next three months. At the February scheduling conference, the Court suggested that the parties get their experts in the same room to look at the source code to see if there was any copying. Defendants took heed, and after 60+ hours of review of the parties' proprietary source code, Defendants' expert Dr. Cory Plock concluded that there was no copying. Plaintiff, in contrast, continues to rely upon its "substantial similarity" argument rather than expert analysis of the source code. When the Court declined to grant Plaintiff's preliminary injunction motion, Plaintiff opted for an expedited trial date of August 18, 2025. Now, less than two weeks before the opening supplemental expert reports (due June 18), and less than two months before the August 7 pretrial conference, Plaintiff seeks to amend the complaint to add three new causes of action and three new foreign parties. The request is untimely, prejudicial to the present Defendants as well as the three proposed new ones, and smacks of gamesmanship.

Faced with the lack of evidence of any copying of proprietary source code, Plaintiff now moves to amend its complaint to assert three new causes of action beyond the original claims of copyright infringement and breach of contract. The new causes of action, for purported violations of the Digital Millennium Copyright Act, the Computer Fraud and Abuse Act, and Cal. Bus. & Prof. Code § 17200, are based on facts that Plaintiff had obtained months ago. Plaintiff also knew of the three new parties months before. Plaintiff, however, never even raised the *prospect* of an amended complaint or additional parties when the Court set the case for an expedited trial at the May 15, 2025 hearing, or when the parties submitted a joint report to confirm the trial date several days later. Waiting until the Court first set an August 7 pretrial and an August 18 trial before moving to amend the complaint, based on facts known months before, has the appearance of a calculated move to prejudice Defendants on the eve of trial. As explained more fully below, Defendants request that the motion to amend at this late date in the proceedings be denied, and that the parties proceed to trial on the copyright and breach of contract claims that have been the focus of intense discovery ever since the Initial Case Scheduling Conference four months ago.

## II. RELEVANT BACKGROUND

On January 23, 2025, the same day that Defendants Motiff Pte. Ltd., Yuanfudao HK Ltd., and Kanyun Holding Group Co. Ltd. ("Motiff") appeared, Figma, Inc. ("Figma") filed motions for preliminary injunction ("PI") (ECF No. 28) and expedited discovery (ECF No. 29). Over the weeks that followed, the parties engaged in extensive expedited discovery tied to the PI motion, including voluminous production of documents and source code, interrogatory responses, and numerous fact witness depositions (including a total of 33 hrs., 3 mins. of testimony from Motiff witnesses), as well as expert declarations and exhibits, while Motiff deposed only one Figma fact witness for a total of 2 hrs., 12 mins. Declaration of Brooke Böll ISO Motiff's Opposition to Figma's Motion for Leave to Amend Complaint ("Böll Decl.") ¶¶ 2-4; ECF Nos. 28-11, 28-49, 60-8, 60-10.

On March 7, three months before Figma filed this motion, Motiff produced MOTIFF_PROD_0000226 regarding the [REDACTED] on which Figma bases in part its new claims. Böll Decl. ¶ 5; ECF No. 82-13. During the April depositions of Motiff fact witnesses, Figma obtained testimony about the [REDACTED] and also questioned Motiff's witnesses on alleged "improper access," and "fictitious" accounts for signing on to the Figma web-based product. Specifically, Ethan Zhang was extensively questioned about this [REDACTED] during his April 1 and 4 depositions and he prepared an exhibit cataloguing use of the Figma platform. Böll Decl. Ex. 1 at 175:21-188:3 (Deposition Transcript of Yuchen (Ethan) Zhang (Volume 2)); Böll Decl. Ex. 2 at 263:4-287:2 (Deposition Transcript of Yuchen (Ethan) Zhang (Volume 3)); *see also* ECF Nos. 82-13; Declaration of Richard S.J. Hung ISO Motion for Leave to Amend Complaint ("Hung Decl.") Ex. 8 (ECF No. 114-10). Both Ethan Zhang and Tim Yang provided information about the allegedly "fictious accounts" and use of the Figma product in their April 4 depositions. Böll Decl. Ex. 2 at 288:2-289:15; Böll Decl. Ex. 3 at 18:15-19:11, 21:1-22:18, 60:19-61:4, 84:4-106:16 (Deposition Transcript of Ming (Tim) Yang).

The Court held a hearing on Figma's PI motion on May 15, 2025, and there the Court ordered an expedited jury trial for August 18, 2025 and a pre-trial conference for August 7, 2025, just two months from the time Figma filed its motion to amend. ECF No. 101. Acknowledging the extensive discovery that had been completed, the Court noted "[the parties] know pretty much all the

facts," to which counsel for Figma responded, "I would say we know a lot of facts." Böll Decl. Ex. 5 at 6:15-17 (May 15, 2025 Hearing Transcript). After the hearing, the parties submitted a joint statement agreeing to the August 18, 2025 trial date and setting the a schedule "to complete remaining discovery with the benefit of the current record in this case." ECF No. 104.

Since the PI hearing, Figma has continued to aggressively press forward with broad ranging discovery, far beyond what Motiff understood to be the limited scope of remaining discovery contemplated by the Court and existing claims. Whereas Motiff propounded only an additional three interrogatories (without additional requests for production despite Figma's deficient production), Figma propounded an additional set of 13 interrogatories, 22 requests for admission, and two additional sets of requests for production containing 34 and 10 requests, respectively. Böll Decl. ¶ 11. On or around June 6, counsel for Motiff traveled to Hong Kong a second time for Figma's additional depositions of Motiff fact witnesses. *Id.* ¶ 12. These depositions were conducted from June 10-17, including the second depositions of Ryan Zhang, Ethan Zhang, and Max Zhang, and the depositions of four other witnesses for a total of 33 hrs., 27 mins. of additional testimony. *Id.*

Despite the near-completion of discovery (including extensive discovery taken both before and since the PI hearing), Figma decided to file a Motion for Leave to Amend Complaint ("Motion") just two months before the pre-trial conference. ECF No. 115. Figma's Proposed First Amended Complaint ("FAC") has 37 more paragraphs, three brand new claims (that could have been raised much sooner), and even 3 new foreign defendants. Figma has not provided discovery or documents relating to its new causes of action (for example, relating to the technological effectiveness of its protective measures or technological harm for its CFAA claim), and Motiff has not had an opportunity to take any such discovery.

## III. <u>LEGAL STANDARD</u>

After a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FRCP 15(a)(2). "Leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182

(1962)). The Ninth Circuit has identified five factors for assessing a motion for leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). "Prejudice to the opposing party is the most important factor affecting whether the Court should grant leave to amend." *Scognamillo v. Credit Suisse First Bos., LLC*, 587 F. Supp. 2d 1149, 1155 (N.D. Cal. 2008). Putting Motiff through "the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial." *Jackson*, 902 F.2d at 1388 (internal quotation marks omitted). Each of the five factors weigh against granting leave to amend or are, at best, neutral.[1]

## IV. ARGUMENT

Figma's proposed amendments come just two months before trial and two or more months *after* the underlying facts were known to it. The Court recognized that discovery was almost completed in connection with the preliminary injunction, and set the case for an expedited trial. There is no justification to expand the case this close to trial, and permitting such an amendment at this late stage will unduly prejudice Motiff. Further, Figma's motivations in expanding the case at this late stage are suspect. Figma's motion should be denied at least because of the undue prejudice to Motiff, Figma's unjustified delay in moving to amend (or even advising the Court or Motiff of its intent to do so), and the circumstances suggesting bad faith or dilatory motive.

### A. The Proposed Amendment Will Cause Substantial Undue Prejudice to Motiff

Figma's unsupported claim that "Defendants will not be prejudiced by the proposed amendments" could not be more wrong. "Prejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation." *Scognamillo,* 587 F. Supp. 2d at 1155 (citations omitted). In particular, "[s]uch prejudice may result when the new allegations add claims based on different legal theories or

[1] Each of the cases cited in Figma's Legal Standards is distinguishable. In *Overpeck*, the proposed amendment eliminated causes of action and did not add any new ones. *Overpeck v. FedEx Corp.*, No. 18-CV-07553-PJH, 2020 WL 2542030, at *3 (N.D. Cal. May 19, 2020). In *Sonoma* and *Moeller*, controlling precedents changed mid-way through the litigation. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *Moeller v. Taco Bell Corp.*, No. C 02-5849 PJH, 2013 WL 12440996, at *2 (N.D. Cal. Nov. 21, 2013). *Eminence* involved a particular Securities Act requiring pleading with "an unprecedented degree of specificity." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). *Robertson* is addressed elsewhere.

require proof of different facts." *Id.*

The timing of the proposed FAC would cause unfair prejudice to Motiff, especially in view of its scope. The proposed FAC substantially expands the case, adding three new causes of action. The proposed FAC also changes Figma's requests for relief. And the proposed FAC comes just seven weeks before trial. As numerous courts have recognized, "[s]uch a dramatic change, so close to the end of discovery and trial, unfairly prejudices defendant." *Callan v. Amdahl Corp.*, Civ. No. C–94–0295, 1995 WL 261420, at *5 (N.D. Cal. 1995) (denying leave to amend "only two weeks before the discovery cut-off and two months before trial," even though "plaintiff complains he could not file his proposed amended complaint until he had received certain discovery from defendants."); *see also McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) (affirming denial of leave to amend where resulting delay and expense of new claims would have prejudiced defendants, "who were entitled to rely on a timely close of discovery and a near-term trial date."); *Booker v. Glotel, Inc.*, No. C 05-4795 CW, 2006 WL 823218, at *3 (N.D. Cal. Mar. 28, 2006) ("Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case.").

Figma's proposed FAC will prejudice Motiff because it substantially expands the case by adding three claims, which include at least some different elements of proof and defenses. Expanding the case on the current timeline does not provide Motiff with sufficient opportunity to defend itself or investigate the claims. Motiff has not had any opportunity to take discovery on Figma's new claims and new factual allegations. And, it is clearly not the case that Motiff need look only to its own records for these claims, as Figma alleges. Motion at 8.[2] In reality, Motiff will need significant additional discovery from Figma. For example, for a DMCA claim, Figma must show that its "technological measures effectively controlled access to [REDACTED]" *See* 17 U.S.C. § 1201(a)(2); *Talavera v. Glob. Payments, Inc.*, 670 F. Supp. 3d 1074, 1102 (S.D. Cal. 2023). Further, numerous of the new allegations relate to [REDACTED], which was also added as a new accused feature to the copyright claim on June 6. Proposed FAC ¶ 74. To date, Figma has provided no

[2] Figma relies on *Robertson*, but that case is distinguishable as there was no quickly-approaching expedited trial date there. *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1048 (N.D. Cal. 2021).

discovery into [redacted] (and limited or no discovery on other accused features). For its unfair competition claim, Figma alleges "members of the public are likely to be deceived," but Motiff has not investigated or taken discovery into that issue and Figma has not provided any beyond what it relied on in the preliminary injunction for the separate claim of copyright infringement. As yet another example, Figma's claims raise new requests for "losses" under the CFAA, "restitution or disgorgement," and actual or statutory damages under the DMCA. Proposed FAC at Prayer for Relief, ¶¶ 106, 114, 121. Figma has not provided any discovery as to what these amounts might be or their bases, and Motiff is entitled to test those facts and contentions sufficiently in advance of expert reports and trial. Figma's claim that it "does not anticipate that the amendments will alter materially the scope of ongoing discovery or warrant delay" (Motion at 8) is thus unrealistic. There is no doubt that delay will result from expansion of the case through the new claims in the proposed amended complaint.[3]

The additional work contemplated by the proposed FAC is certain to cause significant prejudice to Motiff from further expense, delay, and burden, especially in light of the substantial work already completed. Where, as here, "[t]he parties have engaged in voluminous and protracted discovery. . . Expense, delay, and wear and tear on individuals and companies [also] count toward prejudice." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (quoting *Texaco, Inc., v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)). Motiff is already stretched thin with dozens of its custodians having collected thousands of documents on a shortened timeline. And, many of Motiff's witnesses have sat for serial depositions. Not only has this been burdensome and expensive, it also has an opportunity cost—all the time spent working on litigation-related tasks is time taken away from Motiff's ability to work on its business. More protracted discovery and compounding litigation as contemplated in the proposed FAC is highly prejudicial to Motiff and its employees. *See also Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1177 (E.D. Cal. 2013) (citing *Morongo Band of Mission*

[3] Figma also names three additional foreign defendants, one of which Figma already knew about from Motiff's interrogatory responses from February 20, 2025. Hung Decl. ¶ 6, Ex. 3. The inevitable result of naming additional parties at this late stage would be significant delay and duplication of efforts. The Ninth Circuit has affirmed the denial of leave to amend to add two corporate officers when the request was made two months before the scheduled trial date given that such amendment would cause undue prejudice and delay. *See Competition Specialties, Inc. v. Competition Specialties, Inc.*, 87 F. App'x 38, 43 (9th Cir. 2004); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (need to reopen discovery on the proposed new parties and delay the proceedings supported finding of prejudice).

*Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)) ("prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond. . .").

Thus, Motiff will be unfairly prejudiced by the proposed amendment, and this factor weighs strongly against permitting the proposed amendment.

**B. Figma Unduly Delayed in Amending Its Complaint**

Figma unduly delayed in moving for leave to amend its complaint, which weighs strongly in favor of denying the motion to amend. "A party unduly delays seeking amendment by failing to seek amendment reasonably promptly after it 'knew or should have known' that amendment was called for." *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1120 (N.D. Cal. 2011), *aff'd,* 546 F. App'x 613 (9th Cir. 2013) (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)). Under the circumstances of this case and given the expedited trial setting, Figma needed to immediately advise the Court and Motiff weeks ago of its intent to amend upon purportedly learning of facts. Figma did not do so. As detailed below, Figma could have raised these issues two or more months ago, if not at the outset of the litigation.

Figma's own exhibits make clear that Figma unreasonably delayed in moving for leave to amend its complaint to add these new causes of action and additional named parties. All of Figma's cited evidence under the delay factor relates to discovery that occurred months ago. Motion at 6-7. Figma's Exhibit 3 is a set of interrogatory responses dated February 20, 2025, nearly four months ago. Hung Decl. ¶ 6. Figma's Exhibits 4-7 are transcripts from depositions that occurred from March 31 to April 4, over two months ago. Hung Decl. ¶¶ 7-10. Other sections of those deposition transcripts show that Figma was well aware of, and had opportunity to extensively ask about, [REDACTED], continued use, and "fictitious" accounts. Böll Decl. Ex. 1 at 175:21-188:3; Böll Decl. Ex. 2 at 263:4-287:2, 288:2-289:15; Böll Decl. Ex. 3 at 8:15-19:11, 21:1-22:18, 60:19-61:4, 84:4-106:16. Figma's Exhibit 8 is a document produced by Motiff in discovery on April 7, 2025, again two months ago. Motion at 7 (citing MOTIFF_PROD_0001503). And, Figma's proposed FAC also cites to MOTIFF_PROD_0000226, a document about the [REDACTED] which was produced on March 7, 2025. Böll Decl. ¶ 5; ECF No. 82-13. Figma clearly knew about this document well before it moved to amend, as Figma cited it in its April 17, 2025 Reply Brief. *See* ECF No. 82-13. Figma

provides no explanation for its long delay in providing its proposed amendments purported to be based on this discovery conducted before early April, nor for its failure to advise the Court or Motiff of its intentions to amend earlier.

Figma wrongly claims Motiff has been "evasive" regarding corporate entities and relationships. Not so. Motiff responded fully in February to Interrogatory No. 8 seeking information on corporate entities based on its investigation to date, and the Court denied Figma's motion to compel a further response. *See* Böll Decl. Ex. 4 at 17:1-20 (March 27, 2025 Hearing Transcript) ([response read in Court] "THE COURT: Just pause right there. What's wrong with that? That seems like it was everything you could ask for. . . . You've got enough for now. That part is denied. Okay. Get this thing done."). Motiff's deponents then identified and described other entities in their testimony, given at least two months before Figma's proposed FAC was filed. Motiff has produced tens of thousands of documents and has provided fulsome written discovery. Figma's long delay in adding additional entities cannot be blamed on Motiff.

In a final attempt to justify the long passage of time before the proposed amendment, Figma claims that "Defendants' unauthorized access persists."[4] Motion at 7. Motiff has addressed and explained these accesses, as shown in Exhibits 10 and 12 to the Hung Decl. But regardless, information about Motiff's alleged access to Figma is clearly in Figma's possession in various security records. *See* Hung Decl. Ex. 9, 11. Figma provides no explanation for why these records were not consulted earlier such that it could have raised the issue in its original complaint, or, at a minimum, in an earlier amendment. And any ongoing access, even if true, would not justify a late amendment. Figma's original claims already allege access. *See, e.g.*, ECF No. 1 at 4-5 ("On information and belief, Defendants used this access to develop the Motiff product."). And Figma already knew of the alleged "fictitious accounts" no later than the April depositions. *See, e.g.*, Böll Decl. Ex. 2 at 288:2-289:15; Böll Decl. Ex. 3 at 18:15-19:11, 21:1-22:18, 60:19-61:4, 84:4-106:16 (Deposition Transcript of Ming

[4] To the extent ongoing access is purportedly occurring, Figma does not explain why its originally asserted claims would not have encompassed such conduct. Ongoing access, even if true, would not justify a late amendment. Moreover, Motiff has addressed and dispelled the allegations of ongoing use through correspondence, *see* Hung Decl. Ex. 10, 12, and Figma's counsel has deposed multiple Motiff witnesses on that topic. Böll Decl. Ex. 6 at 372:21-380:25 (Deposition Transcript of Yuchen (Ethan) Zhang (Volume 4)); Böll Decl. Ex. 7 at 483:14-486:18 (Deposition Transcript of Haoran (Ryan) Zhang (Volume 2)); Böll Decl. Ex. 8 at 52:2-57:18 (Deposition Transcript of Zhenzhi Guan).

(Tim) Yang). Thus, Figma's undue delay weighs heavily against granting leave to amend.

**C. Figma's Motion Is Untimely Gamesmanship On the Eve of Trial**

Figma's motion to amend should be denied as based on a dilatory motive or brought in bad faith. It appears that Figma is trying to gain an unfair procedural advantage by ramming the case through as fast as possible without affording Motiff and the new defendants a full and fair opportunity to investigate Figma's claims and develop defenses against them. Courts in California have recognized that "a party exhibits a dilatory motive where the addition of new claims would require the opposing parties to 'scramble' to complete discovery before the cutoff or would necessitate the extension of the discovery period or all deadlines in the case." *Heilman v. Dillen*, No. CV 14-6298 JVS (FFM), 2018 WL 6262873, at *2 (C.D. Cal. Aug. 16, 2018) (citing *AmerisourceBergen*, 465 F.3d at 953; *Brownlee v. 12745 Moorpark LLC*, No. 2:13-CV-9188-ODW, 2014 WL 4978441, at *3 (C.D. Cal. Oct. 3, 2014)). This scramble and/or necessity for an extension of all deadlines is precisely what Figma's amendment appears designed to achieve. The problems posed by the amendment are only compounded by the already expedited nature of the remaining work to be done before trial. Motiff has not taken any discovery on these new claims, and has no opportunity to do so given the expedited timeline.

Indeed, the timing of this motion (and its accompanying asymmetrical request for expedited briefing, ECF No. 116) further suggests bad faith or a dilatory motive. Counsel for Figma knew that lead and co-lead counsel for Motiff were about to fly on the evening of June 6 to Hong Kong to prepare witnesses for depositions that began on June 10, 2025. Böll Decl. ¶ 12. Yet, counsel for Figma filed its Motion and accompanying motion for shortened time late in the evening on June 6. ECF Nos. 115 & 116. This ensured that Motiff would have limited resources to prepare a response to the Motion.

Furthermore, the Motion may be improperly motivated by the desire to seek yet a third round of burdensome depositions from Motiff witnesses. Counsel filed this motion on the eve of a second round of Motiff depositions, presumably to take all the depositions on their existing claims and then leave themselves open to the possibility of yet a third round of depositions should their motion be granted. Figma already obtained 33 hrs., 3 mins. of testimony from 4 witnesses (some of whom sat for multiple days) in connection with the preliminary injunction. Böll Decl. ¶ 3. During the week of June 9, Figma deposed 5 individuals for an additional 33 hrs., 27 mins. *Id.* ¶ 12. Motiff, on the other

hand, has only deposed one individual on June 3 for 3 hrs., 17 mins. *Id.* ¶ 13. And, before this motion is decided, Motiff expects to depose 6 individuals from Figma on existing claims as the parties prepare for trial. *Id.* ¶ 14. The parties may also conduct additional expert depositions. Figma's motion does not state that it will forgo yet another set of serial depositions now in furtherance of its claims, and its conduct in holding depositions open without justification and re-deposing witnesses multiple times on overlapping topics strongly suggests it will not.

The timing of the proposed FAC thus is "suspect" and suggests bad faith. *Heilman*, 2018 WL 6262873, at *3. Figma's conduct suggests that the motion to amend was designed to maximize the burdens on Motiff while allowing Figma to press on with its scorched earth campaign to squash its competitor through serial litigation. Because of Figma's bad faith and dilatory motive in proposing its FAC at this late stage, leave to amend should be denied.

**D. Figma's Approach to This Amendment Should Be Discouraged**

While this is Figma's first proposed amendment, that factor is not dispositive and should be found at best neutral. Figma's conduct before the Court never even hinted at any amendment to the Complaint. As explained above, all of the discovery purporting to support Figma's amendment was obtained two or more months ago, well before the preliminary injunction hearing on May 15, 2025. Yet, Figma did not advise the Court at the preliminary injunction hearing that it may amend its Complaint, despite the Court setting the case for an expedited jury trial. Figma agreed with the Court's understanding that "You've done a lot. I'm assuming that -- I'm not going to order a cutoff at this point, but by July, I imagine you'll be done." Böll Decl. Ex. 5 at 11:19-24. Figma similarly never corrected the Court's understanding that "So let's just get to it. You've done all the discovery, haven't you? It looks like -- you filed enough that indicates to me you know pretty much all the facts." *Id.* at 6:13-18. Figma had ample opportunity to advise the Court it intended to add three new causes of action and double the number of parties, and yet, it did not. Figma fails to address this in its Motion.

Nor did Figma provide Motiff with any notice during the discussions following the May 15 hearing. The parties submitted a joint statement on May 20, 2025 confirming their availability for an expedited jury trial for August 18, 2025. ECF No. 104. In that statement, the parties also proposed interim deadlines to govern fact and expert discovery and the identification of accused features. *Id.*

Figma did not identify any intent or potential intent to amend its Complaint in the statement (or the parties' discussions), and Figma did not propose any deadline to do so. The FAC comes far too late in the case with no warning to the Court or Motiff, and thus Figma should not be credited with any benefit associated with its proposed FAC being the first amendment.[5] This factor is thus, at most, neutral.

**E. The Proposed Amendment is Futile**

Figma's Motion hardly touches on the substantive merits of the proposed amendments. Instead, Figma makes irrelevant and unfounded claims. As Defendants have stated, there is no corporate shell game. ECF No. 62 at 3. Motiff has been forthcoming in depositions and discovery about the entities involved in development and distribution of the Motiff Product. Indeed, the Court found Motiff's interrogatory responses were adequate. Böll Decl. Ex. 4 at 17:1-19; *see also* ECF No. 62 at 3; Hung Decl. Ex. 2; Hung Decl. Ex. 4 at 12:25-14:20, 15:1-21, 16:15-18:3; Hung Decl. Ex. 5 at 13:7-24; Hung Decl. Ex. 6 at 14:18-16:11; Hung Decl. Ex. 7 at 9:18-11:20. Adding additional entities to the case at this late stage is not needed for Figma to conduct discovery, as Defendants are already providing discovery from those entities. Nor is it needed for Figma to obtain its requested relief. Adding more entities to the case on the eve of trial would only cause further expense and complications.

Figma's proposed causes of action are also futile. For its CFAA claim, Figma's claimed harm is that it was "forced to expend resources to investigate the repeated, unauthorized access and abuse of its computers." Proposed FAC ¶ 112. But the Supreme Court, in *Van Buren v. United States*, 141 S.Ct. 1648 (2021), interpreted the terms "damage" and "loss" narrowly to "focus on technological harms—such as the corruption of files—of the type unauthorized users cause to computer systems and data." *Id.* at 1659-60. Figma does not allege any corruption of files or other technological harm, only a purported intrusion and an alleged forensic cost. Thus, its claim is futile for lack of technological harm and should be dismissed, consistent with the manner in which courts have applied *Van Buren*. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1195 n. 12 (9th Cir. 2022); *X Corp. v. Ctr. for*

[5] Figma cites *Elder*, but in that case there was no bad faith, no forthcoming expedited trial date, and the motion to amend was brought 16 days after learning of new information in response to a first set of discovery. *Elder v. Hilton Worldwide Holdings, Inc.*, No. 16-CV-00278-TEH, 2017 WL 975959, at *2 (N.D. Cal. Mar. 14, 2017). Here, Figma waited months to amend in an effort to sandbag Motiff before trial. There is substantial prejudice to Motiff due to the upcoming expedited trial and remaining work in advance of that trial.

*Countering Digital Hate, Inc.*, 724 F. Supp. 3d 948, 983 (N.D. Cal. 2024). *But see Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1265 (N.D. Cal. 2022) (declining to construe *Van Buren* and *hiQ* as foreclosing a loss based on investigative costs, but noting no authority to count costs for potential violations that do not turn out to be violations).

Figma's DMCA claim alleges Defendants "are circumventing technological measures that effectively control access to Figma's software code . . . by creating fictitious user accounts to gain or maintain access to Figma's software even after being terminated . . ." Proposed FAC ¶ 99. But using a password and username to access a service does not necessarily constitute circumvention under the DMCA. *iSpot.tv, Inc. v. Teyfukova*, No. 2:21-CV-06815, 2023 WL 1967958, at *12 n. 12 (C.D. Cal. Jan. 25, 2023). Thus, this factor disfavors allowing Figma's belated amendment, or is at most neutral.

## V. CONCLUSION

Figma should not be permitted to cause an unjustified scramble weeks before an expedited trial through the filing of an amended complaint. The proposed FAC would be gravely prejudicial to Motiff, was filed unreasonably late in view of the timing of the relevant discovery, and the circumstances and timing raise the specter of bad faith or improper motive. For the reasons stated herein, Motiff respectfully requests that the Court deny Figma's motion to amend.

Date: June 17, 2025

Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/ Samuel N. Tiu*
Samuel N. Tiu
Eric B. Schwartz
Gwen Hochman Stewart
Brooke S. Böll
Marissa X. Hernandez
Maxwell H. Terry

*Attorneys for Defendants*
MOTIFF PTE. LTD., YUANFUDAO HK LTD., AND KANYUN HOLDING GROUP CO. LTD.