**MORRISON FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

July 21, 2025

Writer's Direct Contact
(415) 268-7602
rhung@mofo.com

**VIA CM/ECF**

The Honorable James Donato
United States District Judge
U.S. District Court for the Northern District of California

Re:   *Figma, Inc. v. Motiff Pte. Ltd., et al.*, No. 3:24-cv-06507-JD

Dear Judge Donato:

    Discovery closed on July 14, 2025. Although the parties jointly requested a stay on July 12, 2025 (ECF No. 133), the Court has not entered it. If the Court elects to maintain the current schedule, Defendants must be held to that schedule. Instead, Defendants have failed to produce documents and provide discovery responses as repeatedly promised. Under Federal Rules of Civil Procedure 34 and 37 and the Court's Standing Order for Discovery in Civil Cases, Figma therefore files this motion to compel. Counsel for the parties conferred in-person on these issues on July 3, 2025.

### A. Defendants Failed to Produce Documents They Agreed to Produce

    Over multiple meet and confers, Defendants agreed to produce the following documents and responses responsive Figma's discovery requests:

- Organizational charts showing the relationships between Defendants' affiliates (RFPs 11 and 12)
- All screenshots of Figma possessed by Defendants (i.e., not the select few in other produced documents) (RFPs 4, 5, 21, 27, and 31)
- Bates pages from Motiff's prototype source code repository (RFPs 1, 19, and 22)
- The full communication records and underlying documents (including Notion pages) for specific email notifications referencing Defendants' exploitation of Figma (RFPs 6 and 31)
- Supplementation of discovery responses (*e.g.*, Rogs 1-7) to address Defendants' User Interface team's access to and use of Figma when developing Motiff
- Supplementation of discovery responses (*e.g.*, Rog 17) to address Defendants' use of ▇▇▇▇▇▇▇▇▇▇ when developing Motiff
- Supplementation of discovery responses (*e.g.*, Rog 16) to identify and describe all individuals who contributed to or were involved with Motiff's original business

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**MORRISON FOERSTER**



idea (*e.g.*, ███████████████████████████████████████ and its marketing (*e.g.*, █████), and these individuals' use and access to Figma

(Exs. 1–9.) Despite promising to provide these documents and responses by no later than the week of July 7, Defendants did not do so, except for one organizational chart (discussed below).

Defendants' failure to comply with the discovery agreement is prejudicial. For example, Defendants' failure to produce screenshots of Figma outside of those in produced documents (which their deponents admit creating) unduly deprives Figma of evidence that Defendants copied and used Figma. Similarly, Defendants' failure to produce Bates pages from the prototype source code repository prevents Figma from showing this evidence of Defendants' copying to the jury. Defendants' agreement to produce all these documents establishes that they are relevant and not unduly burdensome to produce. Figma asks the Court to compel Defendants to produce all of the foregoing documents by July 24.

Regarding the one organizational chart produced by Defendants (MOTIFF_PROD_0072814), Figma believes (and Defendants have not disputed) that it is a document manufactured for the purpose of this litigation and that Defendants are withholding at least one document that already existed in their files. During meet-and-confer discussions, Defendants' counsel asserted that they were withholding that document for reasons "unrelated to the litigation" (which they refused to identify). Figma emailed Defendants to confirm that MOTIFF_PROD_0072814 was manufactured for the purpose of this litigation, and Defendants did not respond. Federal Rule 34(b)(2)(E)(i) states that "[a] party must produce documents as they are kept in the usual course of business . . . ." A protective order is in place to cover sensitive information. Accordingly, Defendants should be ordered to produce all inter-company organizational charts in their possession, custody, or control by July 24.

### B. Non-Response to Figma's Authentication and Business Records RFAs

Before depositions began on June 10, Figma proposed an admissibility stipulation to Defendants to make the depositions more efficient. Figma proposed that documents produced from either party's files or those of their affiliates be deemed authentic and admissible.

After Defendants failed to respond to Figma's multiple follow-up requests, Figma served authentication and admissibility-related RFAs on June 30. (Ex. 10.) In view of the expedited trial schedule, the parties had agreed to respond to all discovery requests within 14 days. But Defendants served no responses on July 14.

Defendants' failure to respond is highly prejudicial to Figma, as it complicates the admission of documents at trial that Defendants do not truly dispute are authentic and admissible. Figma asks the Court to compel responses to Figma's RFAs by July 24.

### C. Non-Response to Figma's Fourth Set of RFPs

# MORRISON FOERSTER

Defendants also did not respond or object to Figma's 4th set of RFPs. These RFPs seek Defendants' alleged research regarding industry standards, their e-mail accounts used to access Figma, their e-mails relating to Yuanzu Yang's awareness of Defendants' use of Figma, documents concerning the Motiff product's conception and prototypes, documents underlying certain of Defendants' communications, and emails from Defendants' legal departments regarding Figma. (Ex. 11.) Figma timely served these discovery requests on June 24, making responses due on July 8. But Defendants still have not served responses or objections. Figma asks the Court to compel responses (but not objections, which are waived) by July 24.

### D. Non-Response to Figma's Third Set of Interrogatories

Defendants also did not respond or object to Figma's 3rd Set of Interrogatories. These seek the bases for Defendants' defenses on DMCA, CFAA, and UCL claims, which Figma intends to pursue at trial. (Ex. 12.) Figma served them on June 24, making responses due on July 8. But Defendants still have not served responses or objections. Figma asks the Court to compel responses (but not objections, which are waived) by July 24.

Defendants may argue that they should have had 30 days to respond to the preceding discovery requests under Rules 33, 34, and 36. As noted, however, the parties agreed they would serve discovery responses and objections within 14 days in view of the expedited discovery schedule. For the avoidance of doubt, *Defendants' counsel* e-mailed Figma on June 5 and confirmed the parties' agreement "to provide substantive responses within 14 days." Figma counsel responded by thanking Defendants' counsel "for committing to provide objections and responses within 14 days."[1]

The parties' course of conduct further confirms their agreement to 14-day discovery responses. After the June 5 email exchange, Defendants served Defendants' Second and Third Set of Interrogatories and specified responses within 14 days. Defendants also did not object to Figma's June 24, 2025 interrogatories, which specified a 14-day turnaround. Indeed, in all but one instance, the parties have responded to every set of discovery requests within 14 days. The lone exception was Defendants' response Figma's third RFPs, to which they responded in 17 days (not 14).

Sincerely,

*/s/ Richard S.J. Hung*

Richard S.J. Hung
Counsel for Figma, Inc.

cc: All counsel of record (*via ECF*)

---

[1] Per paragraph 19 of the Court's Standing Order for Discovery in Civil Cases, Figma has not attached the quoted emails, but can provide them upon request.