RICHARD S.J. HUNG (CA SBN 197425)
JOHN S. DOUGLASS (CA SBN 322801)
JONATHAN M. MORRIS (CA SBN 356152)
HOLLY M. PETERSEN (CA SBN 351588)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    (415) 268-7000
Facsimile:    (415) 268-7522
rhung@mofo.com; jdouglass@mofo.com
jonathanmorris@mofo.com; hollypetersen@mofo.com

BITA RAHEBI (CA SBN 209351)
BENJAMIN J. FOX (CA SBN 193374)
RYAN J. MALLOY (CA SBN 253512)
ROSE S. LEE (CA SBN 294658)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone:    (213) 892-5200
Facsimile:    (213) 892-5454
brahebi@mofo.com; rmalloy@mofo.com
bfox@mofo.com; roselee@mofo.com

*Attorneys for Plaintiff*
FIGMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD.,<br><br>    Defendants. | Case No. 3:24-cv-06507-JD<br><br>**FIGMA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato<br><br>Action Filed:  September 16, 2024<br>Trial Date:  August 18, 2025 |

1    Pursuant to Civil Local Rules 7-11 and 79-5, the Court's Standing Order for Civil Cases,

2    and the Stipulated Protective Order (Dkt. 51), Plaintiff Figma, Inc. ("Figma") moves to seal

3    portions of its *Daubert* Motion ("Motion") and Exhibits A and C to the Motion, as set forth in

4    **Table 1** of the accompanying Declaration of Jonathan M. Morris in Support of Figma's

5    Administrative Motion to File Under Seal ("Morris Decl.").

6    The information contained in these materials reflects Figma's highly confidential and

7    proprietary information relating to its source code, related technical information, and internal

8    financial data.  Disclosure of this non-public information would cause Figma competitive harm.

9    The Court has already granted prior Figma motions to seal both the same financial information

10   and highly similar source code-related information.  (Dkt Nos. 27 (financial information); 75

11   (granting Dkt. No. 27 on a preliminary basis); 81 (highly similar source code-related

12   information), 106 (granting Dkt. No. 81).)

13   **I.      LEGAL STANDARD**

14   Parties seeking to seal judicial records relating to motions that are "more than tangentially

15   related to the underlying cause of action" bear the burden of overcoming the presumption with

16   "compelling reasons" that outweigh the general history of access and the public policies favoring

17   disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016);

18   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Otherwise, the

19   less exacting "good cause" standard applies.  *See Ctr. for Auto Safety*, 809 F.3d at 1097.

20   Figma's Motion is non-dispositive and only addresses the admissibility of evidence at

21   trial.  Accordingly, documents submitted in connection with the Motion may be sealed upon a

22   showing of "good cause."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1222 (Fed. Cir.

23   2013); *see also Kamakana*, 447 F.3d at 1179.  While the Ninth Circuit has recognized limited

24   exceptions to this general rule—for example, applying the "compelling reasons" standard to a

25   *Daubert* motion that could be "effectively dispositive of a motion for summary judgment," *In re*

26   *Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.,* 686 F.3d 1115, 1119 (9th Cir. 2012)—

27   Figma is not aware of any Ninth Circuit decision applying the "compelling reasons" standard to

28   non-dispositive motions regarding the admissibility of evidence at trial.

In any case, sealing is justified under either standard because compelling reasons exist to seal "sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quotations omitted).

## II.    COMPELLING REASONS EXIST TO SEAL

### A.    Confidential Source Code Related Information and Technical Details

Figma seeks to seal highlighted portions of the excerpts of the Expert Report of Cory J. Plock ("Plock Report") and the Expert Rebuttal Report of Douglas N. Ellis ("Ellis Report") (Exhibits A and C, respectively) that contain information characterizing Figma's source code and its development that could harm Figma's competitive standing if disclosed. (*See* Morris Decl. ¶¶ 4, 5.) This includes information that reflects the same or similar type of underlying confidential information that Figma sought to seal in a prior motion (Dkt. No. 81), which this Court granted (Dkt. No. 106). (*Id*.)

Figma's source code and related technical details are confidential and proprietary to Figma, and Figma does not publicly disclose or describe this information. (Dkt. No. 81-2 (Lai Decl.) ¶ 4; *see also* Morris Decl. ¶ 5.) Public disclosure of this information would assist Figma's competitors to advance their own source code and related technical development of their products, thereby harming Figma's competitive standing in the UI design industry. (Lai Decl. ¶ 4; *see also* Morris Decl. ¶ 5.) It would also undermine Figma's competitive position by revealing details about internal functionality not otherwise available to the public or competitors. (Lai Decl. ¶ 4; *see also* Morris Decl. ¶ 5.) The confidentiality interests of Figma therefore outweigh the right of public access to the record, as a substantial probability exists that Figma's confidentiality interests will be prejudiced if the information is made public. (Lai Decl. ¶ 4; *see also* Morris Decl. ¶ 5.)

As courts in this district have recognized, confidential information related to technical specifications and source code meet the compelling reasons standard. *See, e.g., Network Appliance, Inc. v. Sun Microsystems Inc.*, No. 7-cv-6053, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (granting motion to seal portions of documents that contain confidential technical information and source code); *FTC v. DIRECTV, Inc.*, No. 15-cv-1129, 2017 WL 840379, at *2

1   (N.D. Cal. Mar. 3, 2017) ("Confidential source code clearly meets the definition of a trade secret

2   and therefore meets the compelling reasons standard") (quoting *Apple, Inc. v. Samsung Elecs.*

3   *Co.*, No. 11-cv-1846, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012)) (citations omitted);

4   *Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-cv-5236, 2013 WL 5770317, at *2 (N.D. Cal. Oct.

5   24, 2013) (granting motion to seal technical information that remains confidential).

6           The proposed sealing is narrowly tailored, and no less restrictive means exist to protect

7   Figma's overriding confidentiality interests.

8           **B.     Confidential Research and Development Financial Information**

9           Figma also seeks to seal highlighted portions of the Ellis Report that contain details of

10  Figma's research and development expenditures, which reflect its financial investments and

11  strategic priorities underlying Figma's platform.  (Morris Decl. ¶¶ 4, 6.)  This includes

12  information that reflects the same or similar type of underlying confidential information that

13  Figma sought to seal in a prior motion (Dkt. No. 27), which this Court granted on a preliminary

14  basis (Dkt. No. 75). (*Id.*)

15          Figma treats its financial records, including records of its research and development

16  expenditures, as proprietary and highly confidential.  (Dkt. No. 27-2 (Meneguzzi Decl.) ¶ 5.; *see*

17  *also* Morris Decl. ¶ 4.)  Figma has not publicly disclosed or described this information.

18  (Meneguzzi Decl. ¶ 5.; *see also* Morris Decl. ¶ 6.)  Public disclosure of this highly confidential

19  information would allow others to benchmark their expenditures against Figma's actual

20  investments in developing its platform.  (Meneguzzi Decl. ¶ 5.; *see also* Morris Decl. ¶ 6.)  The

21  confidentiality interests of Figma therefore outweigh the right of public access to the record, as a

22  substantial probability exists that Figma's confidentiality interests will be prejudiced if the

23  information is made public.  (Meneguzzi Decl. ¶ 5.; *see also* Morris Decl. ¶ 6.)

24          Sealing is also justified because courts in this district have previously granted motions to

25  file under seal confidential business and financial information, finding compelling reasons to

26  protect such information from disclosure due to the potential of competitive harm. *See, e.g.*, *Day*

27  *v. GEICO Cas. Co.*, No. 21-cv-2103, 2023 WL 6558404, at *2 (N.D. Cal. Sept. 21, 2023)

28  (granting sealing request for confidential business and financial information where disclosure

1   would allow competitors to "obtain a unilateral advantage by learning about GEICO's business

2   operations"); *see also Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-cv-159, 2014 WL

3   6901744, at *1 (N.D. Cal. Dec. 8, 2014) (granting motion to seal financial information under the

4   compelling reasons standard); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors*

5   *LLC*, No. 17-cv-3874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (same).

6          The proposed sealing is narrowly tailored, and no less restrictive means exist to protect

7   Figma's overriding confidentiality interests.

8   **III.    CONCLUSION**

9          Figma's request is "narrowly tailored to seek sealing only of sealable material" in

10  accordance with Civil Local Rule 79-5(b).  Accordingly, Figma requests that the Court grant its

11  Administrative Motion to Seal.

12  Dated: July 21, 2025                          MORRISON & FOERSTER LLP

13

14                                               By:  */s/ Richard S.J. Hung*
                                                     Richard S.J. Hung
15

16                                                   *Attorneys for Plaintiff*
                                                     FIGMA, INC.
17

18

19

20

21

22

23

24

25

26

27

28