RICHARD S.J. HUNG (CA SBN 197425)
JOHN S. DOUGLASS (CA SBN 322801)
JONATHAN M. MORRIS (CA SBN 356152)
HOLLY M. PETERSEN (CA SBN 351588)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522
rhung@mofo.com; jdouglass@mofo.com
jonathanmorris@mofo.com; hollypetersen@mofo.com

BITA RAHEBI (CA SBN 209351)
BENJAMIN J. FOX (CA SBN 193374)
RYAN J. MALLOY (CA SBN 253512)
ROSE S. LEE (CA SBN 294658)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017
Telephone:   (213) 892-5200
Facsimile:   (213) 892-5454
brahebi@mofo.com; rmalloy@mofo.com
bfox@mofo.com; roselee@mofo.com

*Attorneys for Plaintiff*
FIGMA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIGMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOTIFF PTE. LTD., YUANFUDAO HK LTD., and KANYUN HOLDINGS GROUP CO. LTD., <br><br> Defendants. | Case No. 3:24-cv-06507-JD <br><br> **PLAINTIFF FIGMA, INC.'S DAUBERT MOTION** <br><br> Date:  August 7, 2025 <br> Courtroom:  11, 19th Floor <br> Judge:  Hon. James Donato <br><br> Action Filed:  September 16, 2024 <br> Trial Date:  August 18, 2025 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that when the Honorable James Donato may hear the matter in Courtroom 11 of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Figma, Inc. ("Figma") will move to strike portions of Motiff Pte. Ltd. ("Motiff"), Yuanfudao HK Ltd. ("Yuanfudao"), and Kanyun Holdings Group Co. Ltd. ("Kanyun") (collectively, "Defendants")'s expert reports and exclude related testimony under Rule 702 of the Federal Rule of Evidence. Figma bases its motion on this Notice of Motion, its Memorandum of Points and Authorities, the attached exhibits, the record in this matter, and the parties' additional written or oral arguments to the Court.

**REQUESTED RELIEF**

Under Rule 702 of the Federal Rules of Evidence, Figma asks that the Court strike the following portions of Defendants' expert reports and exclude any related testimony:

1. Expert Report of Cory J. Plock, Ph.D.
    a. ███████████████████████████████████████;
    b. ███████████████████████████;
2. Expert Rebuttal Report of Douglas N. Ellis
    a. ███████████████████████████████████████████████████████████████.

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1
II.  STATEMENT OF FACTS .............................................................................................. 1
III. LEGAL STANDARD ...................................................................................................... 3
IV.  ARGUMENT ................................................................................................................... 4
     A.   ████████████████████████████████ ....................................................... 4
     B.   ████████████████████████████████████ ......................................... 5
V.   CONCLUSION ................................................................................................................ 7

**MEMORANDUM AND POINTS OF AUTHORITIES**

## I. INTRODUCTION

Figma received valid, duly issued copyright registrations for its software and Help Center documentation from the U.S. Copyright Office. (Compl. ¶¶ 15-16 (registration numbers).)

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████ The Court therefore should strike Dr. Plock's opinions in his report and related testimony concerning Figma's copyright registrations.

Defendants' damages expert, Douglas Ellis, also offers fundamentally flawed opinions to ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████ The Court thus should strike Mr. Ellis's opinions in his report and related testimony concerning reduction of avoided R&D expenditure.

## II. STATEMENT OF FACTS

Defendants served rebuttal expert reports on July 8, 2025. Defendants' technical expert, Dr. Plock, opined that ████████████████████████████████████████████████

████████████████████████████████████████████████████. (*E.g.*, Ex. A (Expert Report of Cory J. Plock, Ph.D. (excerpts) ¶¶ 32-33.) ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

1

2

3

4  ██████ (Ex. B (July 10, 2025 Deposition of Dr. Cory Plock Tr. (excerpts)) 108:20-109:2.)

5

6

7  ██████ (Ex. C (Rebuttal Report of Ellis (excerpts)) ¶ 64.) ██

8  ██████ (Ex. C ¶¶ 66-67.) ██

9

10

11  ██████ (Ex. C ¶ 65.)

12

13

14  ██████ (Ex. A ¶¶ 100-101.)  That interrogatory asked that Figma "identify the specific code . . . that performs or results in the occurrence of [each] Asserted Feature."  (Ex. D (Defendants' First Set of Interrogatories to Plaintiff Figma, Inc. (Nos. 1-6) (excerpts)) at 3.)  When propounding this interrogatory, Defendants narrowly defined "Asserted Feature" as those "set forth in Figma's Complaint or [PI] motion."[1] (*Id.* at 1.)

Accordingly, when answering Defendants' interrogatory, Figma limited its response to the Asserted Features in its Complaint and preliminary injunction motion.  Figma also incorporated additional code into its response by reference.  This included dependencies (*i.e.,* the code that the specific identified code uses) and dependents (*i.e.,* the code that uses the specific identified code). (Ex. E (Figma, Inc.'s Resps. and Objs. to Defs.' 1st Set of Interrogs. (Nos. 1-7) (excerpts) at 5.)

██████ (Ex. B 95:3-10.)

██████ (Ex. B 126:12-127:4.) ██████

---

[1] Figma's Complaint and PI motion, which were both filed before the benefit of discovery, explained that the set of asserted features evidence an "inescapable conclusion" that Defendants engaged in widespread copying and reverse engineering.



(Id.)

(Ex. B 90:22-91:6.)

(Ex. B 11:24-12:6.)

(Ex. C ¶ 65.)

### III. LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence allows the admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "help the trier of fact to understand the Argument evidence or to determine a fact in issue." Following the Supreme Court's ruling in *Daubert v. Merrell Dow Pharms., Inc.* that expert testimony must be both relevant and reliable to reach the jury, *see* 509 U.S. 579, 589 (1993), Rule 702 was amended to provide that expert testimony is admissible only if "(b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of expert

1  testimony has the burden of proving admissibility in accordance with Rule 702. Fed. R. Evid.
2  702, Advisory Committee Notes (2000 amendments).
3    "Under *Daubert*, the district judge is 'a gatekeeper, not a fact finder.'" *Primiano v. Cook*,
4  598 F.3d 558, 564-65 (9th Cir. 2010). "[T]he trial court must assure that the expert testimony
5  'both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* at 564 (quoting
6  *Daubert*, 509 U.S. at 597). "After an expert establishes admissibility to the judge's satisfaction,
7  challenges that go to the weight of the evidence are within the province of a fact finder, not a trial
8  court judge." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014).

9  **IV. ARGUMENT**
10   **A. Publication & Figma's Copyright Registrations**
11   "[T]he Copyright Act provides a safe harbor" for (alleged) inaccurate information in a
12 registration certificate. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181
13 (2022). A certificate of registration is valid even if it contains "any inaccurate information,
14 unless" the copyright applicant included the information "with knowledge that it was inaccurate"
15 and "the inaccuracy of the information, if known, would have caused the Register of Copyrights
16 to refuse registration." *Id*. (quoting 17 U.S.C. § 411(b)(1)). Despite this high legal hurdle,
17 Defendants intend to argue at trial Figma's software registrations are invalid based on prior
18 publication—even though the Copyright Office confirmed in writing that the existing
19 registrations cover all previous software iterations. Defendants similarly intend to argue that
20 Figma's Help Center documentation was released or published in a year other than as-stated on
21 the registration certificates.
22   Defendants' intended challenges to the copyright registrations, which rely on Dr. Plock's
23 opinions about ████████████████████████, do not present a jury issue. And even
24 if otherwise, "publication" has a specific definition under 17 U.S.C. § 101: "the distribution of
25 copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental,
26 lease, or lending." ████████████████████████████████████
27 ██████████████████████████████████████ (Ex. B 108:22-24█
28 ████████████████████████████████████████████

1  ).)
2  ▮
3  ▮
4  ▮
5  ▮. The Court should exclude ▮ of Dr.
6  Plock's report pertaining to ▮
7  ▮.
8  **B.** ▮
9  ▮
10 ▮
11 ▮
12 ▮
13 ▮ (Ex. C ¶¶ 66-67; Ex. A ¶¶ 100-101; Ex. D at 3.)
14 The Court should exclude Mr. Ellis's opinions for several reasons.
15 ▮
16 ▮. (Ex. B 126:12-127:4.) ▮
17 ▮
18 ▮
19 ▮ (Ex. C ¶ 65.) ▮
20 ▮
21 ▮
22 ▮
23 (Ex. B 11:24-12:6.) ▮
24 ▮
25 ▮
26 ▮
27 ▮
28 (Ex. B 90:22-91:6.)

1    Although "experts are 'permitted to rely on hearsay evidence in coming to their
2 conclusions, so long as an expert in the field would reasonably rely on that information[,]'"
3 ██████████████████████████████████████████████████████████████████████████
4 ████████████████████████████████████ *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-72, 2020
5 WL 13180005, at *12 (N.D. Cal. Apr. 21, 2020) (quoting *Interwoven, Inc. v. Vertical Computer
6 Sys.*, No. 10-cv-4645, 2013 WL 3786633, at *7 (N.D. Cal. July 18, 2013)). ████████████
7 ████████████████████████████████████████ Defendants cannot meet their "burden of
8 proving admissibility in accordance with Rule 702." Fed. R. Evid. 702, Advisory Committee
9 Notes (2000 amendments). The Court should exclude his opinions, found in ████████
10 ████████████████████████████, for this reason alone.
11    Further, ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████████████████████
15 ███████████████████████████████████████████████ (Ex. D at 3.) ██████
16 ████████████████████████████████████████████████████████████████████
17 █████████████████████████████████████████████████████████████ (Ex. E at 5;
18 Ex. B 95:3-10.)
19    Finally, this entire analysis is flawed because ████████████████████████
20 ████████████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████ Figma's allegations also include Defendants' (i)
22 copying its user interface and user experience (*i.e.*, the output of its code, not the underlying code
23 itself), and (ii) widespread reverse engineering, which breached their contract with Figma. But
24 Defendants' interrogatory ████████████████████████ captured neither of those things.
25    Accordingly, even if Mr. Ellis's methodology were reliable (it is not), Defendants have
26 not met their "burden of proving admissibility in accordance with Rule 702." Fed. R. Evid. 702,
27 Advisory Committee Notes (2000 amendments). The Court should exclude Dr. Plock's ████
28 ████████████████████████████████████. For the same reason, the Court should exclude Mr.

Ellis's opinions at ███████████████████████████████████████

███████████████████████.

### V.     CONCLUSION

███████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

    Figma therefore asks the Court to strike the related portions of Dr. Plock and Mr. Ellis's reports and bar them from offering related testimony.  The portions from their reports are:

- **Plock:** ██████████████████████████████████████████████████████ ████████████████████████████████████████;
- **Ellis:** ████████████████████████████████████████████████████████ ██████████████████████████████████████.

Dated:  July 21, 2025					MORRISON & FOERSTER LLP

							By: */s/ Richard S.J. Hung*
							    Richard S.J. Hung

							*Attorneys for Plaintiff*
							FIGMA, INC.